IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAHEAL PARRISH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> A. SOLIS, et al., ) <br> ) <br> Defendants. ) <br> ) | No. C 11-1438 LHK (PR) <br><br> ORDER OF SERVICE; <br> DIRECTING DEFENDANTS TO <br> FILE DISPOSITIVE MOTION <br> OR NOTICE REGARDING <br> SUCH MOTION |

Plaintiff, currently incarcerated at Salinas Valley State Prison ("SVSP"), proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis is granted in a separate order. For the reasons stated below, the Court orders service on the Defendants.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*

1  *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

2  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
3  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
4  the alleged violation was committed by a person acting under the color of state law. *See West v.*
5  *Atkins*, 487 U.S. 42, 48 (1988).

6  B.      Plaintiff's Claims

7  Plaintiff alleges that there is a prison guard gang by the name of the "Green Wall" gang.
8  He asserts that this gang has been investigated by the Office of the Inspector General and it still
9  exists.[1] In May 2010, R. Mauchula told Plaintiff that the next time he was charged with indecent
10  exposure, Plaintiff would "feel the green wall." On June 11, 2010, Plaintiff was charged with
11  indecent exposure. Powell threatened Plaintiff. Plaintiff was scared, felt suicidal, and requested
12  crisis care. In response to the report indicating that Plaintiff was suicidal, Powell returned to
13  Plaintiff's cell with R. Mauchula, and placed Plaintiff in handcuffs. Plaintiff then describes a
14  series of events in which Powell, R. Mauchula, A. Mauchula, and Sanudo assaulted and beat
15  him. Plaintiff alleges that Defendants then acted to cover up the assault and beatings. From
16  June through August 17, 2010, Plaintiff remained in crisis care on suicide watch. Liberally
17  construed, Plaintiff states cognizable claims of violations of the Eighth Amendment.

18  To the extent Plaintiff claims that Defendant destroyed his property, such an allegation
19  does not state a cognizable federal claim for relief. Neither the negligent nor intentional
20  deprivation of property states a due process claim under Section 1983 if the deprivation was
21  random and unauthorized. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (discussing the
22  intentional destruction of inmate's property). The availability of an adequate state post-
23  deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient
24  procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (where state cannot
25  foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for

---

28  [1] Plaintiff's request for judicial notice of a newspaper article (Complaint, Ex. 1) is GRANTED to the extent that the article states the Green Wall gang was being investigated, and it is believed that the Green Wall gang presently exists. *See* Fed. R. Evid. 201(b).

...

...

...

1  post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due
2  process).  California law provides such an adequate post-deprivation remedy.  *See Barnett v.*
3  *Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

## CONCLUSION

5  For the foregoing reasons, the court hereby orders as follows:

6  1. The Clerk shall issue a summons, and the United States Marshal shall serve,
7  without prepayment of fees, copies of the complaint in this matter (docket no. 1), all attachments
8  thereto, and copies of this Order on **Warden A. Solis**, **Associate Warden B. Hedrick, Facility**
9  **Captain W. Muniz, Correctional Lieutenant K. Salazar, Correctional Sergeant R.**
10 **Mauchula, Correctional Officer B. Powell, Correctional Officer A. Mauchula, and**
11 **Correctional Officer J. Sanudo** at **SVSP.**  The Clerk shall also serve a copy of this Order on
12 Plaintiff and mail a courtesy copy of the complaint to the California Attorney General's Office.

13 2. No later than **ninety (90) days** from the date of this order, Defendants shall file a
14 motion for summary judgment or other dispositive motion with respect to the cognizable claims
15 in the complaint.

16 a. If Defendants elect to file a motion to dismiss on the grounds that Plaintiff
17 failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
18 Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315
19 F.3d 1108, 1119-20 (9th Cir. 2003).

20 b. Any motion for summary judgment shall be supported by adequate factual
21 documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil
22 Procedure.  **Defendants are advised that summary judgment cannot be granted, nor**
23 **qualified immunity found, if material facts are in dispute.  If Defendants are of the opinion**
24 **that this case cannot be resolved by summary judgment, they shall so inform the Court**
25 **prior to the date the summary judgment motion is due.**

26 3. Plaintiff's opposition to the dispositive motion shall be filed with the Court and
27 served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

28 a. In the event Defendants file an unenumerated motion to dismiss under

Rule 12(b), Plaintiff is hereby cautioned as follows:[2]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

b.   In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff

---

[2] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Wyatt v. Terhune*, 315 F.3d at 1120 n.14.

1 without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v.
2 Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

3     4.    Defendants <u>shall</u> file a reply brief no later than **fifteen (15) days** after Plaintiff's
4 opposition is filed.

5     5.    The motion shall be deemed submitted as of the date the reply brief is due.  No
6 hearing will be held on the motion unless the Court so orders at a later date.

7     6.    All communications by the Plaintiff with the Court must be served on Defendants,
8 or Defendants' counsel once counsel has been designated, by mailing a true copy of the
9 document to Defendants or Defendants' counsel.

10     7.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
11 No further Court order is required before the parties may conduct discovery.

12     For Plaintiff's information, the proper manner of promulgating discovery is to send
13 demands for documents or interrogatories (for example, questions asking for specific, factual
14 responses) directly to Defendants' counsel. *See* Fed. R. Civ. P. 33-34.  The scope of discovery is
15 limited to matters "relevant to the claim or defense of any party . . ." *See* Fed. R. Civ. P.
16 26(b)(1).  Discovery may be further limited by court order if "(i) the discovery sought is
17 unreasonably cumulative or duplicative, or is obtainable from some other source that is more
18 convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample
19 opportunity by discovery in the action to obtain the information sought; or (iii) the burden or
20 expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2).  <u>In
21 order to comply with the requirements of Rule 26, before deciding to promulgate discovery
22 Plaintiff may find it to his benefit to wait until Defendants have filed a dispositive motion which
23 could include some or all of the discovery Plaintiff might seek.</u>  In addition, no motion to compel
24 will be considered by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and
25 N.D. Cal. Local Rule 37-1 has been satisfied.  Because Plaintiff is detained, he is not required to
26 meet and confer with Defendants in person.  Rather, if his discovery requests are denied and he
27 intends to seek a motion to compel, he must send a letter to Defendants to that effect, offering
28 them one last opportunity to provide him with the sought-after information.

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.LHK\CR.11\Parrish438srv.wpd     5

1        8.      It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:   5/23/11

*Lucy H. Koh*

LUCY H. KOH
United States District Judge