KAMALA D. HARRIS
Attorney General of California
MICHAEL W. JORGENSON
Supervising Deputy Attorney General
BRENDAN M. KENNY
Deputy Attorney General
State Bar No. 237969
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-5744
 Fax: (415) 703-5480
 E-mail: Brendan.Kenny@doj.ca.gov
*Attorneys for Defendants Hedrick, Salazar, Sanudo,
Powell, Machuca, Muniz, Machuca, and Solis*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **KAHEAL PARRISH,**<br><br>Plaintiff,<br><br>v.<br><br>**A. SOLIS, et al.,**<br><br>Defendants. | C 11-1438 LHK (PR)<br><br>**DEFENDANTS' REPLY REGARDING SUMMARY-JUDGMENT MOTION**<br><br>[No hearing per May 23, 2011 order of service] |

## INTRODUCTION

Plaintiff Kaheal Parrish offers no evidence in opposition to Defendants' summary-judgment motion. Instead, he requests that the Court postpone ruling on Defendants' motion until he can conduct discovery. He seeks Defendants' personnel files and inmates' complaints, declarations, and grievances. Because Defendants argued in their motion that they are entitled to qualified immunity, this Court should decide this threshold issue before subjecting Defendants to Parrish's demands.

And even if Defendants' invocation of qualified immunity does not bar discovery, Parrish has not shown good cause for it. Parrish has not conducted any discovery in the eleven months

1

Defs.' Reply Re Mot. Summ. J. (C 11-1438 LHK)

since this case was filed, although this Court instructed him that he could. If he obtains the evidence he seeks, it will not create a material issue of fact because it is inadmissible character evidence and hearsay. And Parrish fails to identify specifically what he seeks and how long it will take him to obtain it.

Because Parrish has not created a triable issue of material fact in opposition to Defendants' summary-judgment, and because he has not shown good cause to postpone ruling on the motion, this Court should grant Defendants' motion.

## ARGUMENT

### I. BECAUSE PARRISH HAS NOT PROVIDED ANY EVIDENCE IN OPPOSITION TO DEFENDANTS' SUMMARY-JUDGMENT MOTION, THIS COURT SHOULD GRANT THE MOTION.

Parrish requests that this Court deny Defendants' summary-judgment motion. But he presents no evidence in opposition to the motion.

In its screening of Parrish's complaint, this Court gave Parrish the notice required by *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc), which advises a pro see litigant that he must provide specific facts, including facts contained in discovery responses and sworn testimony, to oppose a summary-judgment motion. (Order of Service, dated May 23, 2011, at 4:1–5:2.)

Defendants proved in their summary-judgment motion that Defendants Machuca, Powell, and Sanudo acted reasonably by using the least-possible force to remove Parrish from his cell and protect him from himself. (Defs.' Mot. Summ. J. 2:23–11:26.) And Defendants proved that Defendants Salazar, Muniz, Hedrick and Solis were not involved in Parrish's removal from his cell and were not responsible for approving Salinas Valley's regulations. (*Id.*) Parrish has provided no facts to dispute this.

Because Defendants have established that they are entitled to judgment as a matter of law, and Parrish has not provided any contrary evidence, this Court should grant the motion.

///

///

///

///

2

Defs.' Reply Re Mot. Summ. J. (C 11-1438 LHK)

## II. THIS COURT SHOULD STAY DISCOVERY PENDING RULING ON DEFENDANTS' SUMMARY-JUDGMENT MOTION.

For the first time, Parrish seeks to conduct discovery to oppose Defendants' summary-judgment motion. But this Court should first determine whether Defendants are entitled to qualified immunity before authorizing Parrish's eleventh-hour request.

A district court should stay discovery until the threshold question of qualified immunity is settled. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In *Anderson*, the Court reiterated that "[o]ne of the purposes of the *Harlow* qualified immunity standard is to protect public officials from the broad-ranging discovery that can be peculiarly disruptive of effective government." *Anderson*, 483 U.S. at 646 (internal quotation marks omitted).

Defendants argue in their summary-judgment motion that even if Defendants used excessive force, they are entitled to qualified immunity because reasonable prison officials would not have believed that they violated a clearly established constitutional right. Allowing Parrish to engage in discovery at this time would defeat the basis for qualified immunity by subjecting Defendants to premature broad-ranging discovery. A discovery stay would allow the Court to rule on qualified immunity before Defendants respond to discovery, including discovery motions. Because the issue of qualified immunity requires a stay of discovery, this Court should deny Parrish's request to postpone ruling on Defendants' summary-judgment motion.

