Kaheal Parrish
Salinas Valley State Prison
P.O. Box 1050
Soledad, California 93960
In pro se:

**Filed**

MAR 27 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

United States District Court
Northern District of California

Kaheal Parrish,
   Plaintiff,

v.

A. Solis, Et Al.,
   Defendants.

Case No. C 11-1438-LHK (PR)

Honorable Lucy H. Koh

Motion and Request To Deny Defendants' Motion For Summary Judgement As A Matter of Law; or In The Alternative; Stay of Summary Judgement Proceedings Pending Discovery; Memorandum of Points and Authorities and Declaration of Kaheal Parrish In Support Thereof

To The Honorable Lucy H. Koh, United States District Judge, and To The Defendants':

Pursuant to Rule 56(f) of the Federal Rules of Civil Procedure (Fed. R. Civ. Proc.), Plaintiff Kaheal Parrish hereby move the Court to deny deny Defendants' motion for Summary Judgement, without prejudice, as a matter of law, or in the alternative, stay Defendants' Summary Judgement motion untill completion of Discovery in this matter.

1.

Plaintiff's request will be based on this notice, memorandum of points and authorities, Declaration of Kaheal Parrish, and all the papers and records on file in this matter as follows:

## Memorandum of Points and Authorities

### I. Introduction

Following the Court's May 23, 2011, order for service of summons and complaint on the Defendants,' about December 5, 2011, Defendants' moved for immediate summary judgement based on grounds which Plaintiff contend are erroneous and without merit.

### II. Defendants' Motion for Summary Judgement is Premature and must be Denied as a matter of Law

In Jones v. Blanas, 393 F.3d 918 (9th Cir. 2004), the Ninth Circuit held that summary judgement was improperly granted on a Plaintiff's strip search claim without allowing discovery concerning Defendants' search policies. In a long line of cases Court's have held that a district court should not grant summary judgement against a party who has not had an opportunity to pursue discovery or whose discovery requests have

2.

not been answered. Ingle v. Yelton, 439 F.3d 191, 196 (4th Cir. 2006)(denial of Rule 56(f) motion is "particularly inappropriate when.... the materials sought are the object of outstanding discovery'"(citations omitted))); Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1219 (11th Cir. 2000)(summary judgement is generally inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests); LA County v. Loughlin, 173 F.3d 68, 71-72 (2nd Cir. 1998); Salahuddin v. Loughlin, 993 F.2d 306, 309-10 (2nd Cir. 1993); Klingele v. Eikenberry, 849 F.2d 405, 412-13 (9th Cir. 1988); Numan v. Brugado, 374 F. Supp. 2d 893, 900-01 (D. Haw. 2005);(where plaintiff had no evidence to support his municipal liability claim, but had made a discovery request for the defendant officers' disciplinary and complaint records, court denied summary judgement pending compliance with the discovery requests).

Here, plaintiff has not been allowed to conduct discovery because the court has not set a discovery schedule due to defendants' premature summary judgement motion. Thus, as matter of law, plaintiff urges the court to grant the instant request in the interest of justice.

3.

## III. Critical Facts To Be Uncovered Which Are Essential To Plaintiff's Opposition To Defendants' Motion For Summary Judgement

In accordance with Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1991), and Dulany v. Carnahan, 132 F.3d 1234, 1238 (8th Cir. 1997), Plaintiff hereby demonstrate needed facts to be discovered in order to oppose Defendants' motion for Summary Judgement, as such facts are relevant and critical because they relate to the subject matter of this lawsuit which includes the claim and defense to parties in this action.

Plaintiff allege that Defendant's Solis, Hedrick, and Muniz ratify insidious and deficient policies which authorize and permit subordinates, including Defendant's Salazar, F. Mauchula, Powell, A. Mauchula, and Sanudo to carry on a practice and tradition of green wall prison guard gang activity which is the moving force behind the constitutional violations being challenged by this lawsuit.

Evidence of disciplinary and complaint records are thus, critical in establishing supervisory liability, as such can only be discovered by discovery requests. (See Declaration of Kaheal Parrish).

4.

Additionally, Plaintiff seek to uncover inmate, staff, and citizen's complaints which would show that defendant subordinates engaged in a pattern of violations of California Penal Code sections 2650 through 2652, specifically against Plaintiff, and various other inmate participants in the Mental Health Services Delivery System (MHSDS), confined to Administrative Segregation (Ad-Seg), and that supervisory defendant's knew of yet disregarded these practices.

There is also evidence that Defendant R. Machuca is infamous for threatening and intimidation of other MHSDS inmates, as well as authorizing Defendant Powell to impose excessive force on other MHSDS inmates who report feelings of, or acts, of suicidal trend.

