IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAHEAL PARRISH,<br><br>     Plaintiff,<br><br>  v.<br><br>A. SOLIS, et al.,<br><br>     Defendants. | No. C 11-1438 LHK (PR)<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO STAY MOTION FOR SUMMARY JUDGMENT<br><br>(Docket Nos. 59, 60, 64) |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that prison officials violated his right to be free from excessive force. On December 5, 2011, Defendant filed a motion for summary judgment. On February 6, 2012, Plaintiff filed a motion for an extension of time to file an opposition, stating that he had not had an opportunity to conduct discovery because he did not realize that he was permitted to do so. On February 14, 2012, Plaintiff signed and sent a motion to deny Defendants' motion for summary judgment, or in the alternative, to stay proceedings under Federal Rule of Civil Procedure 56(d). Defendants have a filed a reply to their motion for summary judgment, arguing that Plaintiff has failed to file an opposition. For the reasons stated below, the Court DENIES Plaintiff's motion.

Federal Rule of Civil Procedure 56(d) is a device for litigants to avoid summary judgment when the non-movant needs to discover affirmative evidence necessary to oppose the motion. *See Garrett v. San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987). In making a Rule

1  56(d) motion, a party opposing summary judgment must make clear "what information is sought
2  and how it would preclude summary judgment." *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir.
3  1998); *see, e.g., id.* at 853-54 (district court correctly denied motion for continuance to engage in
4  further discovery under Rule 56(d) where plaintiff did not provide any basis or factual support
5  for his assertions that further discovery would lead to the facts and testimony he described, and
6  his assertions appeared based on nothing more than "wild speculation").  Rule 56(d) requires that
7  the requesting party show (1) it has set forth in affidavit form the specific facts it hopes to elicit
8  from further discovery, (2) the facts sought exist, and (3) the sought-after facts are essential to
9  oppose summary judgment.  *Family Home and Finance Center, Inc. v. Federal Home Loan*
10 *Mortgage Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

11      Here, Plaintiff concedes that he overlooked the Court's order that discovery was
12 permitted as of May 23, 2011.  Plaintiff alleges, however, that he needs time to conduct
13 discovery now before he can file an opposition to Defendants' motion for summary judgment.
14 However, he does not demonstrate that the specific facts sought actually exist, or how the
15 sought-after facts are essential to oppose summary judgment.  *See id.*  Thus, he is not entitled to
16 a continuance for the purpose of conducting additional discovery pursuant to Rule 56(d).

17      Plaintiff has filed a motion for an extension of time to file an opposition.  He requests an
18 extension of time up to, and including, May 3, 2012.  Plaintiff admits that this is his fourth
19 request for an extension of time.  The Court will grant Plaintiff one final extension.  Plaintiff is
20 advised that any further request for an extension of time will not be favored absent exigent
21 circumstances.  Plaintiff's opposition to Defendants' motion for summary judgment is due on or
22 before May 3, 2012.  If Plaintiff files a timely opposition, within fifteen days thereafter,
23 Defendants shall file an amended reply or notify the Court that they stand on their February 28,
24 2012 reply that is currently filed.

25      This order terminates docket number 59, 60, and 64.
26      IT IS SO ORDERED.
27 DATED: 4/9/12                         *Lucy H. Koh*
                                          LUCY H. KOH
28                                        United States District Judge