KAMALA D. HARRIS
Attorney General of California
DANIELLE F. O'BANNON
Supervising Deputy Attorney General
D. ROBERT DUNCAN
Deputy Attorney General
State Bar No. 161918
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5739
 Fax:  (415) 703-5843
 E-mail:  Robert.Duncan@doj.ca.gov
*Attorneys for Defendants
Hedrick, Salazar, Sanudo, Powell, R. Machuca,
Muniz, A. Machuca, and Solis*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **KAHEAL PARRISH,** | C 11-1438 LHK (PR) |
| Plaintiff, | **DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| **A. SOLIS, et al.,** | |
| Defendants. | |

### INTRODUCTION

Defendants Hedrick, Salazar, Sanudo, Powell, R. Machuca, Muniz, A. Machuca, and Solis (Defendants) file this reply brief in support of their motion for summary judgment.  Plaintiff Parrish alleges that Defendants violated his Eighth Amendment rights by using excessive force when they removed him from his cell.  Defendants' motion for summary judgment contends that R. Machuca, Powell, and Sanudo used reasonable force in extracting Parish from his cell because they followed Salinas Valley State Prison's (Salinas Valley) suicide prevention and use-of-force

1

Defs.' Reply to Pl.'s Opp'n to Defs.' Mot. Summ. J.             *Parrish v. Solis, et. al.* (C 11-1438 LHK (PR))

regulations. Defendants also assert that Salazar, Muniz, Hedrick, and Solis are not liable because they had no involvement with the cell extraction.

On June 22, 2012, Parrish filed an opposition to Defendants' motion. (Pl.'s Opp'n Defs.' Mot. Summ. J. (Pl.'s Opp'n).) Parrish's opposition claims that disputed issues of fact exist regarding: (1) Defendants' beliefs regarding his attempt to commit suicide, (2) the release of oleoresin capsicum (O.C.) pepper spray in his cell, (3) his injuries, and (4) the date he first complained of a migraine. (Pl.'s Opp'n.) As explained below, Parrish's arguments are unsupported, without merit, and are also irrelevant to his deliberate indifference claim.

With the exception of the above arguments, Defendants' motion for summary judgment is uncontested by Parrish. Thus, for the reasons discussed in Defendants' motion for summary judgment and for the reasons discussed below, Defendants are entitled to judgment as a matter of law.

## ARGUMENT

### I. THE EVIDENCE ESTABLISHES THAT PARRISH'S CELL EXTRACTION WAS NECESSARY AND THE DEFENDANTS USED REASONABLE FORCE.

#### A. Parrish's Behavior Created the Need for Defendants to Extract Him from His Cell.

A party's response to a summary judgment motion must "set forth specific facts" establishing a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). When a defendant makes a motion for summary judgment that is properly supported by declarations, the plaintiff cannot simply rely on the complaint. *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998). Instead, the plaintiff must set out specific facts in declarations, depositions, interrogatory answers, or authenticated documents that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. *Id.*

In the case at hand, Parrish provides insufficient evidence to conclude that Defendants' actions in extracting him from his cell rose to the level of excessive force. In determining whether a prison officials' use of force was excessive, it is proper to evaluate the need for the application of force, the relationship between that need and the amount of force used, the threat "reasonably perceived by the responsible officials," and "any efforts made to temper the severity

2

Defs.' Reply to Pl.'s Opp'n to Defs.' Mot. Summ. J.                    *Parrish v. Solis, et. al.* (C 11-1438 LHK (PR))

of a forceful response." *Hudson v. McMillan*, 503 U.S. 1, 7 (1992).  Parrish does not deny that immediately before Defendants extracted him from his cell on June 11, 2010, he covered his cell windows, turned the lights off, told the correctional officers that "I'm feeling suicidal, I'm gonna kill myself, I already swallowed some metal," and refused to comply with R. Machuca's request that he uncover his cell windows and turn the lights on.  (*See* Pl.'s Opp'n 5-6; Pl.'s State. Gen. Issues 4-5.)  And Parrish does not dispute that Salinas Valley's suicide prevention policy required the Defendants to respond to his behavior on June 11, 2010.  (*See id*.)

Parrish argues that because he was charged with obstructing a peace officer in the performance of his duties rather than attempted suicide, Defendants could not have believed that he was attempting to commit suicide.  (*See id*. 6-7.)  Parrish implies that because Defendants did not write him up for attempted suicide, Defendants' cell extraction was an inappropriate and excessive response to his behavior.  (*See id*. 7.)  But the content of the rules violation report does not determine whether Defendants actions in response to Parrish's behavior were reasonable.  Regardless of whether he was written up for attempted suicide, the uncontested evidence indicates that Defendants were reasonable in concluding that Parrish might commit suicide if they did not intervene.  Parrish's behavior consisted of covering his windows, turning off the cell lights, and telling the Defendants that he had swallowed metal and was suicidal.  (*See id*. 4-5.)  The circumstances as described by Defendants, and uncontested by Parrish, were sufficient for the Defendants to enter Parrish's cell and use the least-possible force to handcuff and restrain him.

