1   JAMES E. LYON
    State Bar No. 112582
2   KERRY S. KUMABE
    State Bar No. 273552
3   525 University Avenue, Suite 1400
    Palo Alto, CA 94301-1908
4   *Attorneys for Plaintiff*
    *Kaheal Parrish*
5

6

7   KAMALA D. HARRIS
    Attorney General of California
    DANIELLE F. O'BANNON
8   Supervising Deputy Attorney General
    D. ROBERT DUNCAN
9   Deputy Attorney General
    State Bar No. 161918
10    455 Golden Gate Avenue, Suite 11000
      San Francisco, CA 94102-7004
11    Telephone: (415) 703-5739
      Fax: (415) 703-5843
12    E-mail: Robert.Duncan@doj.ca.gov
    *Attorneys for Defendants*
13  *Hedrick, Salazar, Sanudo, Powell, R. Machuca,*
    *Muniz, A. Machuca, and Solis*
14

15           IN THE UNITED STATES DISTRICT COURT

16           FOR THE NORTHERN DISTRICT OF CALIFORNIA

17                      SAN JOSE DIVISION

18

19  **KAHEAL PARRISH,**                    C 11-1438 LHK

20                          Plaintiff,     **JOINT STIPULATED PROTECTIVE ORDER**

21        v.

22

23  **A. SOLIS, et al.,**

24                          Defendants.

25

26

27

28

**1.    PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiff Kaheal Parrish and Defendants Hedrick, Salazar, Sanudo, Powell, R. Machuca, Muniz, A. Machuca, and Solis (the "parties") hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.    DEFINITIONS**

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and constitutes or discloses information which threatens prison safety or security, or the safety or security of any inmate or prison staff.

2.3    Counsel of Record:      attorneys who are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that Party (as well as their support staff).

2.4    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

1

Joint Stipulated Protective Order                                    *Parrish v. Solis, et a*l.  (C 11-1438 LHK)

2.5    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.

2.7    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.8    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel of Record (and their support staffs).

2.9    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.10   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.11   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

2.12   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a

1  Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as
2  a result of publication not involving a violation of this Order, including becoming part of the
3  public record through trial or otherwise; and (b) any information known to the Receiving Party
4  prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who
5  obtained the information lawfully and under no obligation of confidentiality to the Designating
6  Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.   DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.   DESIGNATING PROTECTED MATERIAL**

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

1    If it comes to a Designating Party's attention that information or items that it designated for
2    protection do not qualify for protection that Designating Party must promptly notify all other
3    Parties that it is withdrawing the mistaken designation.

4    5.2   Manner and Timing of Designations.  Except as otherwise provided in this Order
5    (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,
6    Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so
7    designated before the material is disclosed or produced.

8    Designation in conformity with this Order requires:

9    (a)  for information in documentary form (e.g., paper or electronic documents, but
10   excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing
11   Party affix the legend "CONFIDENTIAL - ATTORNEYS' EYES ONLY" to each page that
12   contains protected material. If only a portion or portions of the material on a page qualifies for
13   protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making
14   appropriate markings in the margins).

15   (b)  for testimony given in deposition or in other pretrial or trial proceedings, that the
16   Designating Party identify on the record, before the close of the deposition, hearing, or other
17   proceeding, all protected testimony.

18   (c)  for information produced in some form other than documentary and for any other
19   tangible items, that the Producing Party affix in a prominent place on the exterior of the container
20   or containers in which the information or item is stored the legend "CONFIDENTIAL -
21   ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant
22   protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

23   5.3   Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to
24   designate qualified information or items does not, standing alone, waive the Designating Party's
25   right to secure protection under this Order for such material. Upon timely correction of a
26   designation, the Receiving Party must make reasonable efforts to assure that the material is
27   treated in accordance with the provisions of this Order.

28

4

Joint Stipulated Protective Order                                Parrish v. Solis, et al.  (C 11-1438 LHK)

**6.     ACCESS TO AND USE OF PROTECTED MATERIAL**

6.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2     Disclosure of "CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items to a Party or a Non-Party.

Except as provided in section 7 below, this Protective Order is intended to and does preclude the Receiving Party's Counsel of Record from disclosing documents and information designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to Plaintiff, Defendants, members of Plaintiff's or Defendants' family, friends, or associates, or to any inmate or parolee, or to the public.  Except as provided in section 7 below, it is agreed by the Parties and ordered by the Court that a Receiving Party shall not disseminate or discuss information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" with any inmates, including a Party or witness, parolee, and the public, in this case or in any other capacity.  This protective order does not preclude the Designating Party from disclosing documents and information designated by the Designating Party as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to their clients and witnesses.

Except as provided in section 7 below, or as otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Counsel of Record in this action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this

1  litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is
2  attached hereto as Exhibit A;

3   (b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is
4  reasonably necessary for this litigation and who have signed the "Acknowledgment and
5  Agreement to Be Bound" (Exhibit A);

6   (c) the court and its personnel;

7   (d) court reporters and their staff, professional jury or trial consultants, mock jurors, and
8  Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have
9  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

10  (e) the author or recipient of a document containing the information or a custodian or other
11 person who otherwise possessed or knew the information, before the "CONFIDENTIAL –
12 ATTORNEYS' EYES ONLY" designation occurred.

13 **7.    CHALLENGING A DESIGNATION OF "CONFIDENTIAL – ATTORNEYS' EYES ONLY"**
14

15  7.1   Grounds for Challenges.  The Receiving Party may challenge a designation of
16 "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on two grounds:

17  (a) The designated material is not confidential; or

18  (b) The designated material is confidential but the Receiving Party wishes to disclose the
19 material to its client or other specific persons for the purpose of assisting in the prosecution,
20 defense or settlement of this action.

