1   KAMALA D. HARRIS
    Attorney General of California
2   DANIELLE F. O'BANNON
    Supervising Deputy Attorney General
3   D. ROBERT DUNCAN
    Deputy Attorney General
4   State Bar No. 161918
     455 Golden Gate Avenue, Suite 11000
5    San Francisco, CA  94102-7004
     Telephone:  (415) 703-5739
6    Fax:  (415) 703-5843
     E-mail:  Robert.Duncan@doj.ca.gov
7   *Attorneys for Defendants*
    *Salazar, Sanudo, Powell, R. Machuca, A. Machuca,*
8   *and M. Haldeman*

9                IN THE UNITED STATES DISTRICT COURT

10              FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                        SAN JOSE DIVISION

12

13  | | |
    |---|---|
14  | **KAHEAL PARRISH,** | C 11-1438 LHK |
    | | |
15  | Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER** |
16  | | **RULE 12(b); MEMORANDUM OF POINTS AND AUTHORITIES** |
    | v. | |
17  | | Date:   February 6, 2014 |
    | **A. SOLIS, et al.,** | Time:  1:30 p.m. |
18  | | Courtroom:  8, 4th Floor |
    | Defendants. | Judge:  The Honorable Lucy H. Koh |
19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

Memorandum of Points and Authorities ......................................................................... 2

Introduction ................................................................................................................... 2

Issues Presented ............................................................................................................ 4

Statement of the Case .................................................................................................... 5

Statement of Facts ......................................................................................................... 6

    I.      Inmate appeals process.......................................................................... 6

    II.     Parrish's administrative appeals............................................................. 7

    III.    Parrish's first amended complaint ....................................................... 11

        A.     Parrish's excessive force claim. .................................................. 11

        B.     Parrish's property damage claim................................................. 12

        C.     Parrish retaliation and conspiracy claims................................... 12

Argument ..................................................................................................................... 13

    I.      Several of Parrish's retaliation and conspiracy claims must be dismissed because Parrish failed to administratively exhaust the claims before filing suit.................................................................................................. 13

        A.     In ruling on a motion to dismiss for failure to exhaust administrative remedies, the court may consider matters outside the pleadings and decide disputed issues of fact............................................. 14

        B.     Parrish did not exhaust his claim that defendants Salazar, R. Machuca, Powell, A. Machuca, and Sanudo destroyed his personal property. ..................................................................................... 15

        C.     Parrish did not pursue a grievance regarding his claim that Defendants Salazar, R. Machuca, Powell, A. Machuca, and Sanudo retaliated and conspired against him by conducting a corrupt investigation. .............................................................................. 16

        D.     Parrish did not pursue a grievance that Defendants Salazar, R. Machuca, Powell, A. Machuca, and Sanudo conspired with Sergeant Valenzuela and Officer Villalobos to deny his request for a cell move. ................................................................................. 17

        E.     Parrish failed to exhaust his claim that the Defendants conspired with Officer Roberto Machuca and Sergeant Valenzuela to conduct an inappropriate search of Parrish's body and cell. .................. 18

        F.     Parrish did not pursue a grievance that the Defendants entered a conspiracy to deter him from pursuing this lawsuit.................... 19

    II.     Parrish fails to state retaliation claims against the Defendants. ........................... 21

        A.     Parrish's allegations are insufficient to state a retaliation claim against Defendant Haldeman. ..................................................... 21

             1.     Parrish's lawsuit was not the "substantial" or "motivating" factor behind Defendant Haldeman's issuance of a disciplinary charge. ....................................................... 22

i

1

**TABLE OF CONTENTS**
(continued)

2

Page

3

    2.    Defendant Haldeman's issuance of the disciplinary charge
did not have a chilling effect on Parrish's first amendment

4

rights.......................................................................................... 23

    3.    The disciplinary charge served a legitimate penological

5

goal.......................................................................................... 23

6

B.    Parrish's allegations are insufficient to state a retaliation claim
against Defendants Salazar, R. Machuca, Powell, A. Machuca, and

7

Sanudo.................................................................................................... 24

8

Conclusion ........................................................................................................... 25

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF AUTHORITIES

2

**Page**

3

**CASES**

4

*Bell Atlantic Corp. v. Twombly*

5

   550 U.S. 544 (2007) ........................................................................... 21

6

*Booth v. Churner*
   532 U.S. 731 (2001) ........................................................................... 15

7

*Brodheim v. Cry*

8

   584 F.3d 1262 (9th Cir. 2009) ............................................................ 22

9

*Brown v. Valoff*

10

   422 F.3d 926 (9th Cir. 2005) ........................................................ 16, 19

11

*Car Carriers, Inc. v. Ford Motor Co.*
   745 F.2d 1101 (7th Cir. 1984) ............................................................ 21

12

*Griffin v. Arpaio*

13

   557 F.3d 1117 (9th Cir. 2009) .............................................................. 7

14

*Huskey v. City of San Jose*
   204 F.3d 893 (9th Cir. 2000) .............................................................. 22

15

16

*Jones v. Bock*
   549 U.S. 199 (2007) ..................................................................... 17, 20

17

*McKinney v. Carey*

18

   311 F.3d 1198 (9th Cir. 2002) ............................................................ 15

19

*Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*
   429 U.S. 274 (1977) ........................................................................... 22

20

*Papasan v. Allain*

21

   478 U.S. 265 (1986) ........................................................................... 21

22

*Rhodes v. Robinson*

23

   408 F.3d 559 (9th Cir. 2005) ........................................... 5, 21, 22, 23

24

*Ritza v. Int'l Longshoremen's & Warehousemen's Union*
   837 F.2d 365 (9th Cir. 1988) ............................................................ 14

25

*Sandin v. Conner*

26

   515 U.S. 472 (1995) ........................................................................... 23

27

*Sapp v. Kimbrell*

28

   623 F.3d 813 (9th Cir. 2010) ........................................... 7, 17, 18, 20

iii

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Schroeder v. McDonald*
  55 F.3d 454 (9th Cir. 1995)................................................................. 23

*Soranno's Gasco Inc. v. Morgan*
  874 F.2d 1310 (9th Cir. 1989)............................................................. 22

*Stauffer Chemical Co. v. Food & Drug Admin.*
  670 F.2d 106 (9th Cir. 1982)................................................................. 14

*United States v. Ritchie*
  342 F.3d 903 (9th Cir. 2003).................................................................. 1

*Vaden v. Summerhill*
  449 F.3d 1047 (9th Cir. 2006)............................................................... 15

*Woodford v. Ngo*
  548 U.S. 81 (2006) ................................................................. passim

*Wyatt v. Terhune*
  315 F.3d 1108 (9th Cir. 2003)........................................................... 1, 14

**STATUTES**

American with Disabilities Act (ADA)....................................................... 8

California Code of Regulations, Title 15
  § 3006(a) (2001).............................................................................. 22
  § 3084.1(a) ............................................................................. 6, 7, 13
  § 3084.2(a) (2012)................................................................. 10, 17, 18, 20
  § 3084.5 (2011) ...................................................................... passim
  § 3084.6(b)(6) ........................................................................... 9, 18
  § 3084.6(c) (2011)....................................................................... 7, 13
  § 3084.7 (2012) ....................................................................... passim

Prison Litigation Reform Act (PLRA)................................................. passim

United States Code, Title 42
  § 1983 ..................................................................................... 1, 5
  § 1997e(a)............................................................................... passim

**CONSTITUTIONAL PROVISIONS**

United States Constitution
  Eighth Amendment ......................................................................... 5
  First Amendment........................................................................ passim

# TABLE OF AUTHORITIES
### (continued)

**Page**

**COURT RULES**

Federal Rule of Civil Procedure
    rule 8(a)(2) ................................................................................................................ 4, 21
    rule 12(b)................................................................................................................ 1, 6, 14
    rule 12(b)(6) ................................................................................................................... 1

**TO PLAINTIFF KAHEAL PARRISH AND HIS COUNSEL:**

**PLEASE TAKE NOTICE** that on February 6, 2014 at 1:30 p.m.[1] in courtroom 8, of the United States District Courthouse, located at 280 South First Street, San Jose, California 95113, Defendants Salazar, Sanudo, Powell, R. Machuca, A. Machuca, and M. Haldeman will move, under the non-enumerated portion of Federal Rule of Civil Procedure 12(b) on the grounds that the Plaintiff Kaheal Parrish, a state prisoner, failed to exhaust his administrative remedies for several of his claims before bringing this 42 U.S.C. § 1983 action as mandated by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). Defendants also move to dismiss the retaliation claims under Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff fails to adequately state retaliation claims against the Defendants.

