1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

KAHEAL PARRISH,

             Plaintiff,

      v.

A. SOLIS, and others,

             Defendants.

Case No. 11-cv-01438 LHK (NC)

**ORDER GRANTING IN PART PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY FROM DEFENDANTS AND THIRD-PARTIES CDCR, SVSP, OIG, and R.C. MACHUCA**

Dkt. 110, 135, 144, 147, and 161

      In this § 1983 civil rights case against correctional officers at the Salinas Valley State Prison (SVSP), Kaheal Parrish moves to compel discovery from the officer defendants and from third-parties SVSP, California Department of Corrections and Rehabilitation (CDCR), Office of the Inspector General (OIG), and officer R.C. Machuca.  The discovery disputes are set forth in five joint letter briefs.  The Court grants the motions in part and orders the discovery to be produced to Parrish subject to the terms of an existing protective order.

## I. BACKGROUND

### A.    The First Amended Complaint

      The operative complaint is the First Amended Complaint.  Dkt. 120.  District Court Judge Lucy H. Koh recently described Parrish's claim while granting in part and denying in part defendants' motion to dismiss.  Dkt. 157.  In sum, Parrish is an inmate of the CDCR

1   and previously was incarcerated at SVSP, where the alleged constitutional violations

2   occurred.  Defendants are correctional officers and officials at SVSP.  Parrish alleges that

3   certain of the defendants violated his constitutional rights during a forcible cell extraction

4   on June 11, 2010.  He alleges other officers covered up the violations.  Parrish filed this

5   lawsuit in March 2011.  Parrish alleges that officers retaliated against him both for filing

6   the lawsuit and then not settling it.  Parrish specifically alleges that on December 5, 2012,

7   one officer framed him by planting scissors in Parrish's prison property so that Parrish

8   would be punished in retaliation for pursuing this lawsuit.  Finally, Parrish alleges that

9   some or all of the defendants are members of a vigilante prison guard group called the

10  "Green Wall" gang.

11  **B.    Discovery Background**

12          Judge Koh referred all discovery to Magistrate Judge Cousins.  Dkt. 158.  The fact

13  discovery deadline is August 1, 2014.  *Id.*  Trial by jury is scheduled for December 8, 2014.

14  In May 2013, the parties agreed to, and the Court approved, a protective order regulating

15  the production and use of discovery in this case.  Dkt. 90.  The protective order includes a

16  designation of "Confidential – Attorneys' Eyes Only" for materials that constitute or

17  disclose information which "threatens prison safety or security, or the safety or security of

18  any inmate or prison staff."  Dkt. 90, protective order ¶ 2.2.

19          The Magistrate Judge held a hearing on the five discovery letter briefs on May 22,

20  2014.  At the hearing, the Magistrate Judge accepted from CDCR materials for in camera

21  review marked SVSP 1-213.  The Magistrate Judge also permitted CDCR to file a proposed

22  order.  Dkt. 165.  The Magistrate Judge has considered all the information presented and

23  issues this order resolving docket entries 110, 135, 144, 147, and 161.

24  **C.    Discovery Disputes**

25          **1.    Discovery Letter Dkt. 110**

26          In the first discovery dispute, dkt. 110, Parrish seeks disciplinary records for six

27  defendants (Salazar, Sanudo, A. Machuca, R. Machuca, Powell, and Haldeman).  Parrish

28  contends that these records are relevant to whether these defendants were justified in their

1  use of force against him, or whether they used force "maliciously and sadistically . . . to

2  cause harm" in violation of Section 1983 and the Eighth Amendment.  *Hudson v.*

3  *McMillian*, 503 U.S. 1, 9 (1992).

4      Defendants refuse to produce their disciplinary records on the following grounds:   (1)

5  privileges allegedly arising under the California Government Code § 6254.3, California

6  Penal Code §§ 832.7, 832.8 and CDCR's Department Operations Manual § 13040; (2) the

7  right to privacy; (3) the "official information" privilege; and (4) relevance under the Federal

8  Rules of Evidence 403 and 404(b).  Defendants also request that the Court review

9  responsive documents in camera to determine if they are relevant.

10      **2.**    **Discovery Letter Dkt. 135**

11      In the second discovery dispute, dkt. 135, Parrish moves to discover from defendants

12  nine complaints of staff misconduct lodged against defendants by non-parties and the

13  reports summarizing the outcome of inquiries into those complaints.  Defendants again

14  assert relevance and state law privilege objections.

15      **3.**    **Discovery Letter Dkt. 144**

16      In the third discovery dispute, dkt. 144, Parrish moves to discover from third parties

17  CDCR and SVSP: (1) any internal investigations conducted by CDCR or SVSP concerning

18  the use of force at SVSP (Request No. 20); and (2) any formal or informal complaints,

19  including internal staff complaints or citizen complaints alleging the excessive use of force

20  at SVSP (Request No. 21).  CDCR and SVSP assert relevance and state law privilege

21  objections.

