KAMALA D. HARRIS
Attorney General of California
DANIELLE F. O'BANNON
Supervising Deputy Attorney General
SHARON A. GARSKE
Deputy Attorney General
D. ROBERT DUNCAN
Deputy Attorney General
State Bar No. 161918
   455 Golden Gate Avenue, Suite 11000
   San Francisco, CA  94102-7004
   Telephone:  (415) 703-5739
   Fax:  (415) 703-5843
   E-mail:  Robert.Duncan@doj.ca.gov
*Attorneys for Defendants*
*Salazar, Sanudo, Powell, R. Machuca, A. Machuca,*
*and M. Haldeman*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **KAHEAL PARRISH,**<br><br>Plaintiff,<br><br>v.<br><br>**A. SOLIS, et al.,**<br><br>Defendants. | C 11-1438 LHK<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Judge:      The Honorable Lucy H. Koh<br>Trial Date:   December 8, 2014<br>Action Filed: March 11, 2011 |

Defendants Salazar, Sanudo, Powell, R. Machuca, A. Machuca, and M. Haldeman (Defendants) answer Plaintiff Kaheal Parrish's (Plaintiff) First Amended Complaint (the 1st Amended Complaint) filed on November 21, 2013, as follows:

## I.   INTRODUCTION

1.     Answering paragraph 1, Defendants admits that Plaintiff is an inmate in the California Department of Corrections and Rehabilitation ("CDCR"), who was formerly housed at Salinas

1

1  Valley State Prison ("Salinas Valley").  Defendants deny each and every other allegation in

2  paragraph 1.

3      2.     Answering paragraph 2,  Defendants lack sufficient information or belief to answer

4  the allegations regarding overcrowding within CDCR prisons.

5      3.     Answering paragraph 3, Defendants lack sufficient information or belief to answer

6  the allegations regarding CDCR mental health care and medical treatment, overcrowding, and the

7  "Green Wall" gang.

8      4.     Answering paragraph 4, Defendants admit that Plaintiff indecently exposed himself

9  on several occasions at Salinas Valley.  Defendants lack sufficient information or belief regarding

10  Plaintiff's psychiatric care.  Defendants deny using excessive force or retaliating against the

11  Plaintiff for any reason.  Defendants also deny any involvement with the "Green Wall" gang.

12      5.     Defendants deny each and every allegation of conspiracy, retaliation, and

13  involvement with the "Green Wall" gang alleged in paragraph 5.

14      6.     Answering paragraph 6, Defendants deny that Plaintiff is entitled to compensatory

15  damages, punitive damages, or injunctive relief.

16  **II.    JURISDICTION AND VENUE**

17      7.     Answering paragraph 7, Defendants admit that this action arises under 42 U.S.C. §

18  1983 and the Court has subject matter jurisdiction under 28 U.S.C. § 1331.  Defendants contend

19  that Plaintiff is barred from pursuing several of his First Amendment retaliation claims and the 42

20  U.S.C. § 1985(2) conspiracy claims because Plaintiff failed to exhaust administrative remedies

21  for his retaliation and conspiracy claims before filing suit.

22      8.     Answering paragraph 8,  Defendants admit that they are subject to personal

23  jurisdiction in the Northern District of California and venue is proper in this District under 28

24  U.S.C. §§ 1391(b), 1391(c).

25  **III.    PARTIES AND RELEVANT NON-PARTIES**

26      9.     Answering paragraph 9, Defendant admits that Plaintiff is currently housed at

27  California State Prison-Sacramento and was formerly housed as Salinas Valley during a portion

28

Defendant's Answer to Plaintiff's 1st Amended Complaint                    *Parrish v. Solis, et al.* (C 11-1438 LHK)

1    of the time from 2006 to 2013.  Defendants lack sufficient information or belief to answer the

2    allegations regarding Plaintiff's mental health care.

3        10.    Answering paragraph 10, Defendants admit that A Solis was employed as the Chief

4    Deputy Warden at Salinas Valley.

5        11.    Answering paragraph 11, Defendants admit that B. Hedrick was an Associate Warden

6    at Salinas Valley.

7        12.    Answering paragraph 12,  Defendants admit that W. Muniz was a Facility Captain at

8    Salinas Valley.

9        13.    Answering paragraph 13,  Defendants admit that the Court by Order dated August 28,

10   2012 dismissed Solis, Hedrick, and Muniz from this action.  (See ECF No. 79.) Defendants

11   acknowledge that Plaintiff will not seek any relief against Solis, Hedrick, and Muniz without

12   further action by the Court.

