UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAHEAL PARRISH,<br><br>        Plaintiff,<br><br>   v.<br><br>A. SOLIS, and others,<br><br>        Defendants. | Case No. 11-cv-01438 LHK (NC)<br><br>**ORDER ON DISCOVERY DISPUTES**<br><br>Dkt. Nos. 177, 178, 179 |

The Court addresses Joint Discovery Statement No. 6 and the dueling discovery plans submitted by the parties. Dkt. Nos. 177, 178, and 179. As the parties acknowledge, the close of fact discovery is August 1, 2014, and a busy July is scheduled in this case. Given this tight schedule, the Court is disappointed that the parties were unable to agree on a common discovery plan and seem to have increased, rather than decreased, the number of discovery disputes.

Some initial comments.

Plaintiff urges that it is "extremely important that the Court resolve these issues as quickly as possible." Dkt. No. 179 at 15. Despite this encouragement, plaintiff has effectively submitted 22 pages of motions to compel against parties and non-parties alike. From the Court's "quick" read, it appears that plaintiff is asking the Court to reconsider and clarify its May 31 order, and also raising numerous new discovery concerns. Lost on the

1  Court is what plaintiff has done to prioritize the information needed and to make reasonable
2  compromises in order to meet the Court's deadlines.

3  As to the CDCR, it appears that they have unilaterally granted themselves an
4  extension of time in abiding by the Court's May 31 order, rather than asking for more time
5  or objecting to the Court's order. There are consequences to flouting Court orders, and the
6  Court invites a motion for sanctions if the previously ordered discovery is not complete by
7  July 9 at 2:00 p.m.

8  The Court now addresses particular issues presented by the parties.

9  1. Production of documents by CDCR and R.C. Machuca in response to January
10 2014 subpoena. Dkt. No. 177. All responsive documents, as previously defined by the
11 Court in the May 31 order, must be produced by July 9 at 2:00 p.m.

12 2. Disciplinary records on privilege log 1.0. Dkt. No. 177 at 3. It is not obvious to
13 the Court that CDCR is misreading the Court's May 31 order. But CDCR's response does
14 not detail which documents it has or will produce. The Court will hear more about this at
15 the next discovery conference.

16 3. Plaintiff's interrogatory responses. Dkt. No. 178 at 6. The objection that
17 "discovery is premature" is not made well here, where discovery is closing in less than a
18 month. Plaintiff must disclose facts that support his claims and injuries. Plaintiff must
19 therefore amend his responses by July 21.

20 4. Plaintiff's document responses. Dkt. No. 178 at 7. Defendants complain that
21 they don't know which of the documents produced by plaintiff are responsive to which
22 requests. But we are talking about three thousand pages, not three million. Under the
23 circumstances, and given that the plaintiff is in custody, no further description is required.

24 5. Plaintiff's response to requests for admission nos. 36, 37, 39, 40, 42, and 44. Dkt.
25 No. 178 at 7. Plaintiff must respond to these requests by July 21.

26 6. Preservation of Officer Haldeman's Dec. 5, 2012 rules violation draft report. By
27 July 16, defendants must serve on plaintiff a declaration under penalty of perjury by Salinas
28 Valley's Information System Analyst (and/or other persons with personal knowledge)

detailing all steps taken, when, by whom, to preserve all of Officer Haldeman's user files on a computer in SVSP's receiving and release unit, including the Dec. 5, 2012 report.

      7. Metadata on certain photographs taken by Haldeman. Dkt. No. 179 at 9. Parties are to meet and confer and report at the next discovery conference.

      8. Court standby for upcoming depositions. Dkt. No. 179 at 15-16. Plaintiff suggests that the Court create a procedure for telephonic ruling on deposition objections. Given the Court's schedule, the parties should not anticipate live rulings by phone.

      9. "Discovery Dispute with the OIG." Dkt. No. 179 at 16-18. This request for reconsideration is denied for lack of good cause.

      Any party may object to this nondispositive order within 14 days. Fed. R. Civ. P. 72(a).

      IT IS SO ORDERED.

Date: July 3, 2014

*(signature)*

Nathanael M. Cousins
United States Magistrate Judge