KAMALA D. HARRIS
Attorney General of California
DANIELLE F. O'BANNON
Supervising Deputy Attorney General
D. ROBERT DUNCAN
SHARON A. GARSKE
ELLIOTT T. SEALS
Deputy Attorney General
State Bar No. 277491
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-1640
 Fax:  (415) 703-5843
 E-mail:  Elliott.Seals@doj.ca.gov
*Attorneys for Defendants Salazar, Sanudo, Powell, R. Machuca, A. Machuca, and Haldeman*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **KAHEAL PARRISH,**<br><br>Plaintiff,<br><br>v.<br><br>**A. SOLIS, et al.,**<br><br>Defendants. | C 11-1438 LHK<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 1**<br><br>**TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING UNRELATED INMATE GRIEVANCES, STAFF COMPLAINTS, CIVIL LAWSUITS, AND DEPARTMENT INVESTIGATIONS**<br><br>Judge:           The Honorable Lucy H. Koh<br>Trial Date:    December 5, 2014<br>Action Filed: March 11, 2011 |

1

Defs.' Mot. Limine No. 1  (C 11-1438 LHK)

**INTRODUCTION**

Defendants move the Court for an order in limine prohibiting Plaintiff, counsel, and all witnesses from mentioning, referencing, suggesting, commenting, or attempting to convey to the jury in any manner, either directly or indirectly, including during opening and closing statements, information relating to grievances and lawsuits submitted against Defendants by other inmates and disciplinary actions against Defendants unrelated to this case.

During the course of discovery, Plaintiff's counsel sought information related to Defendants' personnel history and inquired into grievances and complaints submitted by other inmates against Defendants as well disciplinary actions against Defendants unrelated to this case.. Defendants complied with their discovery obligations produced staff complaints related to claims of excessive force and staff complaints involving one or more Defendants and/or witness Valenzuela, Villalobos, and Roberto Machuca. This information has no bearing on whether (1) the force used by Defendants on June 11, 2014 was excessive, (2) Defendants conspired to "exert untoward pressure" on Plaintiff because of his alleged prosecution of this lawsuit, or (3) whether Defendant Haldeman retaliated against Plaintiff because of his prosecution of this lawsuit.  This information is inadmissible under Rule 404 as character evidence,  irrelevant under Rule 402, and is unduly prejudicial and would result in undue delay under Rule 403.  Therefore, this evidence must be excluded at trial.

**LEGAL ARGUMENT**

**I.   CHARACTER EVIDENCE IS NOT ADMISSIBLE UNDER RULE 404.**

Defendants believe that Plaintiff will attempt to offer documents and testimony at trial to impeach Defendants' character by introducing evidence of prior bad acts.  During the course of discovery, Plaintiff's counsel sought information related to Defendants' personnel history that included allegations, grievances, staff complaints, and civil lawsuits filed by other prisoners, and disciplinary actions against Defendants for incidents unrelated to Plaintiff's case.

Under Rule 404(a)(1), "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Furthermore, under Rule 404(b)(1), "[e]vidence of a crime, wrong, or other act is not admissible

2

Defs.' Mot. Limine No. 1  (C 11-1438 LHK)

to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." The Ninth Circuit has emphasized that "[c]haracter evidence is normally not admissible in a civil rights case." *Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993). Accordingly, any "complaints of misconduct against…correctional officers…would be inadmissible character evidence unless offered to prove something other than propensity to engage in similar conduct." *Clem v. Lomeli*, 2007 WL 2688842, *2-*3 (E.D. Cal. 2007). Here, evidence of complaints by other inmates against Defendants or investigations into Defendants' conduct not related to this case would be offered to prove a propensity to engage in similar conduct and therefore must be excluded. And the exception under Rule 404(b)(2) does not apply to this evidence because unrelated complaints against Defendants and unrelated investigations into the Defendants' conduct would not aid in "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Because the evidence will be used as improper character evidence it should be excluded.

## II.   EVIDENCE OF UNRELATED COMPLAINTS AND LAWSUITS AGAINST DEFENDANTS BY OTHER PRISONERS IS IRRELEVANT AND SHOULD BE EXCLUDED UNDER RULE 402.

Evidence which is not relevant is not admissible. Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Any evidence of Defendants' prior or subsequent conduct involving allegations of excessive force by other prisoners is not relevant to the facts and circumstances involved in this case.

At issue in this lawsuit are whether Defendants: (1) applied force in a good faith effort to restore order or maliciously and sadistically to cause Plaintiff harm; (2) conspired to "exert untoward pressure" on Plaintiff because of his prosecution of this lawsuit; and (3) retaliated against Plaintiff because of his prosecution of this lawsuit. Evidence of complaints made by other inmates against Defendants or investigations into Defendants conduct that is not related to the issues in this case are not relevant to any of Plaintiff's claims and should be excluded.

