1  JAMES E. LYONS (State Bar. No. 112582)
   CHRISTINE J. HUNG (State Bar No. 266364)
2  TATYANA SHMYGOL (State Bar No. 267104)
   WILLIAM CASEY (State Bar No. 294086)
3  525 University Ave., Suite 1400
   Palo Alto, California 94301
4  Telephone:     (650) 470-3180
   Facsimile:     (650) 798-6576
5
   Attorneys for Plaintiff
6  KAHEAL PARRISH

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                 SAN JOSE DIVISION

11 KAHEAL PARRISH,                      CASE NO.: 5:11-cv-01438-LHK

12                    Plaintiff,        **PLAINTIFF'S MOTION *IN LIMINE*
                                        NO. 2 TO EXCLUDE EVIDENCE
13        v.                            RELATING TO ALLEGATIONS NOT
                                        DENIED IN PLAINTIFF'S ANSWER**
14 A. SOLIS, *et al.*,
                                        Date:          November 20, 2014
15                    Defendants.       Time:          1:30 p.m.
                                        Courtroom:     8
16                                      Judge:         The Honorable Lucy H. Koh

17                                      Trial Date:    December 5, 2014
                                        Action Filed:  March 11, 2011
18

19

20

21

22

23

24

25

26

27

28

1    Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Plaintiff Kaheal Parrish

2  respectfully moves this court for an order *in limine* to exclude testimony, evidence and argument

3  related to facts that should be deemed admitted due to Defendants failure to deny Plaintiff's

4  allegations in their Answer to Plaintiff's First Amended Complaint ("FAC").

5                                    **BACKGROUND**

6    In his FAC, Plaintiff alleged the following:

7    33.    During this period, EOP personnel continued to diagnose Parrish as
     suffering from severe depression. At about 10 am on June 11,2010, Parrish was
8    charged with indecent exposure against an SVSP licensed clinical social worker
     who reported the incident to Defendant Raul Machuca. Raul Machuca reported the
9    allegation to Defendant Salazar, who was the Correctional Lieutenant on duty at the
     time. Shortly after the indecent exposure incident Defendant Powell came by
10   Parrish's cell and told Parrish "Sergeant Machuca said he already told you next time
     you expose yourself, you're getting fucked up, so you got an ass-kicking coming."
11   This was an admission by Powell that he was also a member of the Green Wall
     gang or acted in agreement with Raul Machuca.
12
     58.    On August 28, 2012, the Court granted summary judgment for Defendants
13   Solis, Muniz and Hedrick, but denied summary judgment as to Defendants Salazar,
     Raul Machuca, Powell, Adrian Machuca and Sanudo. The Court ordered the parties
14   to attend a settlement conference at Solano State Prison on November 28,2012, and
     granted a writ of habeas corpus to permit Parrish to attend the conference in person.
15   On November 20,2012, Parrish left SVSP for the settlement conference. In
     accordance with SVSP policy, on that day correctional officers thoroughly searched
16   Parrish before he was allowed to leave. The correctional staff also searched and
     made a complete written inventory of all of Parrish's possessions, which were then
17   placed in storage in a SVSP warehouse.

18  (Dkt. 118, ¶¶ 33, 58.)  Defendants answered Plaintiff's FAC as follows:

19   33.    Answering paragraph 33, Defendants lack sufficient information or belief to
     answer the assertions regarding Plaintiff's mental health care. Defendants admit that
20   Plaintiff indecently exposed himself on the morning of June 11, 2010. Defendants
     deny that Defendant Powell threatened Plaintiff, is involved with Green Wall gang,
21   or conspired with Defendant R. Machuca against Plaintiff.

22   58.    Answering paragraph 58, Defendants admit that the Court granted summary
     judgment for Defendants Solis, Muniz, and Hedrick on August 28, 2012 and denied
23   summary judgment for Defendants Salazar, Raul Machuca, Powell, Adrian
     Machuca, and Powell. Defendants admit that the Court ordered the parties to attend
24   a settlement conference at California State Prison, Solano on November 28, 2012
     and ordered Plaintiff to attend the settlement conference. Defendants admit that
25   correctional staff searched, inventoried, and packed Plaintiff's property that was put
     into storage at Salinas Valley. Defendants deny that Plaintiff's property was
26   thoroughly searched and inventoried.

27  (Dkt. 168, ¶¶ 33, 58.)

