1  KAMALA D. HARRIS
   Attorney General of California
2  DANIELLE F. O'BANNON
   Supervising Deputy Attorney General
3  D. ROBERT DUNCAN
   Deputy Attorney General
4  SHARON A. GARSKE
   Deputy Attorney General
5  ELLIOTT T. SEALS
   Deputy Attorney General
6  State Bar No. 277491
    455 Golden Gate Avenue, Suite 11000
7   San Francisco, CA  94102-7004
    Telephone:  (415) 703-1640
8  Fax:  (415) 703-5843
    E-mail:  Elliott.Seals@doj.ca.gov
9  *Attorneys for Defendants Salazar, Sanudo, Powell,*
   *R. Machuca, A. Machuca and Haldeman*

10

11              IN THE UNITED STATES DISTRICT COURT

12            FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                      SAN JOSE DIVISION

14

15

16 | **KAHEAL PARRISH,** | C 11-1438 LHK |

   Plaintiff,

17                                **DEFENDANTS' OPPOSITION TO
                                   PLAINTIFF'S MOTION *IN LIMINE*
                                   NUMBER 1**
      v.
18
                                 Date:          November 20, 2014
19 **A. SOLIS, et al.,**         Time:          1:30 p.m.
                                 Courtroom:     8
20            Defendants.        Judge:         The Honorable Lucy H. Koh
                                 Trial Date:    December 5, 2014
21                               Action Filed:  March 11, 2011

22

23

24

25

26

27

28

                                 1

**INTRODUCTION**

Plaintiff Parrish moves for an order "prohibiting Defendants from introducing evidence at trial related to Parrish's past criminal trials, convictions, and sentences related to the past criminal trials, convictions, and sentences of inmate witnesses." (Pl.'s Mot. Limine No. 1, at 5, ECF No. 250.)  Under Federal Rule of Evidence 609(a), evidence of a non-defendants' criminal conviction, punishable by imprisonment for more than one year, must be admitted, subject to Rule 403, for the purpose of attacking a witness's character for truthfulness.  In this case, many of Parrish's allegations rely solely on his testimony and that of inmate witnesses.  Accordingly, evidence regarding their character for truthfulness is highly relevant and should be admitted under Rule 609(a).  In addition, the risk of unfair prejudice is minimal because the incidents at issue in this lawsuit occurred in prison and as a result the jury will know that Parrish and any inmate witnesses were convicted of a crime.  Thus, Plaintiff's motion *in limine* number one should be denied.

**ARGUMENT**

Federal Rule of Evidence 609(a), requires that evidence of a non-defendants' criminal conviction, punishable by imprisonment for more than one year, be admitted, subject to Rule 403, for the purpose of attacking a witness's character for truthfulness.  Fed. R. Evid. 609(a). Although the Federal Rules place a limit on the use of evidence for convictions that are more than ten-years old, the ten-year clock does not start until "the witness's release from any physical confinement, or in the absence of confinement, the date of the conviction."  *United States v. Rogers,* 542 F.3d 197, 201 (7th Cir. 2008).  Thus, Parrish and other inmate witness's convictions and sentences are relevant under Rule 609(a).

**I.     PRIOR CONVICTIONS ARE RELEVANT TO PARRISH AND INMATE WITNESS'S CHARACTER FOR TRUTHFULNESS.**

Relevant evidence is evidence having any tendency to make a fact that is of consequence in determining the action more or less probable than it would be without the evidence.  Fed. R. Evid. 401.  All relevant evidence is admissible.  Fed. R. Evid. 402.  But, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the

2

1    following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time,

2    or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

3        Because Rule 403 requires the exclusion of relevant evidence, it is an extraordinary

4    measure that should be used sparingly.  *United States v. Pace*, 10 F.3d 1106, 1115-16 (5th Cir.

5    1993).  When conducting this balancing test, courts take into account factors such as "the nature

6    of the convictions, the time that has elapsed since conviction, the importance of credibility to the

7    underlying claim, and the potential for prejudice from admitting the convictions."  *Clem v. Lomeli*,

8    2007 WL 2688842, at * 2 (E.D. Cal., 2007)(quoting *Tabron v. Grace*, 898 F. Supp. 293, 295

9    (M.D. Pa. 1995).

10       Many of Parrish's allegations in this matter rely heavily on his testimony and the testimony

11   of inmate witnesses.  Accordingly, Parrish and other inmate witness's character for truthfulness is

12   probative.  Courts have recognized that any felony conviction, including murder, involves

13   disrespect for the law which has some impact on credibility.  *Clem*, 2007 WL 2688842 at * 2 n.5.

14   And evidence of a murder conviction says something far different about a witness's credibility

15   than evidence of conviction of a minor drug offense.  *United States v. Burston*, 159 F.3d 1328,

16   1335 (11th Cir. 1998).

17       Evidence of Parrish's murder conviction, without discussion of the details underlying the

18   conviction, does not prejudice Parrish.  And, the probative value of Parrish's murder conviction,

19   and his term of life without the possibility of parole, outweighs any danger of unfair prejudice.

20   The jury will know that Parrish and other inmate witnesses are prisoners who were housed at

21   Salinas Valley State Prison.  Because this information will already be known to the jury, it is

22   unlikely that hearing about Parrish's conviction offenses would increase the prejudice of the jury.

23   Most likely, the jury will already suspect that Parrish was convicted of a serious crime.  As such,

24   Defendants contend that disclosure of Parrish and other inmate witness's conviction offenses does

25   not rise to the level of unfair prejudice.

26

27

28

**CONCLUSION**

Given Defendants' limited use of evidence regarding Parrish and other inmate witness's conviction offenses, Parrish's motion to exclude this evidence should be denied.

Dated:  November 10, 2014

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
DANIELLE F. O'BANNON
Supervising Deputy Attorney General

*/s/ Elliott T. Seals*
ELLIOTT T. SEALS
Deputy Attorney General
*Attorneys for Defendants*

SF2011201829
41128020.doc

4

# CERTIFICATE OF SERVICE

Case Name:   **K. Parrish v. A. Solis, et al.**          No.    **C 11-1438 LHK**

I hereby certify that on <u>November 10, 2014</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NUMBER 1**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>November 10, 2014</u>, at San Francisco, California.

<table>
<tr><td>L. Santos</td><td>/s/ L. Santos</td></tr>
<tr><td>Declarant</td><td>Signature</td></tr>
</table>

41128899.doc