KAMALA D. HARRIS
Attorney General of California
DANIELLE F. O'BANNON
Supervising Deputy Attorney General
SHARON A. GARSKE
ELLIOTT T. SEALS
D. ROBERT DUNCAN
Deputy Attorney General
State Bar No. 161918
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5739
 Fax:  (415) 703-5843
 E-mail:  Robert.Duncan@doj.ca.gov
*Attorneys for Defendants*
*Salazar, Sanudo, Powell, R. Machuca, A. Machuca,*
*and Haldeman*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **KAHEAL PARRISH,**<br><br>Plaintiff,<br><br>v.<br><br>**A. SOLIS, et al.,**<br><br>Defendants. | C 11-1438 LHK<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2**<br><br>Date:         November 20, 2014<br>Time:        1:30 p.m.<br>Courtroom: 8<br>Judge:       The Honorable Lucy H. Koh<br>Trial Date: December 5, 2014<br>Action Filed: March 11, 2011 |

## INTRODUCTION

Plaintiff Kaheal Parrish (Parrish) moves to exclude testimony, evidence, and argument related to allegations that he contends were not sufficiently denied in Defendants' Answer. Defendants maintain that they properly denied Parrish's allegations that: (1) Powell threatened him and (2) that a complete written inventory of his property was prepared before he went out to court. Defendants contend that Parrish's motion is moot is as to the remaining allegations that a

1

licensed clinical social worker informed Defendant Raul Machuca about Parrish's indecent exposure and Raul Machuca told Defendant Salazar because Defendants Raul Machuca and Salazar testified in their depositions that this occurred.

## ARGUMENT

### I. DEFENDANTS' ANSWER DENIED THAT POWELL THREATENED HIM.

"Defendants deny that Defendant Powell threatened Plaintiff." (Defs.' Answer ¶ 33, ECF No. 168.) Parrish maintains that this is an insufficient denial of his allegation that Defendant Powell told Parrish "Sergeant Machuca said he already told you next time you expose yourself, you're getting fucked up, so you got an ass-kicking coming." (Pl.'s Mot. In Limine No. 2, 2:17-19, ECF No. 251.) Defendants disagree.

Parrish argues that Defendants denied only certain allegations in paragraph 33 of his amended complaint and therefore admitted the remaining allegations. (*Id*. 2:12-13.) But Defendants specifically denied that Powell threatened Parrish. (Defs.' Answer ¶ 33.) "A denial must fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2). And Defendants have done this. Defendants' denial that Powell threatened Parrish fairly responded to the substance of the allegation that Powell told Parrish "Sergeant Machuca said he already told you next time you expose yourself, you're getting fucked up, so you got an ass-kicking coming." There is no requirement that Defendants specifically deny each word of an alleged threat.

### II. DEFENDANTS' ANSWER DENIED THAT A THOROUGH SEARCH AND INVENTORY OF PARRISH'S PROPERTY OCCURRED BEFORE HE WENT OUT TO COURT.

"Defendants deny that Plaintiff's property was thoroughly searched and inventoried." (Defs.' Answer ¶ 58.) Parrish argues that Defendants denial is insufficient to deny that "correctional staff also searched and made a complete written inventory of all of Parrish's possessions, which were then placed in storage in SVSP warehouse." (Pl.'s Mot. In Limine No. 2, 2:21-24.) Contrary to Parrish's allegation, Defendants' denial that Plaintiff's property was thoroughly searched and inventoried does deny the substance of the allegation that "correctional staff also searched and made a complete written inventory of all of Parrish's possessions." *See* Fed. R. Civ. P. 8(b)(2).

2

Defs.' Opp'n to Pl.'s Mot. Limine No. 2                                      *Parrish v. Solis, et al.* (C 11-1438 LHK)

"Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Parrish's technical scrutiny of Defendants' answer is inappropriate and would not serve justice.

### III. PARRISH'S MOTION AS TO THE REMAINING ALLEGATIONS IS MOOT.

Parrish notes that Defendants did not deny that on June 11, 2010 a licensed clinical social worker reported Parrish's indecent exposure to Defendant Raul Machuca. (Pl.'s Mot. In Limine No. 2, 2:14-16.) Parrish also notes that Defendants failed to deny that Defendant Raul Machuca reported Parrish's indecent exposure to Defendant Salazar. (*Id.* 2:16-17.) But Defendants admit that Defendant Raul Machuca testified in his deposition that he learned about Parrish's indecent exposure from Clinical Social Worker Waszczuk and then reported the incident to Defendant Salazar. And Defendants admit that Defendant Salazar testified that Raul Machuca told him about Parrish's indecent exposure. Thus, Parrish's motion to exclude testimony, evidence, or argument to the contrary is moot.

### CONCLUSION

Defendants requests that this Court deny Parrish's motion to exclude evidence because Defendants' answer sufficiently denies Parrish's allegations that Powell threatened him and a complete written inventory of his property was prepared before he went out to court. As to the remaining allegations, Parrish's motion is moot. Defendants testified that Clinical Social Worker Waszczuk informed Defendant Raul Machuca about Parrish's indecent exposure and Raul Machuca told Defendant Salazar.

Dated: November 10, 2014

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
DANIELLE F. O'BANNON
Supervising Deputy Attorney General

*/s/ D. Robert Duncan*
D. ROBERT DUNCAN
Deputy Attorney General
*Attorneys for Defendants Salazar, Sanudo, Powell, R. Machuca, A. Machuca, and Haldeman*

SF2011201829/41128266.doc

3

Defs.' Opp'n to Pl.'s Mot. Limine No. 2     *Parrish v. Solis, et al.* (C 11-1438 LHK)

# CERTIFICATE OF SERVICE

Case Name:   **K. Parrish v. A. Solis, et al.**          No.   **C 11-1438 LHK**

I hereby certify that on November 10, 2014, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on November 10, 2014, at San Francisco, California.

|  L. Santos  |  /s/ L. Santos  |
|:-:|:-:|
| Declarant | Signature |

41128874.doc