KAMALA D. HARRIS
Attorney General of California
DANIELLE F. O'BANNON
Supervising Deputy Attorney General
D. ROBERT DUNCAN
Deputy Attorney General
SHARON A. GARSKE
Deputy Attorney General
ELLIOTT T. SEALS
Deputy Attorney General
State Bar No. 277491
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-1640
 Fax:  (415) 703-5843
 E-mail:  Elliott.Seals@doj.ca.gov
*Attorneys for Defendants Salazar, Sanudo, Powell, R. Machuca, A. Machuca, and Haldeman*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **KAHEAL PARRISH,**<br><br>                                    Plaintiff,<br><br>    v.<br><br>**A. SOLIS, et al.,**<br><br>                                    Defendants. | C 11-1438 LHK<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NUMBER 5**<br><br>Date:            November 20, 2014<br>Time:           1:30 p.m.<br>Courtroom:  8<br>Judge:          The Honorable Lucy H. Koh<br>Trial Date:   December 5, 2014<br>Action Filed: March 11, 2011 |

1

Defs.' Opp. Pl.'s Mot. Limine No. 5  (C 11-1438 LHK)

## INTRODUCTION

Plaintiff Parrish moves for an order *in limine* to limit the expert testimony of Steven Borg. Borg is qualified to provide expert testimony based on his twenty-seven years of experience in the correctional field. This experience makes him familiar with the culture of prisons, how inmates and staff react in various prison settings, and the application of the policies and procedures of the California Department of Corrections and Rehabilitation (CDCR). Parrish's motion requests that Borg's testimony be limited to exclude opinions concerning credibility.

This motion should be denied because Borg's testimony will assist the jury in understanding the appropriate amount of force that may be used in a correctional setting, and the reasons force may be used under the applicable CDCR policies. Borg's opinions are based on the facts of the case and do not rely on a determination of witness credibility. Parrish is free to make objections at trial, but Borg's report and deposition testimony do not indicate that a pretrial order is necessary. Consequently, Parrish's motion *in limine* number 5 should be denied.

## ARGUMENT

Expert testimony is admissible if it is both relevant and reliable. *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993); Fed. R. Evid. 702. Peace officer experts are common practice in cases involving allegations of misconduct. *See e.g. Larez v. City of Los Angeles,* 946 F.2d 630, 635 (9th Cir.1991) (discussing trial testimony of police practices expert witness); *Smith v. City of Hemet,* 394 F.3d 689, 703 (9th Cir.2005) (en banc) (finding that jury may rely on expert testimony in determining "whether the officers' use of force was unreasonable"); *Bates v. King County,* 2007 WL 1412889, at *3 (W.D.Wash.2007) (admitting police practices expert because "testimony from an experienced law enforcement professional would assist the jury in understanding whether a particular officer exerted excessive force. The proper response of a police department to complaints about excessive force used by officers is also not common knowledge. Expert testimony concerning the proper response would help the jury to understand the facts and make an informed decision as to the department's actions"). Expert testimony may be based on "facts or data in the case that the expert has been made aware

2

Defs.' Opp. Pl.'s Mot. Limine No. 5  (C 11-1438 LHK)

of," and it may express an opinion on an ultimate issue to be decided by a jury.  Fed. R. Evid. 703; Fed. R. Evid. 704.

Borg's testimony and expert report provide helpful analysis of the facts in this case based on his experience with prison culture and CDCR policies.  Parrish argues that many of his opinions provide improper determinations of witness credibility.  (Pl.'s Mot. Limine No. 5, ECF No. 254.)  But Borg's testimony appropriately analyzes different versions of facts provided by different witnesses in accordance with his experience.  Borg does not make improper credibility determinations; rather, he bases his opinions on the facts in the case as is proper under Rule 703.

For example, Parrish takes issue with Borg's opinion that "Plaintiff's claim is an attempt to blame his bad behavior on whatever or whoever he claims scared him, rather than on his own decision." (ECF No. 254 at 3.)  But the full section of Borg's report is clear that this opinion is not based on the credibility of Parrish's statements but on Borg's application of his correctional expertise to the fact that Parrish covered up his cell windows after allegedly hearing a threat. (Casey Decl., Ex. A at 20, ECF No. 254-2.)

Parrish also finds fault in Borg's opinion that Parrish's claim about being pepper sprayed is "bizarre and inexplicable."  But the next sentence of Borg's report clearly cites the facts supporting this opinion.  This opinion does not infringe on the jury's province of determining witness credibility because it applies Borg's expertise to the facts surrounding Parrish's claim.  Borg found this claim by Parrish to be inexplicable not because he did not find Parrish credible, but because "correctional staff are trained to use pepper spray and are trained that OC does not have the desired effect unless it is applied to the mucus membranes of the eyes, nose, and/or mouth." (*Id.* at 21.)  Accordingly, this opinion is also proper under Rule 703.

Parrish's motion cites many more quotes from Borg's report and deposition but they all fail to indicate a likelihood that Borg will offer inappropriate testimony at trial.  Borg's opinions are based on the facts of the case and are not based on his determinations of witness credibility.  Accordingly, Parrish's motion *in limine* number 5 should be denied.

3

Defs.' Opp. Pl.'s Mot. Limine No. 5  (C 11-1438 LHK)

**CONCLUSION**

The Court should deny Parrish's motion *in limine* number 5 to limit expert witness Borg's testimony because his opinions regarding how his experiences apply to the facts of the case are relevant to assisting the jury in understanding whether the Defendant correctional officers' actions were appropriate. Furthermore, Borg's expert report and deposition testimony do not indicate a likelihood that he will express opinions of witness credibility. Accordingly, Parrish's motion *in limine* number 5 should be denied.

Dated:  November 10, 2014

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
DANIELLE F. O'BANNON
Supervising Deputy Attorney General

*/s/ Elliott T. Seals*
ELLIOTT T. SEALS
Deputy Attorney General
*Attorneys for Defendants*

SF2011201829
41128311.doc

4

Defs.' Opp. Pl.'s Mot. Limine No. 5  (C 11-1438 LHK)

# CERTIFICATE OF SERVICE

Case Name:   **K. Parrish v. A. Solis, et al.**   No.   C 11-1438 LHK

I hereby certify that on November 10, 2014, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NUMBER 5**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on November 10, 2014, at San Francisco, California.

| L. Santos | /s/ L. Santos |
|---|---|
| Declarant | Signature |

41128913.doc