UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KAHEAL PARRISH, | Case No.: 11-CV-01438-LHK |
| Plaintiff, | |
| v. | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR REIMBURSEMENT |
| A. SOLIS, et al., | |
| Defendants. | |

On December 12, 2014, pro bono counsel for Plaintiff Kaheal Parrish ("Counsel") requested reimbursement for costs incurred as a result of Counsel's pro bono representation of Mr. Parrish, pursuant to 28 U.S.C. § 1915(c)(1) and the Court's Federal Pro Bono Project Guidelines ("Guidelines"). The Guidelines and the Court's General Order No. 25 permit reimbursement of costs incurred by pro bono counsel that the court determines are reasonable and necessary, up to a maximum of $15,000. *See, e.g.*, General Order No. 25.[1] Here, Counsel requests reimbursement for $16,626.51. In addition, General Order No. 25 requires that pro bono counsel seek the trial judge's approval prior to incurring a single expense of at least $1,000. *See id*. Counsel did not do so here. Nevertheless, the Court has considered the entirety of Counsel's request for reimbursement, and finds that Counsel's expenses were reasonable and necessary, except as noted below.

Counsel requests reimbursement of $709.17 in lodging and meal expenses for James Esten,

---

[1] Available at http://www.cand.uscourts.gov/generalorders.

1
Case No.: 11-CV-01438-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR REIMBURSEMENT

an expert witness. Counsel did not provide invoices in support of these expenses. Counsel also requests reimbursement of $40 in bell charges for Mr. Esten. Counsel similarly did not provide invoices in support of this expense. Accordingly, the Court denies Counsel's request for reimbursement of $749.17 in connection with Mr. Esten's travel expenses.

Counsel also requests reimbursement for Mr. Esten spending two hours and fifteen minutes to "[d]ownload all e-mail correspondence re[:] Parrish case." At Mr. Esten's hourly rate of $175, this resulted in a charge of $393.75. The Court finds that this expense is not reasonable, and therefore denies Counsel's request for reimbursement of $393.75.

In addition, Counsel requests reimbursement for Mr. Esten spending twenty-seven hours to "[r]eview multiple deposition transcripts"; "[h]ighlight important sections, make notations by page and line for future use at deposition and/or trial"; "[r]esearch areas of concern"; and "organize materials for use at my deposition." This resulted in a total charge of $4,725. The Court finds that twenty-seven hours is not a reasonable amount of time for Mr. Esten to bill for these tasks. Based on the description of activities supplied in Mr. Esten's invoice, the Court finds that twenty-four hours, i.e. three hours less than Mr. Esten billed, is a reasonable amount of time to spend on these tasks. Accordingly, the Court reduces Counsel's request for reimbursement by $525.

Finally, Counsel requests reimbursement for $30.62 in postage for mailings to Beth Quintana, Laurie Small, and Charles Austin Lyons. Counsel's invoice does not detail why these individuals are connected to Counsel's pro bono representation. Accordingly, the Court denies Counsel's request for reimbursement of $30.62 in postage.

In summary, the Court denies Counsel's request for reimbursement of $1,698.54 in costs. Counsel's request for reimbursement, now reduced to $14,927.97, is otherwise approved.

**IT IS SO ORDERED.**

Dated: December 30, 2014

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

2

Case No.: 11-CV-01438-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR REIMBURSEMENT