## III. EVEN IF PARRISH IS NOT BARRED FROM CONDUCTING DISCOVERY, HIS DISCOVERY REQUEST IS TOO LATE.

If the party opposing summary judgment presents a declaration showing that it cannot present facts justifying its opposition, the court may deny a summary-judgment motion or defer ruling on it. Fed. R. Civ. P. 56(d). To justify denial or postponement, the opposing party's declaration must show: (1) a likelihood that evidence creating a triable issue of material fact exists; (2) specifically why evidence was not obtained or discovered earlier; (3) the steps the opposing party proposes to obtain the necessary evidence within a reasonable time; and (4) how

3

Defs.' Reply Re Mot. Summ. J. (C 11-1438 LHK)

the evidence is enough to defeat summary judgment. *Tatum v. S.F.*, 441 F.3d 1090, 1101 (9th Cir. 2006).

### A. Parrish Has Not Shown That the Evidence he Seeks Will Create a Triable Issue of Material Fact.

Parrish seeks Defendants' personnel files, and inmates' complaints, grievances, and declarations. But he provides no specific reasons why these are necessary, as Rule 56(d) requires.

The opposing party must state how he reasonably expects that the evidence will create a triable issue. *Moss v. United States Secret Serv.*, 572 F.3d 962, 966 n.3 (9th Cir. 2009). Parrish merely states in his declaration that he needs discovery to prove that Defendants Machuca, Powell, and Sanudo used excessive force against him, that Defendant Salazar covers up constitutional violations, and that Defendants Solis, Hedrick and Muniz ignore cover-ups. (Decl. Parrish Supp. Opp. Defs.' Mot. Summ. J. (Decl. Parrish) ¶¶ 3–5.) Because Parrish failed to specifically declare how this requested discovery will allow him to create a triable issue of material fact, this Court must deny his Rule 56(d) request.

And even if this Court considers the unsworn statements in Parrish's memorandum in support of his Rule 56(d) request, these statements did not specifically show how the evidence would create a triable issue of material fact, and the evidence itself is hearsay and inadmissible character evidence.

Hearsay is any statement by an out-of-court witness offered to prove the truthfulness of the statement. Fed. R. Civ. P. 801(c). Evidence of a person's character is not admissible to prove that on a particular occasion the person acted in accordance with his character. Fed. R. Evid. 404(a)(1). And evidence of a person's wrongdoing is not admissible to prove that the person committed similar wrongdoing on another occasion. Fed. R. Evid. 404(b)(1).

In his memorandum, Parrish seeks Defendants' personnel records and fellow inmates' declarations, citizens' complaints, and administrative grievances, which he alleges will show that Defendants used excessive force against Parrish. (Pl.'s Opp. Defs.' Mot. Summ. J. (Pl.'s Opp.) 4–11.) Parrish evidently believes that statements in these documents will corroborate his

4

1  statements in this case. Even if this were true, the statements are inadmissible hearsay. *See* Fed.
2  R. Evid. 801.
3        And even if the statements allegedly contained in these documents were not inadmissible
4  hearsay, Parrish is barred from using the documents to show that Defendants used excessive
5  against him because they used excessive force against other inmates. *See* Fed. R. Evid. 404.
6        Because Parrish provides no sworn testimony showing that he needs the discovery, and the
7  his non-sworn statements show that the evidence he seeks would be inadmissible, this Court
8  should deny Parrish's request and grant Defendants' summary-judgment motion.

9        **B.    Parrish Never Tried to Obtain the Documents He Now Seeks.**
10       Parrish argues that he was unable to obtain inmate declarations "because of prison
11 security," (Decl. Parrish ¶ 2) and unable to conduct discovery because "the court has not yet set a
12 discovery schedule" (Pl.'s Opp. 3:21–27). But all prisoners are subject to prison security, and this
13 Court expressly informed Parrish that he could conduct discovery nearly ten months ago.
14       The party opposing summary judgment and seeking to postpone the court's ruling on the
15 motion must show specifically why evidence was not obtained or discovered earlier. *Tatum.*, 441
16 F.3d at 1101. Parrish provides no reason why prison security has prevented him from obtaining
17 the inmates' declarations. (*See* Decl. Parrish ¶ 2.) He faults this Court for not authorizing
18 discovery (Pl.'s Opp. 3:21–24), but this Court's screening order stated that Parrish could conduct
19 discovery. (Order of Service, dated May 23, 2011, at 5:10–11 ("Discovery may be conducted in
20 accordance with the Federal Rules of Civil Procedure. No further court order is required before
21 the parties may conduct discovery").) And although this case was filed in March 2011, Parrish
22 has not yet conducted any discovery. (Decl. Kenny Supp. Reply Re Mot. Summ. J. (Decl. Kenny)
23 ¶ 2.)
24       Because Parrish has not shown good cause to deny or postpone ruling on Defendants'
25 summary-judgment motion, this Court should grant the motion.