Specifically, MHSDS inmate Valentine # K-90476, is said to have experience suicidal trend, and after being secured in handcuffs and removed from cell quarters by Defendant Powell, inmate Valentine initiated a grievance at log # SVSP-L-10-02951, alleging that Defendant Powell forcefully slammed his face into a shower wall while in the presence of Defendant Muniz however, an infamous code of silence has thwarted exposure of this

5.

event, including MHSDS inmate Valentine claim of Defendant Powell maliciously destroying his personal property consistent with habits and practices of green wall prison guard gang members. (See Declaration of Kaheal Parrish).

Plaintiff allege being subjected to threats and intimidation by Defendant R. Machula prior to the claim of excessive force while Defendant R. Machula has submitted a declaration denying such acts however, upon information and belief, MHSDS inmate Donte # V-36182, allege that after being identified as a witness to misconduct imposed by one of Defendant Machula's subordinates, Defendant summoned inmate Donte to his office and authorized various subordinates to impose intimidation thereby surrounding inmate Donte with an aggressive tenor while Defendant R. Machula ominously demanded inmate Donte to change his statement. Subsequently, inmate Donte television was vandalized during Defendant Machula's watch, consistent with green wall prison guard gang activity. (See Declaration of Kaheal Parrish).

Defendant R. Machula has also denied hearing racial slurs directed towards Plaintiff

during the time excessive force was imposed. MHSDS inmate Williams #V-34095, allege he was referred to as an "ignorant nigger" by a correctional Lieutenant while in the immediate presence of defendant R. Machula, and filed a grievance to such fact at log # SVSP-L-11-00887 however, as with Plaintiff, defendant R. Machula purported not to have heard any such racial slurs in a manner consistent with the infamous code of silence. (See Declaration of Kaheal Parrish).

Evidence of similar or prior acts as those alleged in Plaintiff's verified complaint are admissable under Federal Rules of Evidence 501, and therefore, should be allowed through discovery requests. Furthermore, because of the strenuous security system within the prison recognized by La Batt v. Twomey, 513 F.2d 641, 650 (7th Cir. 1975), Plaintiff has been unable to obtain necessary declarations from all the beforementioned MHSDS inmates. (See Declaration of Kaheal Parrish).

Plaintiff too allege that supervisory defendant's named in this action permit defendant Salazar to conduct counterfeit investigations, specifically to conceal defendant's Solis, Hedrick, and Muniz deficient policies challenged by this

7.

lawsuit by pursuing allegations of constitutional violations made by MHSDS inmates, including Plaintiff, in a manner intended to avoid finding wrongdoing on the part of prison officials as found by Madrid v. Gomez, (N.D. Cal. 1995), 889 F. Supp. 1146, as this practice is the moving force behind the constitutional violations raised in this lawsuit. Because it is well established by Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) that prisoners have no constitutional right to an effective grievance system, Plaintiff does not make a claim against defendant's, or Defendant Salazar based on improper handling of grievance review however, Plaintiff does seek to identify a pattern and practice of state law violation which serves to protect and conceal supervisory defendant's insidious policies challenge in this action, for despite the well established law and fact that California Code of Regulations (CCR. Title 15) Section 3320(h), explicitly states in part that "Staff who observed, reported, classified, supplied supplemental reports to, or investigated the alleged rules violation, or for any other reason have a predetermined belief of the inmates guilt or innocence shall not hear the charges or be present during

8.

deliberations to determine guilt or innocence and disposition of the charges," Defendant Salazar has been permitted to defy this regulation continuously in order to protect and preserve supervisory defendant's deficient policies challenged by this lawsuit.

Defendant Salazar submitted a declaration admitting his approval of events giving rise to this action on the same day of incident, therefore on about October 7, 2010, when defendant "investigated" plaintiff's grievance on this same issue, a predetermined belief had already formed because as Defendant Salazar already stated in his declaration, "prison officials acted appropriately," and because CCR.Title 15 § 3084.5(e) prohibits appeal issues from being reviewed by "a staff person who participated in the event or decision being appealed," Defendant Salazar's "investigation" is barred by the doctrine of unclean hands requiring appropriate investigation recognized by Valandingham v. Bojorquez, 866 F.2d 1135 (L.A.9 Ariz.1989) by discovery requests.

MHSDS inmate D.Gregory # L-89228, also alleges that on the day following being subjected to excessive force, Defendant Salazar

investigated thereby video interview, then thereafter was allowed to hear the charges made by prison officials specifically to avoid finding wrong doings as decided by Madrid v. Gomez, supra. Discovery is required to develop the record further on this issue as well because evidence of similar or prior acts as alleged in plaintiff's verified complaint are admissible under Federal Rules of Evidence 501.