### B.   Defendants Do Not Dispute that Parrish Received Minor Injuries from the Accidental Release of O.C. Spray in His Cell.

Parrish argues that disputed issues of fact exist regarding the discharge of O.C. spray in his cell and the extent of his injuries.  (Pl.'s Opp'n 9-10.)  Defendants, however, do not dispute that a small amount of O.C. spray was accidentally released in Parrish's cell.  (Decl. Machuca Supp. Defs.' Mot. Summ. J. (Decl. Machuca) ¶ 13, Ex. B; Decl. Powell Supp. Defs.' Mot. Summ. J. (Decl. Powell) ¶ 7, Exs. A-B.)  And there is no dispute that Parrish received minor injuries as a result of the accidental release of O.C. spray.  (Decl. Muniz Supp. Defs.' Mot. Summ. J. (Decl. Muniz), Ex. C at 19.)

3

Defs.' Reply to Pl.'s Opp'n to Defs.' Mot. Summ. J.                    *Parrish v. Solis, et. al.* (C 11-1438 LHK (PR))

1    Parrish contends that R. Machuca, A. Machuca, and Sanudo kicked and beat him after
2    intentionally spraying him with O.C. spray.  (Pl.'s Opp'n 8-9.)  But no other injuries, except for
3    the minor injuries from the O.C. spray, were noted in Parrish's medical evaluation following the
4    cell extraction.  (Decl. Muniz Ex. C at 19.)  Both the incident and medical reports, prepared on
5    the date of the incident, do not indicate that Parrish received the type of injuries that would have
6    resulted from the beating that he describes.  (Decl. Muniz Ex. C.)  Moreover, Parrish did not
7    complain of a beating during the cell extraction until over two months later when he submitted a
8    staff complaint.  (Compl. Ex. D.)  The Supreme Court has held that "[w]hen opposing parties tell
9    two different stories, one of which is blatantly contradicted by the record, so that no reasonable
10   jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a
11   motion for summary judgment.  *Scott v. Harris*, 550 U.S. 372, 380-83 (2007).  Because Parrish's
12   sparse allegations of excessive force are not supported by the incident and medical reports, they
13   are insufficient to raise a disputed issue of fact.  *See Henderson v. City of Simi*, 205 F.3d 1052,
14   1061 (9th Cir. 2002).

   **C.   Parrish's Medical Records Indicate that He Received Thorough Medical
         Care in the Weeks Following the Cell Extraction and Never Complained of
         Injuries Until Over Two Months after the Incident.**

17   Parrish complains that during the months following the cell extraction he suffered burning
18   skin, eyes and lungs, bruised legs and torso, a swollen cut lip, pain in the back of this head, and
19   migraine headaches.  (Compl. 12, ¶ 19.)  But Parrish's medical records in the weeks following the
20   June 11, 2010 cell extraction are devoid of any complaints of these types of injuries.  (Decl.
21   McCann Ex. A. at AGO 0001-0039.)  Parrish's medical care from June 2010 to August 2010
22   included medical appointments to monitor the piece of metal that Parrish intentionally swallowed
23   on the day of the cell extraction and treatment for a degenerative condition of the lower back.  (*Id.*
24   at AGO 0011-0014, 0026-0027.)  But there is no evidence that Parrish complained of and was
25   treated for the alleged injuries to his face, lip, and head in the weeks following the incident.  (*See*
26   *id.* at AGO 0001-0039.)  Despite ample access to medical care, Parrish never mentioned these
27   injuries and medical personnel never noted or identified the alleged injuries.
28

4

Defs.' Reply to Pl.'s Opp'n to Defs.' Mot. Summ. J.                    *Parrish v. Solis, et. al.* (C 11-1438 LHK (PR))

Parrish attempted to resolve the absence of complaints by submitting a health care services request form (CDC 7362) establishing that he first complained of migraine headaches on September 13, 2010. (Pl.'s Opp'n 13:5-16; Decl. Parrish Supp. Opp'n Defs.' Mot. Summ. J. Ex. C.) Defendants previously asserted that Parrish complained of migraines on November 2, 2010. (Defs.' Mot. Summ. J. 11, ¶ 43.) But regardless of whether Parrish first complained of migraines on September 13, 2010 or November 2, 2010, Parrish did not complain of his alleged injuries for over two months after the incident, despite considerable access to medical care. (*See* Decl. McCann Ex. A. at AGO 0001-0039.) The lack of medical documentation of Parrish's alleged injuries in the weeks following the cell extraction suggest that the injuries may not have occurred. Where evidence of excessive force is "woefully sparse," the plaintiff fails to raise a dispute of fact regarding an excessive force claim. *Henderson*, 305 F.3d at 1061. Since Parrish's medical records are "woefully sparse" regarding his alleged injuries and his behavior created the need for a cell extraction, Parrish fails to raise a disputed issue of fact regarding the excessive force claim. Thus, summary judgment should be granted in Defendants' favor.