21  7.2   Purpose and Timing of Request.  At any time, the Receiving Party may challenge a
22 designation of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or request the Designating
23 Party to permit the disclosure of information designated "CONFIDENTIAL - ATTORNEYS'
24 EYES ONLY" to its client or other specific persons for the purpose of assisting in the
25 prosecution, defense or settlement of this action.  Unless a prompt challenge to a Designating
26 Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness,
27 unnecessary economic burdens, or a significant disruption or delay of the litigation, the
28 Requesting Party does not waive its right to challenge a confidentiality designation on any

1  grounds by electing not to make such a challenge promptly after the original designation is
2  disclosed.

3       7.3    Meet and Confer. The Receiving Party may initiate a request by notifying the
4  Designating Party in writing of: (1) each "CONFIDENTIAL – ATTORNEYS' EYES ONLY"
5  designation that it seeks to challenge, or (2) each "CONFIDENTIAL – ATTORNEYS' EYES
6  ONLY" document that it seeks to disclose and to whom it wishes to make the disclosure. The
7  Receiving Party and the Designating Party shall attempt to resolve the request in good faith and
8  shall confer directly (in voice-to-voice dialogue; other forms of communication are not sufficient)
9  within 14 days of the date of service of the Receiving Party's written notice requesting disclosure.

10       7.4    Judicial Intervention. If the Receiving Party and the Designating Party cannot resolve
11  a challenge to a confidentiality designation made by the Receiving Party on either ground without
12  court intervention, the Receiving Party may file and serve a motion under Civil Local Rule 7 (and
13  in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) within 21 days of
14  the written request for disclosure or within 14 days of the parties agreeing that the meet and
15  confer process will not resolve their dispute, whichever is earlier. Each such motion must be
16  accompanied by a competent declaration affirming that the movant has complied with the meet
17  and confer requirements imposed in the preceding subparagraph. Failure by the Receiving Party
18  to make such a motion including the required declaration within 21 days (or 14 days, if
19  applicable) shall automatically foreclose the ability of the Receiving Party to move the Court to
20  permit the requested disclosure.

21     (a) With respect to any challenge under section 7.1(a), the burden of persuasion shall be on
22  the Designating Party that the information sought to be disclosed is confidential under section 2.2.

23     (b) With respect to any challenge under section 7.1(b), the burden of persuasion is on the
24  Receiving Party to show that the probative value of the confidential information outweighs the
25  prejudice to the Designating Party that will be caused by disclosing the "CONFIDENTIAL –
26  ATTORNEYS' EYES ONLY" information to the Receiving Party's client or other specific
27  persons.

28

    (c) If the court rules in favor of the Receiving Party that the record designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed to the Receiving Party's client or another person under 7.1(b), the Receiving Party may disclose the information only to persons who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

    (d) Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**8.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" that Party must:

    (a)  promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

    (b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

    (c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    (1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    (3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

In the event the Receiving Party believes that documents labeled "CONFIDENTIAL - ATTORNEYS' EYES ONLY" have been viewed or obtained by persons other than those permitted access under Paragraph 6.2, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) identify the person or persons to whom unauthorized disclosures were made, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) use its best efforts to retrieve all unauthorized copies of the Protected Material.

**11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**12. MISCELLANEOUS**

12.1  Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2  Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

1  Party waives any right to object on any ground to use in evidence of any of the material covered
2  by this Protective Order.

3       12.3   Filing Protected Material. Without written permission from the Designating Party or a
4  court order secured after appropriate notice to all interested persons, a Party may not file in the
5  public record in this action any Protected Material. A Party that seeks to file under seal any
6  Protected Material must comply with Civil Local Rule 79-5 and General Order 62. Protected
7  Material may only be filed under seal pursuant to a court order authorizing the sealing of the
8  specific Protected Material at issue. Pursuant to Civil Local Rule 79-5 and General Order 62, a
9  sealing order will issue only upon a request establishing that the Protected Material at issue is
10 privileged, protectable as a trade secret, is required to protect safety and security of any California
11 Department of Corrections and Rehabilitation institution, employee, or inmate, or otherwise
12 entitled to protection under the law. If a Receiving Party's request to file Protected Material under
13 seal pursuant to Civil Local Rule 79-5(d) and General Order 62 is denied by the court, then the
14 Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e)
15 unless otherwise instructed by the court.

16      12.4   Redaction of Personal Information.  The Designating Party may determine to redact
17 any and all personal information from the Protected Material that is produced under this
18 protective order including, but not limited to, addresses, social security numbers and birthdates.
19 The Receiving Party may object to the redaction and may bring a motion to compel the redacted
20 information, as provided by law.

21 **13.   FINAL DISPOSITION**

22      Within 60 days after the final disposition of this action, as defined in paragraph 4, each
23 Receiving Party must return all Protected Material to the Producing Party or destroy such
24 material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,
25 compilations, summaries, and any other format reproducing or capturing any of the Protected
26 Material. Whether the Protected Material is returned or destroyed, the Receiving Party must
27 submit a written certification to the Producing Party (and, if not the same person or entity, to the
28 Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all

the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: *5/16/13*          /s/ *Kerry S. Kumabe*
                          *Attorneys for Plaintiff*
                          *Kaheal Parrish*
                          KERRY S. KUMABE

DATED: *5/16/13*          /s/ *D. Robert Duncan*
                          *Attorneys for Defendants*
                          *Hedrick, Salazar, Sanudo, Powell, R. Machuca, Muniz, A. Machuca, and Solis*
                          D. ROBERT DUNCAN
                          Deputy Attorney General

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: May 28, 2013       *[signature]* Lucy H. Koh
                          LUCY H. KOH
                          United States District Judge

12