PLEASE TAKE FURTHER NOTICE that when ruling on a motion to dismiss under Rule 12(b)(6), the Court may only consider the following: (1) the complaint; (2) documents attached to the complaint; (3) documents incorporated by reference in the complaint; and (4) matters of judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). But when ruling on Defendants' non-enumerated Rule 12(b) motion, the Court may look beyond the pleadings and decide disputed issues of fact. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Additionally, Plaintiff may provide evidence to the Court to dispute that which is presented by Defendants. *Id.* at n.14.

This motion is based upon this notice, the memorandum of points and authorities, the declarations and exhibits in support, as well as the pleadings, including attached documents, and records on file in this case, and any oral argument the Court may consider during the hearing on this motion.

---

[1] Defendants' counsel requested a motion date by email to Ms. Martha Parker Brown at Martha_Brown@cand.uscourts.gov. Due to the holidays, Defendants were unable to obtain a motion date and selected February 6, 2014 in an effort to comply with Civil L.R. 7-2(a).

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiff Kaheal Parrish (Parrish), an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR), alleged in his pro per complaint that on June 11, 2010, at Salinas Valley State Prison (Salinas Valley), Defendants used excessive force during an emergency cell extraction.  Pro bono counsel was appointed for Parrish in March 2013.  After conducting written discovery, Parrish's attorneys filed a First Amended Complaint on November 21, 2013, naming a new Defendant, M. Haldenman and asserting two new claims --  retaliation and conspiracy.

In addition to reasserting the excessive force claim against Defendants Salazar, R. Machuca, Powell, A. Machuca, and Sanudo, Parrish's First Amended Complaint asserts that the Defendants retaliated against him for pursuing a grievance and this lawsuit by filing materially false and misleading reports regarding the cell extraction.  Parrish also claims that Defendants retaliated against him by framing Parrish for the false charge of possession of a weapon.  Parrish claims that Defendant Haldeman, acting individually and in concert with Defendants Salazar, R. Machuca, Powell, A. Machuca, and Sanudo, planted a half-pair of scissors in Parrish's legal materials, falsely charged him with possession of a weapon, and inappropriately placed him in administrative segregation.

Parrish's First Amended Complaint also alleges several conspiracy claims against Defendants.  Parrish claims that Defendants, Salazar, R. Machuca, Powell, A. Machuca, Sanudo, and Haldeman, and other non-parties conspired to injure Parrish because he filed this lawsuit. Specifically, Parrish alleges that Defendants and other non-parties maliciously denied inmate services to Parrish, undertook unjustified searches of Parrish's person and possessions, illegally destroyed Parrish's personal property, and falsely accused Parrish of weapon possession.

Parrish, however, failed to exhaust administrative remedies for his claim that Defendants Salazar, R. Machuca, Powell, A. Machuca, and Sanudo destroyed his personal property.  Parrish also did not pursue an administrative appeal for his claim that Defendants allegedly retaliated and conspired against him by conducting a corrupt investigation of the cell extraction.  Additionally,

2

1   Parrish did not pursue administrative remedies for his claim that Defendants conspired with

2   Sergeant Valenzuela and Officer Villalobos to deny his request for a cell move.  And Parrish

3   failed to exhaust his claim that the Defendants conspired with Officer Roberto Machuca (brother

4   of the Defendants R. Machuca and A. Machuca) and Sergeant Valenzuela to inappropriately

5   search Parrish's body and cell.  Finally, Parrish failed to exhaust administrative remedies for his

6   claim that the Defendants conspired against him for pursuing this lawsuit.

7   Since the June 11, 2010 cell extraction, Parrish has only exhausted two non-health care

8   related grievances at the third level of review.  The first grievance alleges that correctional staff at

9   Salinas Valley retaliated against him for indecently exposing himself by using excessive force

10  during a cell extraction on June 11, 2010.  The second grievance alleges that Defendant

11  Haldeman retaliated against him for filing this lawsuit by planting a weapon in his property and

12  inappropriately placing him in administrative segregation for possession of a weapon.  Neither of

13  the two exhausted grievances address Parrish's new claims that Defendants Salazar, R. Machuca,

14  Powell, A. Machuca, Sanudo retaliated and conspired against him.

15  In addition, Parrish fails to state a retaliation claim against Defendant Haldeman because

16  Parrish fails to allege: (1) a causal connection between his protected conduct and the adverse

17  action he suffered, (2) the adverse action had a chilling effect on his First Amendment rights, and

18  (3) Defendant Haldeman's actions did not advance a legitimate penological goal.  Parrish also

19  fails to state a retaliation claim against the original Defendants because he fails to articulate how

20  Defendants Salazar, R. Machuca, Powell, A. Machuca, and Sanudo could have prepared false and

21  misleading reports in retaliation for a grievance and lawsuit that had not yet been initiated.  On

22  that basis, Defendants' motion to dismiss should be granted in its entirety.

23

24

25

26

27

28

**ISSUES PRESENTED**

1.  The PLRA requires inmates to exhaust available administrative remedies before filing suit regarding their conditions of confinement.  Parrish did not exhaust an inmate grievance alleging that Defendants Salazar, R. Machuca, Powell, A. Machuca, and Sanudo destroyed his personal property.  Are Defendants Salazar, R. Machuca, Powell, A. Machuca, and Sanudo entitled to dismissal of this claim?

2.  The PLRA requires inmates to exhaust available administrative remedies before filing suit regarding their conditions of confinement.  Parrish did not pursue an administrative grievance for his claim that Defendants Salazar, R. Machuca, Powell, A. Machuca, and Sanudo retaliated and conspired against him by conducting a corrupt investigation of the cell extraction and use of force?  Are Defendants entitled to dismissal of this claim?

3.  The PLRA requires inmates to exhaust available administrative remedies before filing suit regarding their conditions of confinement.  Parrish did not pursue an administrative grievance for his claim that Defendants Salazar, R. Machuca, Powell, A. Machuca, and Sanudo conspired with Sergeant Valenzuela and Officer Villalobos to deny his request for a cell move.  Are Defendants entitled to dismissal of this claim?

4.  The PLRA requires inmates to exhaust available administrative remedies before filing suit regarding their conditions of confinement.  Parrish did not exhaust an administrative grievance for his claim that the Defendants conspired with Officer Roberto Machuca and Sergeant Valenzuela to conduct an inappropriate search of Parrish's person and cell.  Are Defendants entitled to dismissal of this claim?

5.  The PLRA requires inmates to exhaust available administrative remedies before filing suit regarding their conditions of confinement.  Parrish did not submit an inmate grievance alleging that Defendants entered into a conspiracy to deter him from pursuing this lawsuit.  Are Defendants entitled to dismissal of the conspiracy claim?

6.  Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  To state a retaliation claim, a plaintiff must allege that the: (1) defendants took some adverse action against

4

1    the plaintiff, (2) because of, (3) the plaintiff's protected conduct, (4) that such an action chilled

2    the plaintiff's exercise of First Amendment rights, and (5) defendants' actions did not reasonably

3    advance a legitimate penological goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

4    Because Parrish fails to allege: (1) a causal connection between his protected conduct (litigation

5    of this lawsuit) and the adverse action he suffered (a disciplinary charge for possession of a

6    weapon), (2) the adverse action had a chilling effect on his First Amendment rights, and (3)

7    Defendant Haldeman's actions did not advance a legitimate penological goal, has Parrish failed to

8    state a retaliation claim against Defendant Haldeman?

9          7.      To state a retaliation claim, a plaintiff must allege that the: (1) defendants took some

10    adverse action against the plaintiff, (2) because of, (3) the plaintiff's protected conduct, (4) that

11    such an action chilled the plaintiff's exercise of First Amendment rights, and (5) defendants'

12    actions did not reasonably advance a legitimate penological goal. *Rhodes*, 408 F.3d at 567-68.

13    Because Parrish fails to articulate the adverse action that the Defendants Salazar, R. Machuca,

14    Powell, A. Machuca, and Sanudo supposedly took in response to his grievance or lawsuit, are

15    these Defendants entitled to dismissal of the retaliation claim against them?