22      **4.**    **Discovery Letter Dkt. 147**

23      In the fourth discovery dispute, dkt. 147, Parrish moves to discover from third party

24  OIG: (1) "Green Wall" gang and "code of silence" activity at SVSP; and (2) complaints of,

25  and internal investigations concerning, excessive use of force and other misconduct by

26  defendants and non-party co-conspirators.  OIG is an independent state agency, statutorily

27  tasked under the California Penal Code to oversee CDCR.  Among the OIG's

28  responsibilities is the contemporaneous oversight of the CDCR's disciplinary process of

CDCR employees and internal affairs investigations.  Cal. Pen. Code § 6126(a). Here, OIG asserts that the discovery sought is largely duplicative of records sought from defendants and CDCR.  OIG also asserts relevance, privilege, and confidentiality objections.

### 5.   Discovery Letter Dkt. 161

Finally, in the fifth discovery dispute, dkt. 161, Parrish moves to discover from non-party R.C. Machuca, CDCR, and SVSP records relating to R.C. Machuca: (1) the April 6, 2012, accusation that Parrish possessed a contraband cell phone and the subsequent strip and cavity search of Parrish and search of Parrish's cell (Requests Nos. 1-3); (2) R.C. Machuca's personnel and employment records (Request No. 4); (3) R.C. Machuca's disciplinary records (Request No. 5); and (4) R.C. Machuca's communications with defendants or their non-party co-conspirators concerning Parrish, the "Green Wall" gang, the "code of silence," the June 11, 2010, cell extraction of Parrish, the April 6, 2012, search of Parrish and his cell, and the December 5, 2012, incident when Parrish was accused of possessing scissors (Requests Nos. 6-13).

## II. LEGAL STANDARD

The general scope of civil discovery includes any nonprivileged matter that is relevant to any party's claim or defense.  Relevant information need not be admissible if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).  Even when the information sought by the parties in a civil lawsuit is relevant, the Court must limit the scope of discovery if it determines that (1) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; (2) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or (3) "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."  Fed. R. Civ. P. 26(b)(2)(C).  In other words, the Court seeks to "strike[] the proper balance between permitting relevant discovery and limiting the scope

and burdens of the discovery to what is proportional to the case." *Kaiser v. BMW of N. Am., LLC*, No. 12-cv-01311 DMR, 2013 WL 1856578, at *3 (N.D. Cal. May 2, 2013).

# III. ANALYSIS

## A.   Relevance

The allegations in this case go beyond a single use of excessive force.  Parrish alleges a conspiracy to violate his constitutional rights involving multiple correctional officers at SVSP in an alleged gang that imposed a "code of silence."  He alleges that officers covered up the initial constitutional violation and then retaliated against him for asserting his legal claims.

Generally speaking, the Court finds that the materials demanded by Parrish are reasonably calculated to lead to the discovery of admissible evidence about whether or not there was a conspiracy; who conspired; when, where and why they conspired; what acts were carried out by the conspirators; and whether the force used against Parrish was used maliciously.  Fed. R. Civ. P. 26(b)(1).

As applied to specific materials identified in the discovery letter briefs, the Court finds as follows concerning relevance:

### 1.        Discovery Letter Dkt. 110

Defendants' disciplinary records are relevant.

### 2.        Discovery Letters Dkt. 135 and 144

Complaints of staff misconduct against defendants and reports summarizing outcome of inquiries into these complaints; internal investigations by CDCR or SVSP concerning use of force at SVSP; and formal or informal complaints alleging excessive use of force, are all relevant if one or both of the following conditions are met: (1) the complaints or investigations involved plaintiff Parrish; or (2) more than one of the defendants or non-party co-conspirators in this case is identified in the complaint or investigation.  Furthermore, with respect to any internal investigations and incident reports produced in response to this order, the production by CDCR and SVSP is limited to the reports of findings by the investigative agency and incident reports themselves.  CDCR and SVSP do not need to

produce any underlying supporting documents accompanying these reports and

investigations.  These limitations are made in the interest of proportionality.

### 3.  Discovery Letter Dkt. 147

The discovery sought from OIG is mostly duplicative of the discovery the Court is

ordering from defendants, SVSP, and CDCR.  It is denied as unnecessary, with the

exception of one report.  OIG is ordered to produce the "Green Wall" gang investigative

report about SVSP, but may redact the names of persons not defendants in this action.