13       14.    Answering paragraph 14,  Defendant Salazar admits that he is a correctional

14   lieutenant currently employed at Salinas Valley.

15       15.    Answering paragraph 15,  Defendant Raul Machuca admits that he is a correctional

16   sergeant currently employed at Salinas Valley.

17       16.    Answering paragraph 16,  Defendant B. Powell admits that he is a correctional officer

18   currently employed at Salinas Valley.

19       17.    Answering paragraph 17,  Defendant A. Machuca admits that he is a correctional

20   officer currently employed at Salinas Valley.

21       18.    Answering paragraph 18,  Defendant J. Sanudo admits that he is a correctional officer

22   currently employed at Salinas Valley.

23       19.    Defendants deny each and every allegation in paragraph 19, including the allegations

24   of excessive force, a cover-up, retaliation, and conspiracy.

25       20.    Answering paragraph 20,  Defendant M. Haldeman admits that he is a correctional

26   officer currently employed by Salinas Valley.  Defendants deny each and every other allegation in

27   paragraph 20 including the allegations of intimidation, retaliation, and conspiracy.

28

21.     Answering paragraph 21, Defendants admit that Roberto Correa Machuca is a Correctional officer at Salinas Valley and the brother of Defendants Raul Machuca and Adrian Machuca.  Defendants admit that Martin O. Valenzuela was a correctional officer at Salinas Valley.  Defendants admit that Arturo Villalobos is a correctional officer at Salinas Valley. Defendants deny the remaining allegations in paragraph 21.

22.     Answering paragraph 22, , Defendants  deny each and every allegation against them in paragraph 22 including the allegations of Green Wall activity, retaliation, and conspiracy.

## IV.   FACTS

23.     Answering paragraph 23,  Defendants lack sufficient information or belief to answer the assertions regarding overcrowding within CDCR prisons.  Defendants contend that these assertions are unrelated to Plaintiff's excessive force claim regarding the June 11, 2010 cell extraction and the December 5, 2012 scissors incident.

24.     Answering paragraph 24, Defendants lack sufficient information or belief to answer the allegations regarding overcrowding within CDCR prisons.  Defendants contend that these assertions are unrelated to Plaintiff's excessive force claim regarding the June 11, 2010 cell extraction and the December 5, 2012 scissors incident.

25.     Answering paragraph 25,  Defendants lack sufficient information or belief to answer the assertions regarding overcrowding at Salinas Valley.  Defendants contend that these assertions are unrelated to Plaintiff's excessive force claim regarding the June 11, 2010 cell extraction and the December 5, 2012 scissors incident.

26.     Answering paragraph 26,  Defendants lack sufficient information or belief to answer the assertions regarding Plaintiff's mental health care.

27.     Answering paragraph 27,  Defendants lack sufficient information or belief to answer the assertions regarding Plaintiff's mental health care.

28.     Answering paragraph 28,  Defendants lack sufficient information or belief to answer the assertions regarding the Office of Inspector General's 2003 investigation of the Green Wall gang.

1

29.    Answering paragraph 29, Defendants admit that the acting Director of Corrections of

2  CDCR issued a memorandum regarding code of silence that Plaintiff attached as Exhibit A to his

3  first amended complaint.

4

30.    Answering paragraph 30, Defendants lack sufficient information or belief to answer

5  the assertions regarding the Salinas Valley Warden's corrective action plan regarding the Green

6  Wall gang.

7

31.    Defendants deny each and every allegation in paragraph 31 including the allegations

8  that the Green Wall gang and Code of Silence were active in Salinas Valley's Facility D-2 during

9  the time that Plaintiff was housed in Facility D-2.

10

32.    Answering paragraph 32, Defendants admit that on February 24, 2010, Plaintiff

11  committed the act of indecent exposure and was found guilty of a rules violation and assessed

12  sixty-one days forfeiture of behavioral credits.  Defendants deny the remaining allegations in

13  paragraph 32.

14

33.    Answering paragraph 33, Defendants lack sufficient information or belief to answer

15  the assertions regarding Plaintiff's mental health care.  Defendants admit that Plaintiff indecently

16  exposed himself on the morning of June 11, 2010.  Defendants deny that Defendant Powell

17  threatened Plaintiff, is involved with Green Wall gang, or conspired with Defendant R. Machuca

18  against Plaintiff.

19

34.    Answering paragraph 34,  Defendants admit that Plaintiff covered his cell windows

20  with paper.  Defendants deny the remainder of the allegations in paragraph 34.