///

///

3

Defs.' Mot. Limine No. 1  (C 11-1438 LHK)

1  **III.  EVIDENCE OF UNRELATED COMPLAINTS AND LAWSUITS SHOULD BE EXCLUDED UNDER RULE 403 BECAUSE IT IS UNFAIRLY PREJUDICIAL, CONFUSING, AND WOULD RESULT IN UNDUE DELAY.**

Even if this evidence is relevant, it should be excluded because its value is substantially outweighed by unfair prejudice, confusion of the issues, misleading the jury, and it would result in undue delay, waste of time, and needless presentation of cumulative evidence. Fed. R. Evid. 403. As the Court of Appeals for the D.C. Circuit has held, "[p]ermitting the jury to consider the complaints and accounts of misconduct contained in the personnel files of [the defendant officers] present[s] a grave danger of unfair prejudice." *Carter v. District of Columbia*, 795 F.2d 116, 131 (D.C. Cir. 1986). The unfair prejudice results from the likelihood that the jury "would conclude that the evidence established the bad character of the defendants and that the defendants were likely to have acted in the same way on the night in question." *Id*. Here, if the court allows grievances submitted against Defendants by other inmates and any unrelated disciplinary actions against Defendants into evidence there is a danger that this information would .lead a jury to believe that Defendants acted in a similar manner in this case. Evidence of prior litigation or incidents involving the officers is not admissible for the purpose of proving liability against those officers. *See Martin A. Schwartz*, Section 1983 Litigation: Federal Evidence § 2.6 (3rd ed. 1999).

"[E]vidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice,... misleading the jury ..., [or] waste of time." Fed.R.Evid. 403. The Ninth Circuit excluded evidence of the police department's internal affairs investigation, wherein the officer in question admitted to violating the department's policy on choke holds. *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1417 (9th Cir. 1986). In so holding, the Court explained that the jury might infer that the officer was guilty of wrongdoing merely because the Police Department conducted disciplinary proceedings and that the jury might give "unfair or undue weight" to such evidence. *Id*. Here, as in *Maddox*, were the Court to admit evidence of regarding a Defendants' unsubstantiated allegations and complaints and unrelated disciplinary actions would only distract the jury, waste time, and be unfairly prejudicial to the Defendants.

Furthermore, allowing the introduction of other prisoner complaints or unrelated disciplinary actions would also result in undue delay and presentation of multiple witnesses at

4

Defs.' Mot. Limine No. 1  (C 11-1438 LHK)

trial who have no information related to the subject of this lawsuit.  The trial would be further delayed because Defendants would also have to put on evidence to refute these ancillary claims which would result in multiple mini trials on the other incidents.  Courts have routinely barred the use of Rule 404(b) evidence where its admission would require a "trial within a trial" concerning police officers' prior (alleged) misconduct.  *See, e.g., Jones v. Hamelman*, 869 F.2d 1023, 1027 (7th Cir. 1989).  This is especially true when strong factual support for an allegation is lacking.  For example, in *Brooks v. Scheib*, 813 F.2d 1191 (11th Cir. 1987), the Eleventh Circuit held that the "relevance of past complaints against police officers is especially dubious since officers in high crime areas attract a greater number of citizens' complaints…[and]…[i]t would be perverse to require that courts exclude allegations of past wrongdoing in order to protect the rights of [criminal] defendants, while at the same time demanding that police officials give credence to unsubstantiated complaints against individual police officers." *Id.* at 1194 (citations omitted).  Accord *Carter v. District of Columbia*, 795 F.2d 116, 129 (D.C. Cir. 1986). Because the evidence is unfairly prejudicial, confusion, and would result in undue delay the Court should exclude it.

## CONCLUSION

Defendants request that the Court exclude all testimony and evidence at trial relating to grievances submitted against Defendants by other inmates and any unrelated disciplinary actions against Defendants.

Dated:  November 6, 2014            Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
DANIELLE F. O'BANNON
Supervising Deputy Attorney General


*/s/ Elliott T. Seals*
ELLIOTT T. SEALS
Deputy Attorney General
*Attorneys for Defendants
Salazar, Sanudo, Powell, R. Machuca, A. Machuca, and Haldeman*

SF2011201829
41125959.doc

5

Defs.' Mot. Limine No. 1  (C 11-1438 LHK)

# CERTIFICATE OF SERVICE

Case Name:   **K. Parrish v. A. Solis, et al.**          No.   **C 11-1438 LHK**

I hereby certify that on November 6, 2014, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' MOTION IN LIMINE NO. 1 - TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING UNRELATED INMATE GRIEVANCES, STAFF COMPLAINTS, CIVIL LAWSUITS, AND DEPARTMENT INVESTIGATIONS**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on November 6, 2014, at San Francisco, California.

| L. Santos | /s/ L. Santos |
|---|---|
| Declarant | Signature |

41126539.doc