28

- 1 -

1

## ARGUMENT

2    "A party that intends in good faith to deny only part of an allegation must admit the part

3  that is true and deny the rest." Fed. R. Civ. Proc. 8(b)(4). "An allegation . . . is admitted if a

4  responsive pleading is required and the allegation is not denied." Fed. R. Civ. Proc. 8(b)(6); *Alden*

5  *v. U.S.*, No. C-88-4306 SBA, 1994 WL 722743, at *4 (N.D. Cal. Sept. 13, 1994) (finding admitted

6  allegations that were not expressly denied in an answer) (quoting *Legal Aid Soc'y of Alameda*

7  *County v. Granny Goose Foods*, 608 F.2d 1319, 1334 (9th Cir. 1979) ("The allegations are to be

8  admitted since not denied.")). A failure to deny an allegation in an answer is a judicial admission,

9  "which ha[s] the effect of withdrawing a fact from issue and dispensing wholly with the need for

10  proof of the fact." *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). Judicial

11  admissions are "conclusively binding on the party who made them." *Id.*

12    By failing[1] to deny certain allegations in paragraphs 33, and 58, Plaintiffs admitted certain

13  of these allegations, and these admitted allegations are binding on Defendants.

14    In response to the allegations contained in Paragraph 33 of the FAC, Defendants fail to

15  deny that "an SVSP licensed clinical social worker [] reported the incident to Defendant Raul

16  Machuca." (Dkts. 118 ¶ 33, 168 ¶ 33.) Defendants also fail to deny that "Raul Machuca reported

17  the allegation to Defendant Salazar." (Dkts. 118 ¶ 33, 168 ¶ 33.) Finally, Defendants fail to deny

18  that Powell "told Parrish 'Sergeant Machuca said he already told you next time you expose

19  yourself, you're getting fucked up, so you got an ass-kicking coming.'" (Dkts. 118 ¶ 33, 168 ¶ 33.)

20  Accordingly, these allegations are admitted.

21    In response to the allegations contained in Paragraph 58 of the FAC, Defendants fail to

22  deny that "correctional staff also searched and made a complete written inventory of ***all*** of

23  Parrish's possessions, which were then placed in storage in a SVSP warehouse." (Dkts. 118 ¶ 58,

24  168 ¶ 58.) (emphasis added). Accordingly, this allegation is deemed admitted.

25

26

_____

27    [1] Defendants obviously know how to deny all or part of a charging
paragraph in the FAC; they did so numerous times.  *See e.g.*, (Dkt. 168, ¶¶ 1, 20, 32,

28  54, 57.)

1

## CONCLUSION

2    For the foregoing reasons, Parrish asks this Court to enter an order prohibiting Defendants

3 from introducing testimony, evidence and argument related to facts that are deemed admitted due

4 to Defendants failure to deny Plaintiff's allegations in their Answer to Plaintiff's FAC.

5

6  Dated:  November 6, 2014

7

8                                       By:___/s/ William J. Casey_____
                                            William Casey
9                                           Attorneys for Plaintiff
                                            KAHEAL PARRISH

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>CERTIFICATE OF SERVICE</u>

2

      I am employed in the county of Santa Clara, State of California.  I am over the age of 18 and not a party to the within action; my business address is 525 University Avenue, Suite 1400, Palo Alto, CA 94301.

3

4

      On November 6, 2014 I served the foregoing document described as:

5

**PLAINTIFF'S MOTION *IN LIMINE* NO. 2**

6

on the interested parties in this action as follows:

7

      **D. Robert Duncan II, Esq.**
      **Sharon Garske**

8

      **Deputy Attorney General**
      **455 Golden Gate Avenue, Suite 11000**

9

      **San Francisco, CA  94102-7004**

10

[X]  (BY EMAIL) I am readily familiar with the firm's practice of email transmission; on this date, I caused the above-referenced document(s) to be transmitted by email as noted above and that the transmission was reported as complete and without error.

11

12

[ ]  (BY MAIL) I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service and the fact that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Palo Alto, California and placed for collection and mailing following ordinary business practices.

13

14

15

16

[ ]  (BY FEDERAL EXPRESS) I am readily familiar with the firm's practice for the daily collection and processing of correspondence for deliveries with the Federal Express delivery service and the fact that the correspondence would be deposited with Federal Express that same day in the ordinary course of business; on this date, the above-referenced document was placed for deposit at Palo Alto, California and placed for collection and delivery following ordinary business practices.

17

18

19

      I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

20

21

      Executed November 6, 2014 at Palo Alto, California.

22

23

                           /s/ Wayne Campbell
                             Wayne Campbell

24

25

26

27

28