26       **C.    Parrish Provides No Plan for Completing Discovery.**
27       Parrish seeks additional time to conduct discovery, but he provides no plan for conducting
28 it.

5

Defs.' Reply Re Mot. Summ. J.  (C 11-1438 LHK)

1        The party opposing summary judgment and seeking to postpone the court's ruling on the motion must identify how the party will obtain the necessary evidence within a reasonable time. *Tatum*, 441 F.3d at 1101. To date, Parrish has not conducted any discovery. (Decl. Kenny ¶ 2.) Parrish provides no estimate of what he must do to obtain the inmates' declarations he seeks, or how long it will take to get the declarations. He provides no estimate of how many documents he seeks related to Defendants' personnel files, and inmates' complaints and grievances.

       Because Parrish has not justified his failure to conduct discovery, and because he provides no estimation of how much discovery he seeks and how long it will take, this Court should grant Defendants' summary-judgment motion.

### D. Parrish Has Made No Showing That The Requested Discovery Will Defeat Defendants' Summary-Judgment Motion.

       Parrish argues that he needs Defendants' personnel files, and inmates' declarations, complaints, and grievances to oppose Defendants' motion. But the evidence that Parrish seeks will not create a triable issue of material fact.

       The party opposing summary judgment and seeking to postpone the court's ruling on the motion must identify how the evidence will defeat summary judgment. *Tatum*, 441 F.3d at 1101. As Defendants addressed in greater detail in I.A., because the evidence Parrish seeks is inadmissible character evidence and hearsay, it can not create a triable issue of material fact. Because the evidence that Parrish seeks will not create a triable issue of material fact, this Court should deny Parrish's request for a postponement and grant Defendants' summary-judgment motion.

## CONCLUSION

       Parrish has failed to create a triable issue of material fact in opposition to Defendants' summary-judgment motion, or to show good cause to postpone ruling on the motion. This Court should address the threshold issue of qualified immunity before authorizing the far-reaching discovery he seeks. And even if Defendants' invocation of qualified immunity did not stay discovery, Parrish's time to conduct discovery has ended. Parrish has had since March 2011 to conduct the discovery he now seeks. He has not done so. This Court gave him every opportunity

6

Defs.' Reply Re Mot. Summ. J. (C 11-1438 LHK)

to do so, including advising him that he could in its screening order. Even if Parrish obtained the discovery, it would amount to inadmissible hearsay and character evidence, which would not create a triable issue of material fact. Because Parrish's eleventh-hour discovery request is insufficient to defeat or postpone summary judgment, this Court should grant the motion.

Dated: February 28, 2012

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
MICHAEL W. JORGENSON
Supervising Deputy Attorney General

/s/ Brendan M. Kenny

BRENDAN M. KENNY
Deputy Attorney General
*Attorneys for Defendants Hedrick, Salazar, Sanudo, Powell, Machuca, Muniz, Machuca, and Solis*

SF2011201829
40537346.doc

7

Defs.' Reply Re Mot. Summ. J.  (C 11-1438 LHK)

# CERTIFICATE OF SERVICE

Case Name:  **K. Parrish v. A. Solis, et al.**          No.  **C 11-1438 LHK**

I hereby certify that on **February 28, 2012**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' REPLY REGARDING SUMMARY-JUDGMENT MOTION**

**DECLARATION OF BRENDAN KENNY IN SUPPORT OF DEFENDANTS' REPLY REGARDING SUMMARY-JUDGMENT MOTION**

**[PROPOSED] ORDER GRANTING DEFENDANTS' SUMMARY-JUDGMENT MOTION**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On **February 28, 2012**, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Kaheal Parrish (F-15901)
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA  93960-1050
In Pro Se

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **February 28, 2012**, at San Francisco, California.

|  M. Luna  |  /s/ M. Luna  |
| :---: | :---: |
| Declarant | Signature |

40538246.doc