Lastly, Defendant E. Machuca has declared under penalty of perjury in his declaration filed with the court and based a defense on the genuine fear for plaintiff's safety as means for emergency entry of plaintiff's cell contrary to the use of force and cell extraction policies offered by Defendant Muniz however, this assertion is contradicted by Defendant Powell Rules Violation Report (RVR) charging plaintiff with "obstructing a peace officer in performance of duties" because under state law, it is well established that MHSDS inmates cannot be subjected to discipline for suicidal acts and behavior unless it is determined that the suicidal act or behavior was done for manipulative purposes. Defendants' cannot be

10.

allowed to discipline plaintiff for suicidal act and behavior within the prison in a manner which suggest or imply that the act itself was not genuine, but argue in court in defense to a lawsuit that they had a genuine fear for plaintiff's safety based on the same suicidal act and behavior. This issue also requires development by discovery before plaintiff can began to oppose defendants' summary judgement motion. (SEE Declaration of Kaheal Parrish).

IV. Conclusion

Based on the above, plaintiff contend that the court should grant the instant motion which is sufficient to resist defendants' motion for summary judgement pending the outcome of discovery. Calif. Ex. Rel. Cal Dept of Toxic Substances Control v. Campbell, 138 F.3d 772 779 (9th Cir. 1998).

Declaration of Plaintiff Kaheal Parrish

(1.) I am the plaintiff in this action acting in pro se without the professional assistance of counsel and if called as a witness to the following facts which are of my own personal knowledge I could and would competently testify thereto.

2.) In order to oppose defendants' summary judgement motion I need obtain evidence in the form of disciplinary and complaint records, staff, inmate, and citizen's complaints relevant to the subject matter of this lawsuit, use of force committee records, interrogatories, declarations from referenced MHSDS inmates, copies of grievances filed by referenced MHSDS inmates, and documents relative to additional training and corrective action taken against any defendant to this lawsuit which can only be obtained through discovery. Because of prison security, I have not been able to gather declarations from many of the referenced MHSDS inmates here at Salinas Valley State Prison (SVSP).

3.) Defendant's R. Mauchula, G. Powell, A. Mauchula, and Sanudo use unnecessary and excessive force on me on the order and instruction of defendant R. Mauchula to carry out a previous threat, and the only way to prove this fact is through discovery requests on defendants.

4.) Defendant's Solis, Hedrick, and Muniz turn a blind eye and deaf ear towards years of constitutional violations as alleged by plaintiff, imposed against MHSDS and SEG inmates

12.

here at SVSP, and therefore knew, or should have known, that a well organized cover up of abuse and mistreatment was occurring at the hands of Defendant Salazar however, such facts can only be disclosed through discovery requests served on defendants.

(5.) Defendants' immediate motion for Summary Judgement is an effort to resist disclosure of documents which would prove plaintiff's case.

I declare under the penalty of perjury under the laws of the State of California that the following is true and correct this 14th day of February 2012, at Soledad, California.

_____
Kaneal Parrish - Declarant
Plaintiff/ In Pro Se:

13.

STATE OF CALIFORNIA
COUNTY OF MONTEREY

(C.C.P. SEC. 446 & 2015.5; 28 U.S.C. SEC. 1746)

I, __K. Parrish__, declare under penalty of perjury that I am the __Plaintiff__ in the above entitled action; I have read the foregoing documents and know the content thereof and the same is true of my own knowledge except as to matters stated therein upon information and belief, and as to those matters, I believe they are true.

Executed this __14__ day of __February__, __2012__, at Salinas Valley State Prison, Soledad, California 93960-1050.

(Signature) __K J P[arrish]__
DECLARANT/PRISONER

PROOF OF SERVICE BY MAIL
(C.C.P. SEC. 1013(a) & 2015.5; 28 U.S.C. SEC. 1746)

I, __K. Parrish__, am a resident of California State Prison, in the County of Monterey, State of California; I am over the age of eighteen (18) years and am/am not a party of the above entitled action. My state prison address is: P.O. Box 1050, Soledad, California 93960-1050.

On __February 14, 2012__, I served the foregoing __Motion and Request to Deny Defendants' Motion For Summary Judgement as a Matter of Law; or In the Alternative, Stay of Summary Judgement proceedings pending Discovery; Memorandum of Points and Authorities and Declaration of Kaheal Parrish In Support Thereof__
(Set forth exact title of document(s) served)

On the party(s) herein by placing a true copy(s) thereof, enclosed in sealed envelope(s), with postage thereof fully paid, in the United States Mail, in a deposit box so provided at Salinas Valley State Prison, Soledad, California 93960-1050.

U.S. District Court
Northern District of Calif
Honorable Lucy H. Koh
280 S. First St.
San Jose, Calif 95113

U.S. Department of Justice
Office of Attorney General
Brendan M. Kenny, Deputy AG
455 Golden Gate Ave #11000
San Francisco, CA 94102

(List parties served)

There is delivery service by United States Mail at the place so addressed and/or there is regular communication by mail between the place of mailing and the place so addressed.

I declare under penalty of perjury that the foregoing is true and correct.

2-14-2012                    K J P[arrish]