## II. PARRISH PROVIDES NO EVIDENCE THAT DEFENDANTS SALAZAR, MUNIZ, HEDRICK, OR SOLIS WERE INVOLVED IN THE ALLEGED CONSTITUTIONAL VIOLATION.

To establish section 1983 liability, Parrish must demonstrate that Defendants Salazar, Muniz, Hedrick, and Solis were personally involved in the alleged violation. *See Torres v. City of L.A.*, 548 F.3d 1197, 1206 (9th Cir. 2008). He must specifically show how each of them through his or her own individual actions, violated Plaintiff's constitutional right. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Parrish has not met this burden. (*See* Compl.; Pl.'s Opp'n.)

As discussed in Defendants' motion for summary judgment, because these supervisory defendants had no role in Parrish's cell extraction, this Court must grant summary judgment in their favor.

## III. DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY BECAUSE THEIR ACTIONS DID NOT VIOLATE A CLEARLY ESTABLISHED STATUTORY OR CONSTITUTIONAL RIGHT.

As discussed above, Parrish's opposition does not provide evidence to contradict that Defendants used the least-possible force to extract Parrish from his cell. Parrish does not dispute

5

that immediately before Defendants extracted him from his cell, he covered his cell windows and turned the lights off, told the correctional officers that he was feeling suicidal and had swallowed metal. (*See* Pl.'s Opp'n 5-6; Pl.'s State. Gen. Issues 4-5.) Parrish does not contest that he refused to comply with Sergeant Machuca's request that he uncover his cell windows and turn the lights on. (*See id*.) Salinas Valley's suicide prevention policy requires prison staff to take efforts to protect an inmate if he has harmed himself, or has threatened to harm himself. (Decl. Machuca ¶ 4, Decl. Muniz ¶ 3 Ex. A at 1, 14.) Protection efforts may include some use of force. Salinas Valley's use-of-force policy authorizes the immediate use of force in this situation. (Decl. Salazar Supp. Defs.' Mot. Summ. J. (Decl. Salazar) ¶ 5; Decl. Muniz ¶ 4 Ex. B.)

The Defendants are entitled to qualified immunity because it was reasonable for the Defendants to believe that Parrish was suicidal and a cell extraction was necessary. Qualified immunity evaluates whether the constitutional right was clearly established, and whether a reasonable officer would have understood that he was violating that right. *Saucier v. Katz*, 533 U.S. 194, 201-02 (2001). In the case at hand, Parrish did not have a clearly established Eighth Amendment right to be free from a forced cell extraction after threatening to commit suicide, preventing officers from monitoring him, and refusing the officers' direct orders. Reasonable prison officials could not have believed that a cell extraction was inappropriate under these circumstances.

Because Defendants' cell extraction was reasonable in light of danger that Parrish posed to himself, the Defendants are entitled to qualified immunity.

6

Defs.' Reply to Pl.'s Opp'n to Defs.' Mot. Summ. J.                    *Parrish v. Solis, et. al.* (C 11-1438 LHK (PR))

**CONCLUSION**

For the reasons set forth above, Parrish's arguments are insufficient to defeat Defendants' motion for summary judgment.  Defendants' motion for summary judgment should be granted because Parrish fails to raise a genuine issue of material fact regarding his excessive force claim.  Further, Defendants are entitled to qualified immunity.

Dated: July 9, 2012

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
DANIELLE F. O'BANNON
Supervising Deputy Attorney General


/s/ D. Robert Duncan
D. ROBERT DUNCAN
Deputy Attorney General
*Attorneys for Defendants*
*Hedrick, Salazar, Sanudo, Powell, R.*
*Machuca, Muniz, A. Machuca, and Solis*

SF2011201829
20624266.doc

7

Defs.' Reply to Pl.'s Opp'n to Defs.' Mot. Summ. J.          *Parrish v. Solis, et. al.* (C 11-1438 LHK (PR))

# CERTIFICATE OF SERVICE

Case Name:   **K. Parrish v. A. Solis, et al.**   No.   **C 11-1438 LHK**

I hereby certify that on <u>July 9, 2012</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>July 9, 2012</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

**Kaheal Parrish**
**(F-15901)**
**Salinas Valley State Prison**
**P.O. Box 1050**
**Soledad, CA  93960-1050**
*Pro Se*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>July 9, 2012</u>, at San Francisco, California.

| L. Santos | /s/ L. Santos |
|---|---|
| Declarant | Signature |

20624268.doc