16                           **STATEMENT OF THE CASE**

17       On March 18, 2011, Parrish filed this action against Defendants R. Machuca, Powell, A.

18    Machuca, Sanudo, Salazar, Solis, Muniz, and Hedrick.  (ECF No. 1.)  The Court recognized that

19    Parrish stated a cognizable Eighth Amendment claim that Defendants used excessive force when

20    they removed him from his cell on June 11, 2010.  (Order of Service 2:7-17, ECF No. 7.)  The

21    Court declined to recognize a claim that Defendants destroyed his property, explaining that

22    neither the negligent nor intentional deprivation of property states a due process claim under

23    Section 1983 if the deprivation was random and unauthorized.  (*Id*. 2:18-25.)  On December 5,

24    2011, Defendants moved for summary judgment arguing that Defendants R. Machuca, Powell,

25    and Sanudo used reasonable force in the cell extraction.  (ECF No. 41.)  Defendants also argued

26    that Defendants Salazar, Muniz, Hedrick, and Solis could not be liable since Plaintiff alleged no

27    involvement on the part of these Defendants.  (*Id*.)  Lastly, Defendants asserted qualified

28    immunity. (*Id*.)

1    On August 28, 2012, the Court denied Defendants' motion for summary judgment on the

2    excessive force claim against R. Machuca, Powell, A. Machuca, and Sanudo.  (Order 6:8-14, ECF

3    No. 79.)  The Court also denied summary judgment for Defendant Salazar finding that disputed

4    issues of fact were raised regarding Salazar's role and actions following the cell extraction.  (*Id.*

5    6:15-23.)  The Court granted summary judgment for Defendants Solis, Muniz, and Hedrick,

6    finding the allegations against these Defendants were conclusory.  (*Id.* 7:8-26.)  Finally, the Court

7    denied qualified immunity for the surviving Defendants Salazar, R. Machuca, Powell, A.

8    Machuca, and Sanudo.  (*Id.* 8-9.)

9    Following an unsuccessful settlement conference on November 28, 2012 before Magistrate

10   Judge Nandor Vadas (ECF No. 83), pro bono counsel was appointed for Parrish on March 12,

11   2013 (ECF No. 86).  On November 20, 2013, the parties entered a stipulated agreement to allow

12   Parrish to file an amended complaint and agreed that within 30 days of service of Parrish's

13   amended complaint on Defendant Maurice Haldeman, Defendants would be allowed to file a

14   Rule 12(b) motion to dismiss.  (ECF No. 101.)  On November 21, 2013, Parrish filed his First

15   Amended Complaint.  (ECF No. 102.)  On November 27, 2013, Parrish served Defendant

16   Haldeman with the First Amended Complaint.

## STATEMENT OF FACTS

### I.   INMATE APPEALS PROCESS.

19        1.    The PLRA requires inmates to exhaust their available administrative remedies before

20   filing a federal civil rights action.  42 U.S.C. § 1997e(a).  In order to satisfy the PLRA's

21   exhaustion requirement, an inmate must pursue an inmate appeal through the lower levels of

22   review and receive a final decision from the third level.  *See id.*; *Woodford v. Ngo*, 548 U.S. 81

23   (2006).

24        2.    The State of California provides inmates in its custody with an extensive

25   administrative appeals process to grieve issues that inmates "can demonstrate as having an

26   adverse effect upon their welfare."  Cal. Code Regs. tit. 15, §§ 3084.1(a), 3084.5 (2011).  An

27   inmate grievance may include allegations of staff misconduct.  *Id.* §§ 3084.1(e) (2011).

28

1    3.    To file an administrative grievance, the inmate "shall use a CDC Form 602 . . .

2    Inmate/Parolee Appeal Form, to describe the problem and the action requested."  *Id*. § 3084.2(a)

3    (2011).  A grievance suffices if it alerts the prison to the nature of the wrong for which redress is

4    sought.  *Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010)(citing *Griffin v. Arpaio*, 557 F.3d

5    1117, 1120 (9th Cir. 2009).)

6    4.    Before January 28, 2011, inmate appeals had to be submitted within 15 working days

7    of the event giving rise to them.  Cal. Code Regs. tit. 15, § 3084.6(c) (2011).  After of January 28,

8    2011, the regulations changed to require inmate appeals to be submitted within 30 calendar days

9    of the event giving rise to them.  *Id*. § 3084.8(b)(1) (2012).

10    5.    After January 28, 2011, the inmate appeals process includes three levels of review:

11    (1) first formal level of review, (2) second formal level of review by the institutional head or

12    designee, and (3) third formal level of review by a designated representative of the director under

13    supervision of the Chief of the Office of Appeals.  Cal. Code Regs. tit. 15, § 3084.7 (2012).

14    Before January 28, 2011, the inmate appeal process consisted of four levels of review, which

15    included an informal level of review that preceded the three formal levels of review.  *Id.* § 3084.5

16    (2011).

17    **II.    PARRISH'S ADMINISTRATIVE APPEALS.**

18    6.    From June 2010 to the present, Parrish initiated and received an institutional log

19    number for twelve non-health care related administrative appeals.  (Decl. Medina Supp. Defs.'

20    Mot. Dismiss (Decl. Medina) ¶ 11, Ex. A.)

21    7.    Parrish's appeal number SVSP-10-02229 was initiated on August 24, 2010, and

22    claims that Sergeant R. Machuca and other officers used excessive force during an emergency

23    cell extraction of Parrish that occurred on June 11, 2010.  (*Id*. ¶ 12, Ex. B.)  The appeal was

24    processed as a staff complaint, a confidential inquiry was completed, and a determination was

25    made that the correctional staff did not violate CDCR policy during the emergency cell extraction

26    of Parrish.  (*Id*.)  On February 18, 2011, the Office of Appeals denied Parrish's appeal number

27    SVSP-10-02229 at the third level of review, finding that the conclusion that staff did not violate

28    CDCR policy was supported by the inquiry.  (*Id*.)

7

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                    *Parrish v. Solis, et al* (C 11-1438 LHK)

8.     Parrish's appeal number SVSP-10-02760 is an American with Disabilities Act (ADA) Accommodation Request (CDCR 1824) that was initiated by Parrish on October 15, 2010.  (*Id.* ¶ 13, Ex. C.)  Appeal number SVSP-L-10-02760 concerns Parrish's request for an appointment with an eye doctor and tinted prescription eye glasses.  (*Id.*)  Appeal number SVSP-10-02760 was partially granted at the first level of review on November 5, 2010, when it was determined that Parrish had previously been prescribed eye glasses.  (*Id.*)

9.     Parrish's appeal number SVSP-10-02809 was initiated on October 19, 2010 and concerns Parrish's request that he be compensated for lost property.  (*Id.* ¶ 14, Ex. D.)  Parrish grieves that items of his personal property were lost after his June 11, 2010 cell extraction and transfer to the Correctional Treatment Center (CTC).  (*Id.*)  Appeal number SVSP-10-02809 was denied at the first level of review after it was determined that Parrish's property was not lost, but was being held in the administrative segregation property room and would be returned to Parrish upon his release from administrative segregation.  (*Id.*)  Parrish was informed that he could appeal the denial to the second level of review, but there is no evidence that Parrish pursued the appeal beyond the first level.  (*Id.*)

10.     Parrish's appeal number SVSP-10-03034 is a property claim that was initiated by Parrish on November 10, 2010.  (*Id.* ¶ 15, Ex. E.)  In appeal number SVSP-10-03034, Parrish requests copies of his property inventory forms (CDCR 1083).  (*Id.*)  Parrish withdrew appeal number SVSP-10-03034 on November 19, 2010, after he received the requested property inventory forms.  (*Id.*)

11.     Parrish's appeal number SVSP-11-01449 was initiated on June 23, 2011, and concerns Parrish's request for transitional prescription eye glasses.  (*Id.* ¶ 16.)  On June 24, 2011, appeal number SVSP-11-01449 was converted to a medical appeal.  (*Id.*)

12.     Appeal number SVSP-12-00958 is a group appeal submitted by a third-party inmate that Parrish joined.  (*Id.* ¶ 17.)  Appeal number SVSP-12-00958 complains that Enhanced Out Patient (EOP) inmates were being denied daily showers.  (*Id.*)  SVSP-12-00958 was partially granted at the second level of review, and there is no evidence that the appeal was pursued beyond the second level.  (*Id.*)

8

13.   Parrish's appeal number SVSP-12-01249 alleges that his laundry was being delayed. That appeal was rejected because Parrish had written the appeal in pencil.  (*Id*. ¶ 18.)