### 4.  Discovery Letter Dkt. 161

The Court finds that the following materials are relevant: (1) records relating to the

April 6, 2012, accusation that Parrish possessed a contraband cell phone and the subsequent

strip and cavity search of Parrish and search of Parrish's cell (Requests Nos. 1-3); (2) R.C.

Machuca's disciplinary records (Request No. 5); and (3) R.C. Machuca's communications

with defendants or their non-party co-conspirators concerning Parrish, the "Green Wall"

gang, the "code of silence," the June 11, 2010, cell extraction of Parrish, the April 6, 2012,

search of Parrish and his cell, and the December 5, 2012, incident when Parrish was

accused of possessing scissors (Requests Nos. 6-13).  On the other hand, the Court is not

convinced that non-party R.C. Machuca's personnel and employment records (Request No.

4) are relevant.

## B.  Privileges

A finding of relevance does not end the Court's inquiry.  Federal Rule of Civil

Procedure 26(c) provides that a court may limit discovery to protect from annoyance,

embarrassment, oppression, or undue burden or expense.  Furthermore, the federal common

law recognizes a qualified privilege for "official information."  *Sanchez v. Santa Ana*, 936

F.2d 1027, 1033 (9th Cir. 1990); *Jaramillo v. City of San Mateo*, No. 13-cv-00441 NC,

2013 WL 5692425, at *1-2 (N.D. Cal. Oct. 16, 2013).  To determine whether the official

information sought is privileged, courts must do a case-by-case analysis that weighs the

potential benefits of disclosure against the potential disadvantages.  If the latter is greater,

the privilege bars discovery.  *Jaramillo*, 2013 WL 5692425, at *1.

In *Kelly v. City of San Jose*, 114 F.R.D. 653, 660 (N.D. Cal. 1987), magistrate judge Wayne Brazil articulated a test for the qualified "official information" privilege that balances competing societal interests: the interests of law enforcement, the privacy interests of police officers or citizens who provide information to or file complaints against police officers, the interests of civil rights plaintiffs, the policies that inform the national civil rights laws, and the needs of the judicial process.  In civil rights cases, this balancing test is moderately pre-weighted in favor of disclosure.  *Id.* at 662; *Williams v. Cnty. of Alameda*, No. 12-cv-2511 SBA (MEJ), 2013 WL 4608473, at *2 (N.D. Cal. Aug. 28, 2013).

Many other judges in the Northern District of California have applied the *Kelly* test to "internal affairs" documents in cases alleging police misconduct.  For example, in *Williams*, magistrate judge Maria-Elena James ordered the Alameda County Sheriff's Office to produce internal affairs documents of the named defendant officers, subject to a protective order.  2013 WL 4608473, at *2-3.  Similarly, magistrate judge Laurel Beeler ordered San Leandro to produce internal affairs documents of the named defendant officers, subject to a protective order.  *Doe v. Gill*, No. 11-cv-04759 CW (LB), 2012 WL 1038655, at *4.  Finally, in *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995), magistrate judge James found that Concord did not meet its "substantial threshold burden" in support of the privilege.  She ordered production of internal affairs files, subject to a protective order.

Applying the balancing test of *Kelly* in this case, this Court reaches the same conclusion it previously did in *Jaramillo* and as the judges did in *Williams*, *Gill*, and *Soto*.  In sum, defendants' qualified privilege is out-weighed by the interests of the civil rights plaintiff Parrish, the policies that inform the national civil rights laws, and the societal need for transparency of the judicial process.  As a consequence, the Court overrules the "official information" objections raised by defendants and third parties.

Finally, defendants, CDCR, SVSP, and OIG have raised the right to privacy and a variety of other state-law statutory and administrative objections.  These parties have not cited a single case in which a federal judge in this district has denied discovery on one of these grounds in a civil rights case like this one.  Instead, the Court routinely addresses

these objections, balanced against the right of a civil rights plaintiff to discovery of relevant facts, through the use of a protective order.

In this case, the Court has already entered a heightened protective order that includes an "Attorneys' Eyes Only" provision. Dkt. 90. The Court finds that the protective order should provide appropriate protection of the private and confidential information that will be disclosed to Parrish through his counsel.

## IV. CONCLUSION

The Court grants in part the discovery relief requested by Parrish. With the limitations set forth above, the Court finds the information sought by Parrish is relevant to his claims and that the existing protective order can protect the private and confidential information that will be produced.

Given the August 1 discovery deadline, time is of the essence in completing document discovery. The Court orders defendants, CDCR, SVSP, OIG, and R.C. Machuca to produce documents in accordance with this order within 14 days.

Any party may object to this nondispositive order within 14 days. Fed. R. Civ. P. 72(a).

IT IS SO ORDERED.

Date: May 31, 2014

Nathanael M. Cousins
United States Magistrate Judge