21

35.    Answering paragraph 35, Defendants admit that Defendant Powell escorted

22  Psychiatric Technician Munn when he delivered medication to Plaintiff on June 11, 2010.

23  Defendants deny the remaining allegations in paragraph 35.

24

36.    Answering paragraph 36, Defendants admit that Defendant Machuca and Powell

25  looked into Plaintiff's cell through the food port and ordered Plaintiff to uncover his cell windows

26  and submit to being handcuffed.  Defendants deny the remaining allegations in paragraph 36.

27

28

Defendant's Answer to Plaintiff's 1st Amended Complaint          *Parrish v. Solis, et al.* (C 11-1438 LHK)

37.     Answering paragraph 37, Defendants admit that Defendants R. Machuca, J. Sanudo, and Powell participated in Plaintiff's emergency cell extraction at approximately 1:00 p.m. on June 11, 2010.  Defendants deny the remaining allegations in paragraph 37.

38.     Answering paragraph 38, Defendants admit that Defendants secured Plaintiff with handcuffs and leg restraints despite Plaintiff's physical resistance.  Defendants deny the remaining allegations in paragraph 38.

39.     Defendants deny each and every allegation in paragraph 39.

40.     Defendants deny each and every allegation in paragraph 40.

41.     Defendants deny each and every allegation in paragraph 41.

42.     Answering paragraph 42, Defendants admit that Psychiatric Technician Munn evaluated Plaintiff after Plaintiff was placed in a holding cell following the emergency cell extraction.  Defendants deny each and every other allegation in paragraph 42.

43.     Answering paragraph 43, Defendants deny each and every allegation in paragraph 43.

44.     Defendants deny each and every allegation in paragraph 44.

45.     Defendants deny each and every allegation in paragraph 45.

46.     Answering paragraph 46, Defendants admit that preplanned cell extractions may involve a calculated use of force.  But Defendants contend that Plaintiff's June 11, 2010 cell extraction was an emergency cell extraction and normal procedures for preplanned cell extraction did not apply.

47.     Answering paragraph 47, Defendants admit that pre-planned cell extractions for EOP inmates follow certain regulations.  Defendants deny that the cell extraction in the present case was a pre-planned cell extraction.  Defendants further deny that Defendants should have followed pre-planned cell extraction regulations.  Defendants contend that Plaintiff's June 11, 2010 cell extraction was an emergency cell extraction and normal procedures for preplanned cell extraction did not apply.

48.     Answering paragraph 48, Defendants contend that Cal. Code Regs. tit. 15, § 3268.1 in effect on June 11, 2010 provided an "employee who uses or observed non-deadly force greater than verbal persuasion to overcome resistance or gain compliance with an order shall document

6

1    that fact.  The document shall identify any witnesses to the incident and describe the

2    circumstances giving rise to the use of force, and the nature and extent of the force used."

3           49.    Defendants deny each and every allegation in paragraph 49.  Defendants contend that

4    Plaintiff's June 11, 2010 cell extraction was an emergency cell extraction and normal procedures

5    for preplanned cell extraction did not apply.

6           50.    Answering paragraph 50, Defendants deny their actions caused severe psychological

7    trauma to Plaintiff, increased his depression, and exacerbated his mood swings.  Defendants lack

8    sufficient information or belief to answer the allegations regarding Plaintiff's psychological

9    condition.

10          51.    Answering paragraph 51, Defendants admit that Plaintiff initiated a staff complaint

11   regarding the June 11, 2010 emergency cell extraction on August 23, 2010 and that Plaintiff's

12   staff complaint was investigated by staff.  Defendants deny the remaining allegations in

13   paragraph 51.

14          52.    Answering paragraph 52, Defendants is unable to admit or deny Plaintiff's assertions

15   regarding the regulations because Plaintiff failed  to provide the effective date of the cited

16   regulations.

17          53.    Defendants deny each and every allegation in paragraph 53.

18          54.    Answering paragraph 54, Defendants admit that Defendant Salazar issued his report

19   on October 7, 2010 and determined that no further action was needed.  Defendants deny each and

20   every other allegation in paragraph 54.

21          55.    Answering paragraph 55, Defendants admit that Defendants filed their motion for

22   summary judgment on December 5, 2011 and contend that Plaintiff filed his original complaint

23   on March 18, 2011.  Defendants deny each and every other allegation in paragraph 55.

24          56.    Defendants deny each and every allegation in paragraph 56.