14.   Parrish's appeal number SVSP-12-01365 was initiated on April 11, 2012, and consists of a letter complaining of unspecified retaliatory acts by Officers R. Machuca (the brother of Defendant/Sergeant R. Machuca) and A. Villalobos.  (*Id*. ¶ 19, Ex. F.)  Appeal number SVSP-12-01365 was cancelled at the first level of review on April 20, 2012, because Parrish failed to state facts or specify an act or decision consistent with the allegation.  (*Id*. (citing Cal. Code Regs. tit. 15, § 3084.6(b)(6).))  Parrish was advised that a separate appeal could be pursued regarding the cancellation decision, but there is no evidence that Parrish appealed the cancellation decision.  (*Id*.)

15.   Parrish's appeal number SVSP-12-01449 was initiated on April 16, 2012, and concerns Parrish's claim that Officer R. Machuca (the brother of Defendant/Sergeant R. Machuca) falsely accused Parrish of possessing a cell phone, which resulted in correctional staff searching Parrish's cell and conducting a strip search of Parrish.  (*Id*. ¶ 20, Ex. G.)  The appeal was processed as a staff complaint.  (*Id*.)  A confidential inquiry was completed and the matter was referred to the Office of Internal Affairs.  (*Id*.)  An investigation was conducted, and a determination was made that no findings were possible.  (*Id*.)  Appeal number SVSP-12-01449 was partially granted at the second level of review on May 29, 2012.  (*Id*.)  Parrish was informed that he could pursue the appeal to the third level of review, but there is no evidence that Parrish pursued the appeal further.  (*Id*.)

16.   Parrish's appeal number SVSP-12-01789 was initiated on May 15, 2012, and concerns Parrish's claim that Captain McCall authorized Lieutenant R. Martinez and Correctional Counselor Herrera to conduct a retaliatory cell search to harass and intimidate Parrish for pursuing appeal number SVSP-12-01449.  (*Id*. ¶ 21, Ex. H.)  The appeal was processed as a staff complaint, a confidential inquiry was completed, and a determination was made that staff did not violate CDCR policy.  (*Id*.)  Appeal number SVSP-12-01789 was partially granted at the second level of review on June 12, 2012.  (*Id*.)  Parrish was informed that he could pursue the appeal to

9

1    the third level of review, but there is no evidence that Parrish pursued the appeal to the third level.

2    (*Id*.)

3        17.    Appeal number SVSP-12-03168 is a group appeal submitted by a third-party inmate

4    that Parrish joined regarding the alleged denial of laundry services.  (*Id*. ¶ 22.)  SVSP-12-03168

5    was granted at the first level of review and the third-party inmate did not resubmit it.  (*Id*.)  The

6    Salinas Valley appeals office does not have access to the third party inmate's central file and does

7    not maintain copies of the appeal documents.  (*Id*.)

8        18.    Parrish's appeal number SVSP-13-00340 was initiated on January 17, 2013, and

9    concerns Parrish's claim that Correctional Officer M. Haldeman planted a weapon in his property,

10   falsely charged him with possession of a weapon, and placed him in administrative segregation.

11   (*Id*. ¶ 23, Ex. I.)  The appeal was processed as a staff complaint, a confidential inquiry was

12   completed, and a determination was made that the correctional staff did not violate CDCR policy.

13   (*Id*.)  On May 13, 2013, the Office of Appeals denied Parrish's appeal number SVSP-13-00340 at

14   the third level of review, concurring with the second level decision that staff acted in compliance

15   with departmental policy.  (*Id*.)

16       19.    Inmates seeking to resolve their grievances through the inmate-appeal process must

17   submit inmate grievances on a Form 602 describing the specific issue under appeal and the relief

18   requested.  (*Id*. ¶ 24 (citing Cal. Code Regs. tit. 15, § 3084.2(a) (2012).))  With the exception of

19   appeal number SVSP-10-02229, which concerns the use-of-force during a cell extraction by

20   Defendants Salazar, R. Machuca, Powell, A. Machuca, and Sanudo, and appeal number SVSP-

21   13-00340, which concerns the alleged planting of a weapon in Parrish's personal property by

22   Defendant Haldeman, the Salinas Valley inmate appeals office has no record of Parrish

23   submitting any grievances against Defendants Salazar, R. Machuca, Powell, A. Machuca,

24   Sanudo, or Haldeman for retaliation or conspiracy.  (Decl. Medina ¶ 24.)

25       20.    With the exception of the allegations in appeal numbers SVSP-10-02229 and SVSP-

26   13-00340, the Office of Appeals has no record of Parrish submitting a grievance to the third level

27   of review regarding retaliation (including, but not limited to, the issuance of false disciplinary

28   reports), conspiracy (including, but not limited to, the cover-up of excessive force), destruction of

1   property, and improper investigations during the period from June 2010 to the present.  (Decl.

2   Zamora Supp. Defs.' Mot. Dismiss (Decl. Zamora) ¶ 9, Ex. A.)

3        21.   Neither of Parrish's exhausted appeals, SVSP-10-02229 or SVSP-13-00340, mention

4   Lieutenant G. Salazar or Officer A. Machuca.  (Decl. Zamora ¶ 10.)  The Office of Appeals has

5   no record of Parrish submitting a grievance regarding the actions of Lieutenant G. Salazar or

6   Officer A. Machuca to the third level of review during the period from June 2010 to the present.

7   (*Id.*)  Had other grievances been accepted by the Office of Appeals for review, the grievance

8   would have been assigned a log number, entered into the Office of Appeals electronic database,

9   and responded to within the permitted time constraints.  (*Id.*)  The Office of Appeals has no

10  record of any such grievances.  (*Id.*)

**III.   PARRISH'S FIRST AMENDED COMPLAINT.**

12       22.   Parrish filed a First Amended Complaint on November 21, 2013.  (First Am. Compl.,

13  ECF No. 102.)

14      **A.   Parrish's Excessive Force Claim.**

15       23.   In the First Amended Complaint, Parrish alleges that Salinas Valley prison staff,

16  Defendants Salazar, R. Machuca, Powell, A. Machuca, and Sanudo, used excessive force against

17  him during an emergency cell extraction on June 11, 2010.  (*Id.* 11-13, 19-20.)  Parrish claims

18  that the Defendants slammed, beat, kicked, punched, and pepper-sprayed Parrish, and used racial

19  slurs and vulgar insults, solely in retaliation for his act of indecent exposure.  (*Id.* 20:21-23, ¶ 68.)

20  Parrish also claims that Defendants Salazar and R. Machuca instructed Psychiatric Technician

21  Munn, who conducted Parrish's examination immediately following the cell extraction, to not

22  decontaminate him from the effects of the pepper spray used during the cell extraction and to not

23  accurately document his injuries.  (*Id.* 12:15-20, ¶ 42.)

24       24.   Parrish claims that Defendants Salazar, R. Machuca, Powell, A. Machuca, and

25  Sanudo intentionally did not follow proper procedure during Parrish's cell extraction in an effort

26  to conceal their use of excessive force.  (*Id.* 13:11-17, ¶ 45.)

27

28

**B.    Parrish's Property Damage Claim.**

25.    Parrish also alleges that immediately following the cell extraction while he was detained in a holding cell, Defendants Salazar, R. Machuca, Powell, A. Machuca, and Sanudo "destroyed much of Parrish's personal property, including his television, personal photographs, shower shoes and stamps." (*Id*. 13:7-9, ¶ 44.)

**C.    Parrish Retaliation and Conspiracy Claims.**

26.    Parrish claims that Salazar, R. Machuca, Powell, A. Machuca, and Sanudo arranged for a corrupt investigation of the cell extraction. (*Id*. 16, ¶ 53.) Parrish alleges that, despite Defendant Salazar's involvement with the cell extraction and use of excessive force, Salazar was appointed as the chief investigator of Parrish's grievance. (*Id*. 16:6-10, ¶ 53(a).) Parrish claims that he informed Defendant Salazar that he objected to his appointment as the investigator of his grievance. (*Id*.) Parrish claims that Defendant Salazar's report regarding the cell extraction was false and misleading and omitted material facts. (*Id*. 16:17-20, ¶ 54.)