25          57.    Answering paragraph 57, Defendants admit Plaintiff filed an opposition to

26   Defendants' motion for summary judgment on March 27, 2012 and filed a request for judicial

27   notice on April 13, 2012.  Defendants deny the remaining allegations in paragraph 57.

28

Defendant's Answer to Plaintiff's 1st Amended Complaint          *Parrish v. Solis, et al.* (C 11-1438 LHK)

1      58.     Answering paragraph 58, Defendants admit that the Court granted summary judgment

2  for Defendants Solis, Muniz, and Hedrick on August 28, 2012 and denied summary judgment for

3  Defendants Salazar, Raul Machuca, Powell, Adrian Machuca, and Powell.  Defendants admit that

4  the Court ordered the parties to attend a settlement conference at California State Prison, Solano

5  on November 28, 2012 and ordered Plaintiff to attend the settlement conference.  Defendants

6  admit that correctional staff searched, inventoried, and packed Plaintiff's property that was put

7  into storage at Salinas Valley.  Defendants deny that Plaintiff's property was thoroughly searched

8  and inventoried.

9      59.     Answering paragraph 59, Defendants admit that Plaintiff attended the November 28,

10  2012 settlement conference and the parties were unable to settle the lawsuit.  Defendants are

11  unable to admit or deny the specifics regarding Plaintiff's accommodations at California State

12  Prison, Solano.

13      60.     Answering paragraph 60, Defendants admit that Plaintiff was accompanied by

14  custody staff during his transport from CSP-Solano to SVSP.  Defendants admit that Defendant

15  Haldeman, a correctional officer in receiving and release, searched Plaintiff's personal property

16  after Plaintiff returned to Salinas Valley on December 5, 2012.  Defendants deny each and every

17  other allegation in paragraph 60.

18      61.     Answering paragraph 61, Defendants admit that Defendant Haldeman found a pair of

19  scissors inside of an envelope in Plaintiff's property and that he said "that is what I am looking

20  for."  Defendants deny the remaining allegations in paragraph 61.

21      62.     Answering paragraph 62, Defendants admit that Plaintiff was found guilty of being in

22  possession of a weapon and assessed 360 days forfeiture of behavioral credits.  Defendants deny

23  the remaining allegations in this paragraph.

24      63.     Answering paragraph 63, Defendants admit Plaintiff was transferred to CSP-

25  Sacramento and placed in the psychiatric services unit.  Defendants deny the remaining

26  allegations in this paragraph.

27

28

Defendant's Answer to Plaintiff's 1st Amended Complaint                    *Parrish v. Solis, et al.* (C 11-1438 LHK)

**V.    FIRST CLAIM FOR RELIEF.**

64.    For an answer to the Section entitled "First Claim for Relief," paragraph 64 of the 1st Amended Complaint, Defendants incorporates their denials and assertions from the preceding sections "Introduction," "Jurisdiction and Venue," "Parties and Relevant Non-Parties," and "Facts."

65.    For an answer to the Section entitled "First Claim for Relief," paragraph 65 of the 1st Amended Complaint, Defendants admit that 42 U.S.C. § 1983 prohibits persons acting under state law from depriving United States citizens of the rights, privileges, or immunities under the U.S. Constitution.

66.    For an answer to the Section entitled "First Claim for Relief," paragraph 66 of the 1st Amended Complaint, Defendants admit that Defendants acted under color of state law in performing their job duties with CDCR but Defendants deny each and every other allegation in paragraph 64 including allegations that Defendants violated the U.S. Constitution's restriction on cruel and unusual punishment.

67.    For an answer to the Section entitled "First Claim for Relief," paragraph 67 of the 1st Amended Complaint, Defendants admit that Parrish has right to be free of excessive force in violation of the Eighth Amendment prohibition of cruel and unusual punishment but Defendants deny each and every other allegation in paragraph 67 including the allegation of excessive force.

68.    Defendants deny each and every allegation in paragraph 68.

69.    Defendants deny each and every allegation in paragraph 69.

**VI.    SECOND CLAIM FOR RELIEF**

70.    Answering paragraph 70, Defendants incorporates their denials and assertions from the preceding sections "Introduction," "Jurisdiction and Venue," "Parties and Relevant Non-Parties," "Facts," and "First Claim for Relief."

71.    Answering paragraph 71,  Defendants admit that 42 U.S.C. § 1983 prohibits persons acting under state law from depriving United States citizens of the rights, privileges, or immunities under the U.S. Constitution.