27.    On March 18, 2011, Parrish filed this action. (ECF No. 1.) Parrish claims that at some point before March 1, 2012, Defendant Haldeman, third party co-conspirators, and some, or all, of Defendants Salazar, R. Machuca, Powell, A. Machuca, and Sanudo entered into an agreement with the objective to convince Parrish to abandon this lawsuit. (1st Am. Compl. 17:11-15, ¶ 55.) Parrish claims that the conspiracy included threats of retaliation, unjustified denial of inmate services, improper invasive searches of Parrish's person, destruction of his personal property, and false disciplinary charges. (*Id*. 17:15-18, 23:13-17, ¶¶ 55, 78.)

28.    On or about March 1, 2012, Parrish claims that "close personal friends of Defendant R. Machuca," non-party co-conspirators Valenzuela and Villalobos, informed Parrish that his request to move to a new cell was denied. (*Id*. 17:19-28, ¶ 56.) Parrish claims that Valenzeula and Villalobos admitted that they were retaliating against him for the pursuit of this lawsuit. (*Id*.) Parrish claims that Valenzeula and Villalobos were in a conspiracy with Defendants Salazar, R. Machuca, Powell, A. Machuca, and Sanudo to convince him to abandon this lawsuit. (*Id*.)

29.    On April 6, 2012, Parrish alleges that, a non-party co-conspirator Roberto Machuca, a brother of Defendants R. Machuca and A. Machuca, falsely alleged that Parrish was in possession

12

of a cell phone.  (*Id*. 18:1-14, ¶ 57.)  Parrish claims that he was subjected to a degrading

unclothed body search and cell search as a result of Officer Roberto Machuca's false accusation

and Sergeant Valenzuela's authorization of the search.  (*Id*.)  Parrish claims that Officer Roberto

Machuca and Sergeant Valenzuela's actions confirm that they were part of the Defendants'

conspiracy to pressure Parrish into dismissing this lawsuit.  (*Id*.)

30.    On December 5, 2012, Parrish was returning to Salinas Valley after a settlement

conference at California State Prison, Solano.  (*Id*. 19:1-20, ¶¶ 60-62.)  Parrish claims that while

he was being processed through Salinas Valley's Receiving and Release office, Defendant

Haldeman made derogatory comments about his lawsuit and then planted scissors in Parrish's

personal property and falsely accused him of possession of a weapon.  (*Id*.)  Parrish claims that

Defendant Haldeman's actions confirm that he was part of the Defendants' conspiracy to pressure

Parrish into dismissing the lawsuit.  (*Id*.)

## ARGUMENT

**I.    SEVERAL OF PARRISH'S RETALIATION AND CONSPIRACY CLAIMS MUST BE DISMISSED BECAUSE PARRISH FAILED TO ADMINISTRATIVELY EXHAUST THE CLAIMS BEFORE FILING SUIT.**

The State of California provides inmates in its custody with an extensive administrative

appeals process to grieve any issues that the inmates "can demonstrate as having an adverse effect

upon their welfare."  Cal. Code Regs. tit. 15, §§ 3084.1(a), 3084.5 (2011).  To file an

administrative appeal, the inmate "shall use a CDC Form 602 . . . Inmate/Parolee Appeal Form, to

describe the problem and the action requested."  *Id*. § 3084.2(a) (2011).  Before January 28, 2011,

the appeals had to be submitted within 15 working days of the event giving rise to them.  Cal.

Code Regs. tit. 15, § 3084.6(c) (2011).  After January 28, 2011, the regulations changed to require

inmate appeals to be submitted within 30 calendar days of the event giving rise to them.  *Id*. §

3084.8(b)(1) (2012).

The PLRA requires inmates to exhaust their available administrative remedies before filing

a federal civil rights action.  42 U.S.C. § 1997e(a).  Currently, the inmate appeals process consists

of three levels of review: (1) first formal level of review, (2) second formal level of review by the

institutional head or designee, and (3) third formal level of review by a designated representative

13

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                    *Parrish v. Solis, et al* (C 11-1438 LHK)

1    of the director under supervision of the Chief of the Office of Appeals.  Cal. Code Regs. tit. 15, §

2    3084.7 (2012).  Before January 28, 2011, the inmate appeal process consisted of four levels of

3    review, which included an informal level of review that preceded the three formal levels of

4    review.  *Id.* § 3084.5 (2011).  In order to satisfy the PLRA's exhaustion requirement, an inmate

5    must pursue an inmate appeal through the lower levels of review and receive a final decision from

6    the third level.  *See* 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81 (2006).

7           **A.    In Ruling on a Motion to Dismiss for Failure to Exhaust Administrative**
               **Remedies, the Court May Consider Matters Outside the Pleadings and**
8              **Decide Disputed Issues of Fact.**

9          The failure to exhaust nonjudicial remedies is a matter in abatement, not going to the merits

10   of the claim, and as such is properly raised in an unenumerated motion to dismiss under Federal

11   Rule of Civil Procedure 12(b).  *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) (citing

12   *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368-69 (9th Cir. 1988));

13   *Stauffer Chemical Co. v. Food & Drug Admin.*, 670 F.2d 106, 108 (9th Cir. 1982).  In deciding a

14   motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the

15   pleadings and decide disputed issues of fact.  *Ritza*, 837 F.2d at 369.  If the district court

16   concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is

17   dismissal of the claim without prejudice.  *Id.* at 368 & n.3.

18         Under *Wyatt*, *Ritza*, and the other authorities cited above, in ruling on this motion, the Court

19   may properly look to the declarations of J. Zamora, the acting Chief of the Office of Appeals, and

20   E. Medina, the appeals coordinator at Salinas Valley.  (Decl. Zamora; Decl. Medina.)  This

21   evidence shows that Parrish did not obtain or even seek a third level decision for his retaliation

22   claims against Defendants Salazar, R. Machuca, Powell, A. Machuca, and Sanudo.  The evidence

23   also shows that Parrish did not obtain or seek a third level decision for the conspiracy claims

24   against Defendants Salazar, R. Machuca, Powell, A. Machuca, Sanudo, and Haldeman.  Because

25   Parrish did not pursue these claims through the administrative process before filing this lawsuit,

26   the Court should grant this motion as to those claims.

27         The PLRA mandates that "[n]o action shall be brought with respect to prison conditions . . .

28   by a prisoner . . . until such administrative remedies as are available are exhausted."  42 U.S.C. §

                                                    14

1   1997e(a).  The exhaustion requirement applies even where the relief sought cannot be granted by

2   the administrative process.  *Booth v. Churner*, 532 U.S. 731, 734 (2001).  Exhaustion must occur

3   before filing suit; exhaustion "subsequent to filing suit will not suffice."  *McKinney v. Carey*, 311

4   F.3d 1198, 1199 (9th Cir. 2002); *see also Vaden v. Summerhill*, 449 F.3d 1047 (9th Cir. 2006).

5   Exhaustion is mandatory and is not left to the discretion of the court.  *Booth*, 532 U.S. at 739.

6   When there is no pre-suit exhaustion, a court must dismiss the complaint without prejudice.

7   *McKinney*, 311 F.3d at 1200-01.  Under the controlling authorities cited above, Parrish cannot

8   assert a claim in this action that he has not pursued through the third level of the available

9   administrative process.

10        **B.      Parrish Did Not Exhaust His Claim that Defendants Salazar, R. Machuca,**
11        **Powell, A. Machuca, and Sanudo Destroyed His Personal Property.**

12        Parrish also alleges that immediately following the cell extraction while he was detained in

13  a holding cell, Defendants Salazar, R. Machuca, Powell, A. Machuca, and Sanudo "destroyed

14  much of Parrish's personal property, including his television, personal photographs, shower shoes

15  and stamps."  (First Am. Compl. 13:7-9, ¶ 44, ECF No. 102.)  Parrish claims that the destruction

16  of his personal property was part of a conspiracy by the Defendants against him.  (*Id.* 23:13-17, ¶

17  78.)

18        The only appeal that Parrish pursued regarding the loss or destruction of personal property

19  following June 11, 2010 is appeal number SVSP-10-02809.  (*See* Decl. Medina ¶ 12-23, Exs. B-

20  I.)  In appeal number SVSP-10-02809, Parrish alleges that items of his personal property were

21  lost after his June 11, 2010 cell extraction and transfer to the Correctional Treatment Center.