Defendant's Answer to Plaintiff's 1st Amended Complaint            *Parrish v. Solis, et al.* (C 11-1438 LHK)

72.   Answering paragraph 72, Defendants admit that Defendants acted under color of state law in performing their job duties with CDCR.  Defendants deny each and every other allegation in paragraph 72.  Additionally, Defendants contend that Plaintiff failed to exhaust administrative remedies for his retaliation claims.

73.   Answering paragraph 73,  Defendants admit that Plaintiff is entitled to pursue grievances and lawsuits.  Defendants deny each and every other allegation in paragraph 73.

74.   Defendants deny each and every allegation in paragraph 74.

75.   Defendants deny each and every allegation in paragraph 75.

**VII.  THIRD CLAIM FOR RELIEF.**

76.   Answering paragraph 76, Defendants incorporates their denials and assertions from the preceding sections "Introduction," "Jurisdiction and Venue," "Parties and Relevant Non-Parties," "Facts," "First Claim for Relief," and "Second Claim for Relief."

77.   Answering paragraph 77, Defendants admit that 42 U.S.C. § 1985(2) forbids any two or more persons in any state from conspiring to deter any party from attending any court of the United States.  Defendants contend that Plaintiff is barred from pursuing a conspiracy claim under 42 U.S.C. § 1985(2) because Plaintiff failed to exhaust administrative remedies for his conspiracy claims before filing suit as required by the Prison Litigation Reform Act.

78.   Answering paragraph 78,  Defendants deny each and every allegation in paragraph 78. Defendants contend that Plaintiff is barred from pursuing a conspiracy claim under 42 U.S.C. § 1985(2) because Plaintiff failed to exhaust administrative remedies for his conspiracy claims before filing suit as required by the Prison Litigation Reform Act.

79.   Defendants deny each and every allegation in paragraph 79.

**VIII.  FOR THE FIRST AND SECOND CLAIM FOR RELIEF.**

A.   Defendants deny that Plaintiff is entitled to compensatory damages.

B.   Defendants deny that Plaintiff is entitled to punitive damages.

C.   Defendants deny that Plaintiff is entitled to injunctive relief.

Defendant's Answer to Plaintiff's 1st Amended Complaint          *Parrish v. Solis, et al.* (C 11-1438 LHK)

IX.   **FOR THE THIRD CLAIM FOR RELIEF.**

    A.   Defendants deny that Plaintiff is entitled to compensatory damages.

    B.   Defendants deny that Plaintiff is entitled to punitive damages.

    C.   Defendants deny that Plaintiff is entitled to injunctive relief.

X.   **FOR ALL CLAIMS FOR RELIEF.**

    A.   Defendants deny that Plaintiff is entitled to costs of this action, together with reasonable attorney fees.

    B.   Defendants deny that Plaintiff is entitled to further relief.

XI.   **AFFIRMATIVE DEFENSES.**

    A.   Defendants assert that at all relevant times, they acted within the scope of discretion, with due care, and good faith in fulfillment of their responsibilities pursuant to all applicable statutes, rules, regulations, and practices; within the bounds of reason under all circumstances known, and with the good faith belief that their actions comported with all applicable federal and state law.  Defendants therefore assert their immunity from liability.

    B.   Defendants assert that Plaintiff's claims are barred, limited, or controlled by principles of immunity, including the federal-law principle of qualified immunity.

    C.   Because Plaintiff's 1st Amended Complaint is couched in conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is reserved.

    D.   Defendants assert that Plaintiff's 1st Amended Complaint and the alleged causes of action therein, fail to state facts sufficient to constitute a cause of action as to them.

    E.   Defendants assert that Plaintiff has not been deprived of any rights, privileges, or immunities guaranteed by the laws of the United States or by the laws of the State of California.

    F.   Defendants assert that at the times and places mentioned in Plaintiff's 1st Amended Complaint, Plaintiff was careless, reckless and negligent in and about the matters and things alleged in Plaintiff's 1st Amended Complaint, and proximately caused and contributed to

1    whatever injury and/or damage Plaintiff may have sustained, if any, and recovery by him, if any,

2    should be proportionately reduced according to the percentage of his fault.

3        G.    Defendants assert that in addition to the aforementioned negligence of Plaintiff, any

4    damages incurred by Plaintiff were directly and proximately caused and contributed to by the

5    negligence of third persons.  Liability, if any, of these Defendants for any non-economic damages

6    incurred by Plaintiff shall be several, only for the amount of the non-economic damage allocated

7    to these Defendants in direct proportion to any percentage of fault attributable to these

8    Defendants.

9        H.    Defendants assert that at the times and places mentioned in Plaintiff's 1st Amended

10   Complaint, Plaintiff did commit willful misconduct in and about the matters and things alleged in

11   Plaintiff's 1st Amended Complaint, which said willful misconduct proximately caused and

12   contributed to whatever injury and/or damage Plaintiff may have sustained, if any.