22  (Decl. Medina ¶ 14, Ex. D.)  Appeal number SVSP-10-02809 was denied at the first level of

23  review after it was determined that Parrish's property was not lost, but was being held in the

24  administrative segregation property room and would be returned to Parrish upon his release from

25  administrative segregation.  (*Id.*)  Parrish was informed that he could appeal the denial to the

26  second level of review, but there is no evidence that Parrish pursued the appeal beyond the first

27  level.  (*Id.*)

28

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                    *Parrish v. Solis, et al* (C 11-1438 LHK)

1    The Supreme Court recognizes that the PLRA demands "proper exhaustion" of the

2    administrative process prior to suit. *Woodford*, 548 U.S. at 92. "Proper exhaustion" requires

3    compliance with the agency's deadlines and other critical procedural rules. *Id.* at 90-91. So long

4    as relief is available through the administrative process, Parrish was obligated to exhaust every

5    level of appeal. *Brown v. Valoff*, 422 F.3d 926, 937 (9th Cir. 2005). The Office of Appeals

6    indicated that it has no record of Parrish submitting a grievance to the third level of review

7    regarding retaliation, conspiracy, or destruction of property. (Decl. Zamora ¶ 9.) Because Parrish

8    did not pursue an inmate appeal regarding this claim to the third level of review and receive a

9    final decision from the Office of Appeals, he did properly exhaust his administrative remedies for

10   the claim and it should be dismissed. *See* Cal. Code Regs. tit. 15, § 3084.5 (2011), repealed by

11   Cal. Code Regs. tit. 15, § 3084.7 (2012); *Woodford*, 548 U.S. at 85-86.

12   **C.    Parrish Did Not Pursue a Grievance Regarding His Claim that Defendants Salazar, R. Machuca, Powell, A. Machuca, and Sanudo Retaliated and**
13   **Conspired Against Him by Conducting a Corrupt Investigation.**

14   In his First Amended Complaint, Parrish claims that Salazar, R. Machuca, Powell, A.

15   Machuca, and Sanudo arranged for a corrupt investigation regarding the force used during

16   Parrish's cell extraction. (First Am. Compl. 16, ¶ 53, ECF No. 102.) Parrish alleges that despite

17   Defendant Salazar's involvement with the cell extraction and use-of-force, Salazar was

18   inappropriately appointed as the chief investigator of Parrish's grievance. (*Id.* 16:6-10, ¶ 53(a).)

19   Parrish claims that he informed Defendant Salazar that he objected to his appointment as the

20   investigator of his grievance, but Salazar ignored his objection. (*Id.*) The First Amended

21   Complaint alleges that the manner in which Defendant Salazar conducted the investigation was

22   inappropriate. (*Id.* 16:6-16, ¶ 53(a)-(f).) Finally, Parrish concludes that Defendant Salazar's

23   October 7, 2010 report regarding the cell extraction was false and misleading and omitted

24   material facts. (*Id.* 16:17-20, ¶ 54.)

25   But Parrish only pursued one appeal regarding the June 11, 2010 cell extraction (appeal

26   number SVSP-10-02229), and there is no evidence that Parrish pursued the claims that he now

27   asserts regarding the investigations related to the cell extraction and use-of-force. (*See* Decl.

28   Medina ¶ 12-23, Exs. B-I.) An appeal suffices to exhaust a claim if it puts the prison on adequate

16

1   notice of the problem for which the prisoner seeks redress.  *Sapp*, 623 F.3d at 824.  To provide

2   adequate notice, the prisoner is required to provide the level of detail required by the prison's

3   regulations.  *Id*. (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007)).  The California regulations

4   require that an inmate describe the problem and the action requested.  Cal. Code Regs. tit. 15, §

5   3084.2(a) (2011).

6        Parrish failed to put the prison on notice that he believed Defendant Salazar or any other

7   Defendants were conducting an inappropriate investigation of the cell extraction and use-of-force.

8   Specifically, appeal number SVSP-10-02229 does not address the claim that Defendants Salazar,

9   R. Machuca, Powell, A. Machuca, and Sanudo conducted an improper investigation of the force

10  used during the cell extraction.  (Decl. Medina ¶ 12, Exs. B.)  Furthermore, the grievance does

11  not address Parrish's claim that Defendant Salazar was inappropriately appointed to investigate

12  the cell extraction despite Parrish opposition.  (*See id*.; 1ˢᵗ Am. Compl. 16-17, ¶¶ 53-54.)  The

13  Office of Appeals has no record of Parrish submitting an appeal to the third level of review

14  regarding the actions of Lieutenant Salazar or improper investigations after the June 11, 2010 cell

15  extraction.  (Decl. Zamora ¶¶ 9-10.)  Because Parrish did not pursue an inmate grievance

16  regarding this claim to the third level of review and because he did not receive a final decision

17  from the Office of Appeals, he did properly exhaust his administrative remedies and his

18  retaliation claim should be dismissed.  *See* Cal. Code Regs. tit. 15, § 3084.5 (2011), repealed by

19  Cal. Code Regs. tit. 15, § 3084.7 (2012); *Woodford*, 548 U.S. at 85-86.

20       **D.     Parrish Did Not Pursue a Grievance that Defendants Salazar, R. Machuca,
             Powell, A. Machuca, and Sanudo Conspired with Sergeant Valenzuela and
21           Officer Villalobos to Deny His Request for a Cell Move.**

22       In his First Amended Complaint, Parrish claims that the Defendants conspired with

23  Sergeant Valenzuela and Officer Villalobos in an attempt to convince him to abandon this lawsuit.

24  (First Am. Compl. 17:19-28, ¶ 56, ECF No. 102.)  On or about March 1, 2012, Parrish claims that

25  the "close personal friends of Defendant R. Machuca," Valenzuela and Villalobos, informed

26  Parrish that his request to move to a new cell was denied.  (*Id*. 17:19-28, ¶ 56.)  Parrish claims

27  that Valenzeula and Villalobos admitted that they were retaliating against him for pursuing this

28

17

1   lawsuit.  (*Id.*)  Parrish suggests that Defendants Salazar, R. Machuca, Powell, A. Machuca were at

2   least partially responsible for the denial of his cell-move request.  (*Id.*)

3        But Parrish only pursued one appeal regarding Officer Villalobos, appeal number SVSP-12-

4   01365.  (*See* Decl. Medina ¶ 12-23, Exs. B-I.)  SVSP-12-01365 was initiated on April 11, 2012,

5   and consists of a letter complaining of unspecified retaliatory acts by Officers R. Machuca (the

6   brother of Defendant/Sergeant R. Machuca) and A. Villalobos.  (*Id.* ¶ 19, Ex. F.)  Appeal number

7   SVSP-12-01365 was cancelled at the first level of review on April 20, 2012, because Parrish

8   failed to state facts or specify an act or decision consistent with the allegation.  (*Id.* (citing Cal.

9   Code Regs. tit. 15, § 3084.6(b)(6).))  Parrish was advised that a separate appeal could be pursued

10  regarding the cancellation decision, but there is no evidence that Parrish appealed the cancellation

11  decision.  (*Id.*)

12       As previously discussed, an inmate appeal suffices to exhaust a claim if it puts the prison on

13  adequate notice of the problem for which the prisoner seeks redress.  *Sapp*, 623 F.3d at 824.  And

14  the California regulations require that an inmate describe the problem and the action requested.

15  Cal. Code Regs. tit. 15, § 3084.2(a) (2011). Parrish, however, failed to put the prison on notice

16  that he believed the Defendants were conspiring with Sergeant Valenzuela and Officer Villalobos

17  to dissuade him from pursuing this lawsuit.  (*See* Decl. Medina ¶ 12-23, Exs. B-I.)  The Office of

18  Appeals has no record of Parrish submitting a grievance to the third level of review regarding

19  retaliation or conspiracy.  (Decl. Zamora ¶ 9.)  Because Parrish did not pursue an inmate

20  grievance regarding this claim to the third level of review and receive a final decision from the

21  Office of Appeals, he did properly exhaust his administrative remedies for the claim and it should

22  be dismissed.  *See* Cal. Code Regs. tit. 15, § 3084.5 (2011), repealed by Cal. Code Regs. tit. 15, §

23  3084.7 (2012); *Woodford*, 548 U.S. at 85-86.