13       I.    Defendants assert that any statement attributed to these Defendants set forth in

14   Plaintiff's 1st Amended Complaint may or may not be true and complete in all particulars,

15   respects and details.

16       J.    Defendants assert that they have performed all obligations to Plaintiff pursuant to any

17   and all statutes described in Plaintiff's 1st Amended Complaint, and any deficiencies in

18   performance were caused by Plaintiff and/or other individuals or entities not named as a

19   defendant in Plaintiff's 1st Amended Complaint.

20       K.    Defendants are not vicariously liable for any act or omission of any other person, by

21   way of respondeat superior or otherwise.

22       L.    Defendants assert that the damages sustained by Plaintiff, if any, were caused, in

23   whole or in part, by the negligence or fault of others for which these Defendants are not liable or

24   responsible.

25       M.    Defendants assert that Plaintiff failed to mitigate his damages.

26       N.    Defendants assert that Plaintiff's claims and requests for relief are barred, limited, or

27   controlled by the Prison Litigation Reform Act.

28

Defendant's Answer to Plaintiff's 1st Amended Complaint                    *Parrish v. Solis, et al.* (C 11-1438 LHK)

O.     Defendants assert that the Eleventh Amendment bars suit for money damages against Defendants in their official capacity.

P.     Defendants assert that they did not act with malicious intent or with reckless disregard for Plaintiff's rights and therefore are not liable for punitive damages.

Q.     Defendants assert that Plaintiff's claims are barred by the Unclean Hands Doctrine.

R.     Defendants allege that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act.

S.     Defendants allege that Plaintiff is estopped from claiming the damages requested.

T.     Defendants allege that, at all relevant times, their actions were reasonably related to achieving legitimate penological goals.

U.     Defendants allege that Plaintiff is not entitled to injunctive or declaratory relief.

V.     Defendants contend that Plaintiff is barred from pursuing several of his First Amendment retaliation claims and the 42 U.S.C. § 1985(2) conspiracy claims because Plaintiff failed to exhaust administrative remedies for his retaliation and conspiracy claims before filing suit as required by the Prison Litigation Reform Act.

W.     Defendants assert that any statement attributed to these Defendants set forth in Plaintiff's First Amended Complaint may or may not be true and complete in all particulars, respects and details.

X.     Defendants assert that Plaintiff's claims, requests for costs, and requests for attorney's fees are barred, limited, or controlled by the Prison Litigation Reform Act.

Y.     Defendants assert that the Prison Litigation Reform Act bars recovery for mental and emotional damages without a prior showing of physical injury.

Z.     Defendants assert that the Prison Litigation Reform Act bars, limits, or controls any request for declaratory and injunctive relief.

**XII.  DEMAND FOR JURY TRIAL.**

WHEREFORE, Defendants demand under Rule 38 of the Federal Rules of Civil Procedure that the above-entitled matter be tried by and before a jury to the extent provided by law and pray for judgment as follows:

1.  That judgment be rendered in favor of Defendant Salazar, R. Machuca, A. Machua, Sanudo, Powell, and Haldeman and against Plaintiff Parrish;

2.  That Plaintiff Parrish takes nothing by this action;

3.  That Defendants be awarded costs of suit and attorneys' fees; and

That Defendants be awarded such other relief as this Court deems proper.

Dated:  June 3, 2014                    Respectfully submitted,

                    KAMALA D. HARRIS
                    Attorney General of California
                    DANIELLE F. O'BANNON
                    Supervising Deputy Attorney General


                    /s/ D. Robert Duncan
                    D. ROBERT DUNCAN
                    Deputy Attorney General
                    *Attorneys for Defendants*
                    *Salazar, Sanudo, Powell, R. Machuca, A.*
                    *Machuca, and M. Haldeman*

SF2011201829
40986172.doc

14

# CERTIFICATE OF SERVICE

Case Name:  **K. Parrish v. A. Solis, et al.**          No.  **C 11-1438 LHK**

I hereby certify that on <u>June 3, 2014</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>June 3, 2014</u>, at San Francisco, California.

| R Caoile | **s/ R Caoile** |
|----------|-----------------|
| Declarant | Signature |

SF2011201829
POS.doc