24       **E.    Parrish Failed to Exhaust His Claim that the Defendants Conspired with
             Officer Roberto Machuca and Sergeant Valenzuela to Conduct an
25           Inappropriate Search of Parrish's Body and Cell.**

26       In his First Amended Complaint, Parrish alleges that on April 6, 2012, Officer Roberto

27  Machuca, a brother of Defendants R. Machuca and A. Machuca, falsely alleged that Parrish was

28  in possession of a cell phone.  (First Am. Compl. 18:1-14, ¶ 57, ECF No. 102.)  Parrish claims

                                              18

1   that he was subjected to a degrading unclothed body search and cell search as a result of Officer

2   R. Machuca's false accusation and Sergeant Valenzuela's authorization of the search.  (*Id*.)

3   Parrish claims that Officer Roberto Machuca and Sergeant Valenzuela's actions confirm that they

4   were part of the Defendants' conspiracy to pressure Parrish into dismissing this lawsuit.  (*Id*.)

5        Parrish only pursued one appeal regarding Officer Roberto Machuca and Sergeant

6   Valenzuela's search of Parrish's body and cell, appeal number SVSP-12-01449.  (*See* Decl.

7   Medina ¶ 12-23, Exs. B-I.)  Appeal number SVSP-L-12-01449 was initiated on April 16, 2012,

8   and concerns Parrish's claim that Officer Roberto Machuca (the brother of Defendant/Sergeant R.

9   Machuca) falsely accused Parrish of possessing a cell phone, which resulted in correctional staff

10  searching Parrish's cell and conducting a strip search of Parrish.  (*Id*. ¶ 20, Ex. G.)  Appeal

11  number SVSP-L-12-01449 was partially granted at the second level of review on May 29, 2012.

12  (*Id*.)  Parrish was informed that he could pursue the appeal to the third level of review, but there is

13  no evidence that Parrish pursued the appeal further.  (*Id*.)

14       The Supreme Court recognizes that the PLRA demands "proper exhaustion" of the

15  administrative process prior to suit.  *Woodford*, 548 U.S. at 92.  "Proper exhaustion" requires

16  compliance with the agency's deadlines and other critical procedural rules.  *Id.* at 90-91.  So long

17  as relief is available through the administrative process, Parrish was obligated to exhaust every

18  level of appeal.  *Valoff*, 422 F.3d at 937.  The Office of Appeals has no record of Parrish

19  submitting an appeal to the third level of review regarding his conspiracy claim.  (Decl. Zamora ¶

20  9.)  Because Parrish did not pursue an inmate grievance regarding this claim to the third level of

21  review and he did not receive a final decision from the Office of Appeals, he did not  properly

22  exhaust his administrative remedies for the claim and it should be dismissed.  *See* Cal. Code

23  Regs. tit. 15, § 3084.5 (2011), repealed by Cal. Code Regs. tit. 15, § 3084.7 (2012); *Woodford*,

24  548 U.S. at 85-86.

25        **F.    Parrish Did Not Pursue a Grievance that the Defendants Entered a**
          **Conspiracy to Deter Him from Pursuing this Lawsuit.**
26

27       In his First Amended Complaint, Parrish alleges that all of the Defendants, including

28  Defendant Haldeman, entered a conspiracy to use force, intimidation, and threats to deter Parrish

19

1  from pursuing this lawsuit.  (First Am. Compl. 23:6-9, ¶ 78, ECF No. 102.)  Parrish claims that at

2  some time before March 1, 2012, all of the Defendants entered into an agreement with the

3  objective of convincing Parrish to abandon this lawsuit.  (*Id*. 17:11-15, ¶ 55.)  Then on December

4  5, 2012, Parrish claims that Defendant Haldeman overheard Parrish talking about the lawsuit,

5  made a derogatory comment about Parrish's pursuit of the lawsuit, and planted a half-pair of

6  scissors in Parrish's personal property.  (*Id*. 19:4-13, ¶¶ 60-61.)  Parrish argues that Defendant

7  Haldeman's actions on December 5, 2012 establish "his membership in the conspiracy to pressure

8  Parrish into dismissing this lawsuit"  (*Id*. 19:13-15, ¶ 61.)

9       But Parrish only pursued one grievance regarding Defendant Haldeman and the alleged

10  scissor incident, appeal number SVSP-13-00340, and the grievance did not include any

11  allegations regarding the conspiracy claim that he now alleges against the Defendants.  (*See* Decl.

12  Medina ¶ 23, Ex. I.)  A grievance suffices to exhaust a claim if it puts the prison on adequate

13  notice of the problem for which the prisoner seeks redress.  *Sapp*, 623 F.3d at 824.  To provide

14  adequate notice, the prisoner is required to provide the level of detail required by the prison's

15  regulations.  *Id*. (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007)).  The California regulations

16  require that an inmate describe the problem and the action requested.  Cal. Code Regs. tit. 15, §

17  3084.2(a) (2011). Parrish, however, failed to put the prison on notice that he believed Defendant

18  Haldeman and the other Defendants entered into a conspiracy to deter him from pursuing this

19  lawsuit.

20       Appeal number SVSP-13-00340 concerns Parrish's claim that Correctional Officer M.

21  Haldeman planted a weapon in his property, falsely charged him with possession of a weapon,

22  and placed him in administrative segregation.  (Decl. Medina ¶ 23, Ex. I.)  The appeal was

23  processed as a staff complaint, a confidential inquiry was completed, and a determination was

24  made that the correctional staff did not violate CDCR policy.  (*Id*.)  On May 13, 2013, the Office

25  of Appeals denied Parrish's appeal number SVSP-L-13-00340 at the third level of review,

26  concurring with the second level decision that staff was in compliance with departmental policy.

27  (*Id*.)  Appeal number SVSP-13-00340 does not address Parrish's claim that Defendant

28  Haldeman's alleged actions on December 5, 2012 were the result of a conspiracy between Officer

20

1   Haldeman and the other Defendants.  (*Id*.)   The Office of Appeals has no record of Parrish

2   submitting a grievance to the third level of review regarding conspiracy (including, but not

3   limited to, the cover-up of excessive force).  (Decl. Zamora ¶ 9.)  Because Parrish did not pursue

4   an inmate grievance regarding this claim to the third level of review and because he did not

5   receive a final decision from the Office of Appeals, he did properly exhaust his administrative

6   remedies for the claim and it should be dismissed.  *See* Cal. Code Regs. tit. 15, § 3084.5 (2011),

7   repealed by Cal. Code Regs. tit. 15, § 3084.7 (2012); *Woodford*, 548 U.S. at 85-86.

8   **II.    PARRISH FAILS TO STATE RETALIATION CLAIMS AGAINST THE DEFENDANTS.**

9       Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and

10   plain statement of the claim showing that the pleader is entitled to relief."  And although the

11   pleading standard does not require detailed "factual allegations," it demands more than an

12   unadorned, the-defendant-unlawfully-harmed-me allegation.  *Bell Atlantic Corp. v. Twombly*, 550

13   U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  A complaint must

14   "contain either direct or inferential allegations respecting all the material elements necessary to

15   sustain recovery under some viable legal theory."  *Car Carriers, Inc. v. Ford Motor Co*., 745 F.2d

16   1101, 1106 (7th Cir. 1984).

17       To establish a retaliation claim, Parrish must allege facts that the: (1) Defendants took some

18   adverse action against him, (2) because of, (3) his protected conduct, (4) that such an action

19   chilled Parrish's exercise of First Amendment rights, and (5) Defendants' actions did not

20   reasonably advance a legitimate penological goal.  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th

21   Cir. 2005).

22   **A.    Parrish's Allegations are Insufficient to State a Retaliation Claim Against
          Defendant Haldeman.**

23

24       Parrish alleges that Defendant Haldeman framed him for the false charge of possession of a

25   weapon in retaliation for Parrish bringing this lawsuit.  (First Am. Compl. 22:4-7, ¶ 74, ECF No.

26   102.)  On December 5, 2012, Parrish claims that Officer Haldeman planted a half-pair of scissors

27   in his legal materials to falsely charge him with possession of a weapon.  (*Id*. 22:7-9.)

28

It is undisputed that Parrish's complaints about his conditions of confinement are protected conduct under the First Amendment. *See Brodheim v. Cry*, 584 F.3d 1262 (9th Cir. 2009) ("It is well-established that, among the rights they retain, prisoners have a First Amendment right to file prison grievances.")   Nor is it disputed that Parrish suffered an adverse action by receiving a disciplinary charge for possessing a weapon-he was ultimately found guilty and lost 360 days of behavioral credit.  But the other elements of Parrish's retaliation claim – whether there was a causal connection between his protected conduct and the adverse action he suffered, whether the adverse action had a chilling effect on Parrish's First Amendment rights, and whether Defendant Haldeman's actions did not advance a legitimate penological goal – have not been alleged.

### 1.   Parrish's Lawsuit Was Not the "Substantial" or "Motivating" Factor Behind Defendant Haldeman's Issuance of a Disciplinary Charge.

Although complaining about one's conditions of confinement is a protected exercise of constitutional rights, *see Rhodes*, 408 F.3d at 567, a mere allegation that a retaliatory action occurred after grievances were filed does not, alone, establish retaliation.  *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (stating that a retaliation claim cannot be based on the logical fallacy of *post hoc, ego propter hoc*, i.e. "after this, therefore, because of this").  Rather, to allege that retaliation occurred "because of" protected conduct, Parrish must allege that "the protected conduct was a 'substantial' or 'motivating' factor in the defendants' decision." *Soranno's Gasco Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989) (quoting *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).  And Defendant Haldeman can demonstrate that the alleged retaliation did not occur "because of" protected conduct if he "would have reached the same decision in the absence of the protected conduct."  *Id*. at 1315.

Here, Defendant Haldeman had a non-retaliatory purpose for issuing Parrish a disciplinary charge:  Officer Haldeman found sharpened scissors in Parrish's personal property, which could easily be used as a weapon.  *See* Cal. Code Regs. tit. 15, § 3006(a) (2001).  Thus, Defendant Haldeman acted within his discretion when he issued Parrish a disciplinary charge.  The discovery of scissors that had been fashioned into a weapon was a sufficient reason for Defendant Haldeman to issue the disciplinary charge even "in the absence of protected conduct." *Id*. at

22

1315.  Accordingly, any alleged retaliatory motive could not have been the substantial or

motivating factor behind Defendant Haldeman's decision to issue the disciplinary charge.

### 2.   Defendant Haldeman's Issuance of the Disciplinary Charge Did Not Have a Chilling Effect on Parrish's First Amendment Rights.

Moreover, Parrish fails to allege facts showing how Defendant Haldeman's action had a

chilling effect on his First Amendment rights.  As mentioned above, to state a claim of retaliation,

Parrish must allege each element of retaliation, including whether the Defendant's adverse action

had a "chilling effect" on his free speech rights.  *Rhodes*, 408 F.3d at 568-69; *Pratt*, 65 F.3d at

806.  The standard for determining whether an adverse action had a "chilling effect" is whether

such activity would chill the speech of a reasonable person of ordinary firmness.  *Id.*  But the

adverse action does not have to actually silence speech to be considered "chilling."  *Id.*  Here,

Parrish makes no argument that his ability to litigate this lawsuit was impeded in anyway by the

issuance of the disciplinary charge for possession of a weapon.  Because Parrish fails to allege

how his First Amendment rights were chilled, he fails to adequately allege a claim for retaliation.

### 3.   The Disciplinary Charge Served a Legitimate Penological Goal.

The Supreme Court has indicated that prison officials should be afforded "appropriate

deference and flexibility" in managing "'a volatile environment,' especially with regard to 'the

fine-tuning of the ordinary incidents of prison life.'"  *Sandin v. Conner*, 515 U.S. 472, 482-83

(1995).  "Legitimate goals of a correctional institution include the preservation of an internal

order and discipline and the maintenance of institutional security."  *Schroeder v. McDonald*, 55

F.3d 454, 461 (9th Cir. 1995).  Thus, inmates are required to obey the rules and regulations of a

prison.  If an inmate found to be in possession of a weapon, it may create a dangerous situation

that threatens the safety and security of inmates and prison staff.

Here, Parrish was found to be in possession of a half-pair of sharpened scissors, which

could be used as a weapon to inflict potentially serious injuries to inmates and staff.  Therefore,

Defendant Haldeman was within his authority to issue a disciplinary charge to Parrish.  Because

Defendant Haldeman's actions advanced the legitimate penological interest of preserving

institutional order and security, Parrish cannot allege the absence of a legitimate penological goal.

23

1   Because Parrish is unable to allege the absence of a legitimate penological purpose for the

2   disciplinary charge, he fails to adequately allege a claim of retaliation.

3       **B.      Parrish's Allegations are Insufficient to State a Retaliation Claim Against
                  Defendants Salazar, R. Machuca, Powell, A. Machuca, and Sanudo.**

4

5       Parrish asserts that he has a right to petition the government for a redress of grievances and

6   that he is entitled to file this lawsuit to address the injuries that he has suffered as a result of the

7   Defendants' assault.  (First Am. Compl. 21:25-27, ¶ 73, ECF No. 102.)  Parrish then claims that

8   Defendants Salazar, R. Machuca, Powell, A. Machuca, and Sanudo retaliated against Parrish for

9   pursuing a grievance by agreeing to cover up their malicious and sadistic assault and file false and

10  misleading reports in violation of CDCR and Salinas Valley regulations.  (*Id.* 21-22.)  But Parrish

11  did not initiate his grievance, appeal number SVSP-10-02229, until August 24, 2010, over two

12  months after the cell extraction, and well after the Defendants had prepared their incident reports.

13  (*See* Decl. Medina ¶ 12, Ex. B.)  Parrish implies that the Defendants prepared false and

14  misleading reports in retaliation for a grievance and lawsuit that he had not yet filed.  Parrish fails

15  to state a retaliation claim against Defendants Salazar, R. Machuca, Powell, A. Machuca, and

16  Sanudo because he fails to articulate the adverse action that the Defendants supposedly took in

17  response to his grievance or lawsuit.

18

19

20

21

22

23

24

25

26

27

28

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                    *Parrish v. Solis, et al* (C 11-1438 LHK)

1

**CONCLUSION**

2     Parrish failed to exhaust administrative remedies for several of the retaliation and

3 conspiracy claims in this lawsuit in accordance with 42 U.S.C. § 1997e(a).  Parrish did not

4 exhaust inmate grievances for his claims that the Defendants destroyed his personal property,

5 retaliated and conspired against him by conducting a corrupt investigation, conspired with

6 Sergeant Valenzuela and Officer Villalobos to deny his request for a cell move, conspired with

7 Officer Roberto Machuca and Sergeant Valenzuela to conduct an inappropriate search of

8 Parrish's person and cell, and conspired amongst themselves to deter him from pursuing this

9 lawsuit.  Because Parrish did not exhaust administrative remedies for these claims before filing

10 suit, Defendants respectfully request that these claims be dismissed without prejudice.  42 U.S.C.

11 § 1997e(a).  In addition, Parrish's allegation are insufficient to state retaliation claims against any

12 of the Defendants.  On that basis, Defendants' motion to dismiss should be granted in its entirety.

13

14

Dated:  December 27, 2013                          Respectfully Submitted,

15

16                                                                KAMALA D. HARRIS
                                                                       Attorney General of California
17                                                                DANIELLE F. O'BANNON
                                                                       Supervising Deputy Attorney General
18

19

20                                                                /s/ D. Robert Duncan
                                                                       D. ROBERT DUNCAN
21                                                                Deputy Attorney General
                                                                       *Attorneys for Defendants*
22                                                                *Salazar, Sanudo, Powell, R. Machuca, A.*
                                                                       *Machuca, and M. Haldeman*

23 SF2011201829
     40850582.doc
24

25

26

27

28

# CERTIFICATE OF SERVICE

Case Name:   **Parrish v. Solis, et al.**           No.    C 11-1438 LHK

I hereby certify that on <u>December 27, 2013,</u> I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER RULE 12(b); MEMORANDUM OF POINTS AND AUTHORITIES**

**DECLARATION OF E. MEDINA IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**DECLARATION OF J. ZAMORA IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>December 27, 2013,</u> at San Francisco, California.

|   |   |
|---|---|
| L. Santos | */s/ L. Santos* |
| Declarant | Signature |

40850694.doc